APPEAL

# U.S. Bankruptcy Court
## Northern District of Illinois (Eastern Division)
### Bankruptcy Petition #: 19-04081
#### Internal Use Only

*Assigned to:* Honorable Judge Carol A. Doyle
Chapter 13
Voluntary
Asset

| | |
|---:|:---|
| *Date filed:* | 02/15/2019 |
| *Plan confirmed:* | 06/04/2019 |
| *341 meeting:* | 04/17/2019 |
| *Deadline for filing claims:* | 04/26/2019 |
| *Deadline for filing claims (govt.):* | 08/14/2019 |

*Debtor 1*                                           represented by **Angelica Harb**
**Kevin Scott**                                             Hinds Law LLC
15035 Evers St.                                          211 W Wacker Dr Suite 321
Dolton, IL 60419                                        Chicago, IL 60606
COOK-IL                                                   800-695-7674
SSN / ITIN: 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                            Email: aharb@firstamericalaw.com

*Trustee*
**Tom Vaughn**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
312 294-5900
*TERMINATED: 11/27/2020*

*Trustee*
**M.O. Marshall**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
312 294-5900
*TERMINATED: 09/30/2021*

*Trustee*
**Thomas H. Hooper**
Office of the Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Suite 3850
Chicago, IL 60603
312-294-5900

*U.S. Trustee*
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

312-886-5785

| Filing Date | # | Docket Text |
|---|---|---|
| 02/15/2019 | 1<br>(65 pgs; 2 docs) | Chapter 13 Voluntary Petition for an Individual Fee Amount $310, Filed by Angelica Harb on behalf of Kevin Scott Chapter 13 Plan due by 03/1/2019. (Attachments: # 1 Signature Pages) (Harb, Angelica) (Entered: 02/15/2019) |
| 02/15/2019 | 2<br>(6 pgs) | Chapter 13 Plan and (1) Request(s) for Valuation of Security Filed by Angelica Harb on behalf of Kevin Scott. (Harb, Angelica) (Entered: 02/15/2019) |
| 02/15/2019 | 3<br>(5 pgs) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years (Form 122C-1) Disposable Income Is Not Determined Filed by Angelica Harb on behalf of Kevin Scott. (Harb, Angelica) (Entered: 02/15/2019) |
| 02/15/2019 | 4<br>(1 pg) | Statement About Your Social Security Numbers Filed by Angelica Harb on behalf of Kevin Scott. (Harb, Angelica) (Entered: 02/15/2019) |
| 02/15/2019 | 5<br>(1 pg) | Certificate of Credit Counseling Filed by Angelica Harb on behalf of Kevin Scott. (Harb, Angelica) (Entered: 02/15/2019) |
| 02/15/2019 | 6 | Receipt of Voluntary Petition (Chapter 13)(19-04081) [misc,volp13a] ( 310.00) Filing Fee. Receipt number 39096227. Fee Amount $ 310.00 (re:Doc# 1) (U.S. Treasury) (Entered: 02/15/2019) |
| 02/15/2019 | 7 | Meeting of Creditors with 341(a) meeting to be held on 03/21/2019 at 01:00 PM at 55 East Monroe Street, Suite 3850, Chicago, Illinois 60603. Confirmation hearing to be held on 04/16/2019 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. Proof of Claim due by 04/26/2019. Government Proof of Claim due by 08/14/2019. Objection to Dischargeability due by 05/20/2019. (Harb, Angelica) (Entered: 02/15/2019) |
| 02/19/2019 | 8<br>(2 pgs) | Notice of Chapter 13 Bankruptcy Case . (Armstead, Cynthia) (Entered: 02/19/2019) |
| 02/21/2019 | 9<br>(3 pgs) | BNC Certificate of Notice - Meeting of Creditors. (RE: 8 Notice of Chapter 13 Bankruptcy Case). No. of Notices: 11. Notice Date 02/21/2019. (Admin.) (Entered: 02/21/2019) |
| 02/21/2019 | 10<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: 2 Chapter 13 Plan/Amended Plan). No. of Notices: 15. Notice Date 02/21/2019. (Admin.) (Entered: 02/21/2019) |
| 03/04/2019 | 11<br>(1 pg) | Personal Financial Management Course for Debtor. (Hamblin, Erin) (Entered: 03/04/2019) |

| Date | Doc # | Description |
|---|---|---|
| 03/06/2019 | 🔵 12 (14 pgs; 2 docs) | Notice of Motion and Application for Compensation for Michelle K Hinds, Debtor's Attorney, Fee: $4000.00, Expenses: $0.00. Filed by Michelle K Hinds. Hearing scheduled for 4/16/2019 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Hinds, Michelle) (Entered: 03/06/2019) |
| 03/10/2019 | 🔵 13 (3 pgs) | **Docketed on Wrong Case** Appearance Filed by Paul M Bach on behalf of Newline Holdings LLC. (Bach, Paul) Modified on 3/12/2019 (Sullivan, Elizabeth). (Entered: 03/10/2019) ℹ️ |
| 03/10/2019 | 🔵 14 (1 pg) | Appearance Filed by Paul M Bach on behalf of Newline Holdings LLC. (Bach, Paul) (Entered: 03/10/2019) ℹ️ |
| 03/11/2019 | 🔵 15 (13 pgs; 4 docs) | Objection to Confirmation of Plan Filed by Paul M Bach on behalf of Newline Holdings LLC (RE: 2 Chapter 13 Plan/Amended Plan). (Attachments: # 1 Proposed Order # 2 Chapter 13 Plan # 3 Certificate of Purchase)(Bach, Paul) (Entered: 03/11/2019) |
| 03/11/2019 | 🔵 16 (2 pgs) | Notice of Filing Filed by Paul M Bach on behalf of Newline Holdings LLC (RE: 15 Objection to Confirmation of the Plan). (Bach, Paul) (Entered: 03/11/2019) |
| 03/12/2019 | 🔵 17 | CORRECTIVE ENTRY: Docketed on Wrong Case (RE: 13 Appearance). (Sullivan, Elizabeth) (Entered: 03/12/2019) |
| 03/22/2019 | 🔵 18 | Meeting of Creditors Not Held (Vaughn, Tom) (Entered: 03/22/2019) |
| 03/22/2019 | 🔵 19 (2 pgs; 2 docs) | Notice of Motion and Motion to Dismiss Debtor for Unreasonable Delay Filed by Tom Vaughn Hearing scheduled for 4/16/2019 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Vaughn, Tom) (Entered: 03/22/2019) |
| 03/26/2019 | 🔵 20 (3 pgs) | Notice of Continued Meeting of Creditors Filed by Angelica Harb on behalf of Kevin Scott. 341(a) meeting to be held on 4/17/2019 at 02:30 PM at 55 East Monroe Street, Suite 3850, Chicago, Illinois 60603. (Harb, Angelica) (Entered: 03/26/2019) |
| 04/16/2019 | 🔵 21 | (E)Confirmation Hearing Continued. Confirmation Hearing to be held on 05/07/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 04/16/2019. (Boyd, Shante) (Entered: 04/16/2019) |
| 04/16/2019 | 🔵 22 | (E)Hearing Continued (RE: 19 Dismiss Case for Other Reasons). hearing scheduled for 05/07/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 04/16/2019. (Boyd, Shante) (Entered: 04/16/2019) |

| | | |
|---|---|---|
| 04/16/2019 | 23 | (E)Hearing Continued (RE: 12 Compensation WITH Notice of Motion). hearing scheduled for 05/07/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 04/16/2019. (Boyd, Shante) (Entered: 04/16/2019) |
| 04/18/2019 | 24 | Meeting of Creditors Held (Vaughn, Tom) (Entered: 04/18/2019) |
| 05/02/2019 | 25 (6 pgs) | Amended Chapter 13 Plan and (1) Request(s) for Valuation of Security Filed by Angelica Harb on behalf of Kevin Scott. (Harb, Angelica) (Entered: 05/02/2019) |
| 05/02/2019 | 26 (13 pgs; 2 docs) | Amended Schedules A / B,C,I,J,with Declaration Filed by Angelica Harb on behalf of Kevin Scott. (Attachments: # 1 Signature Pages) (Harb, Angelica) (Entered: 05/02/2019) |
| 05/03/2019 | 27 (3 pgs) | Certificate of Service Filed by Angelica Harb on behalf of Kevin Scott (RE: 25 Chapter 13 Plan/Amended Plan). (Harb, Angelica) (Entered: 05/03/2019) |
| 05/07/2019 | 28 | (E)Confirmation Hearing Continued. Confirmation Hearing to be held on 05/21/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 05/07/2019. (Nelson, Freddie) (Entered: 05/07/2019) |
| 05/07/2019 | 29 | (E)Hearing Continued (RE: 19 Dismiss Case for Other Reasons). hearing scheduled for 05/21/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 05/07/2019. (Nelson, Freddie) (Entered: 05/07/2019) |
| 05/07/2019 | 30 | (E)Hearing Continued (RE: 12 Compensation WITH Notice of Motion). hearing scheduled for 05/21/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 05/07/2019. (Nelson, Freddie) (Entered: 05/07/2019) |
| 05/21/2019 | 31 (2 pgs; 2 docs) | Notice of Motion and Motion to Dismiss Debtor for Unreasonable Delay Filed by Tom Vaughn Hearing scheduled for 6/4/2019 at 10:30 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Vaughn, Tom) (Entered: 05/21/2019) |
| 05/21/2019 | 32 | (E)Confirmation Hearing Continued. Confirmation Hearing to be held on 06/04/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 05/21/2019. (McGee, Kimberly) (Entered: 05/21/2019) |
| 05/21/2019 | 33 | (E)Hearing Continued (RE: 19 Dismiss Case for Other Reasons). hearing scheduled for 06/04/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 05/21/2019. (McGee, Kimberly) (Entered: 05/21/2019) |
| 05/21/2019 | 34 | (E)Hearing Continued (RE: 12 Compensation WITH Notice of Motion). hearing scheduled for 06/04/2019 at 10:30 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 05/21/2019. |

| | | (McGee, Kimberly) (Entered: 05/21/2019) |
|---|---|---|
| 06/04/2019 | 35 | (E)Order Withdrawing Trustee's Motion To Dismiss (Related Doc # 19). Signed on 06/04/2019. (Nelson, Freddie) (Entered: 06/04/2019) |
| 06/04/2019 | 36 | (E)Order Withdrawing Trustee's Motion To Dismiss (Related Doc # 31). Signed on 06/04/2019. (Nelson, Freddie) (Entered: 06/04/2019) |
| 06/04/2019 | | (private) Reopen Document (RE: 15 Objection to Confirmation of the Plan). (Cabrales, Claudia) (Entered: 06/04/2019) |
| 06/04/2019 | 37 (2 pgs) | Agreed Order Relief from Stay if Failure to Comply with Order . Signed on 6/4/2019 (Cabrales, Claudia) (Entered: 06/04/2019) |
| 06/04/2019 | 38 (1 pg) | Order Confirming Chapter 13 Plan (RE: 25 Chapter 13 Plan/Amended Plan). Signed on 6/4/2019 (Cabrales, Claudia) (Entered: 06/05/2019) |
| 06/04/2019 | 39 (1 pg) | Order Granting Application For Compensation (Related Doc # 12). Michelle K Hinds, fees awarded: $4000.00, expenses awarded: $0.00. Signed on 6/4/2019. (Cabrales, Claudia) (Entered: 06/05/2019) |
| 06/11/2019 | | (private) *** Statistics Reporting *** Motion for Valuation of Security (CM27). (RE: related document(s) 25 ) Chapter 13 Plan (admin) (Entered: 06/11/2019) |
| 06/11/2019 | | (private) Valuation Less Than Secured Amount (RE: Motion for Valuation of Security(CM27)). Signed on 06/11/2019 (AutoDocket) (Entered: 06/11/2019) |
| 08/08/2019 | 40 (2 pgs; 2 docs) | Notice of Motion and Motion to Dismiss Debtor Term of Plan Filed by Tom Vaughn Hearing scheduled for 9/3/2019 at 9:15 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Vaughn, Tom) (Entered: 08/08/2019) |
| 08/30/2019 | 41 (4 pgs; 2 docs) | Notice of Motion and Motion to Modify Plan Filed by Angelica Harb on behalf of Kevin Scott. Hearing scheduled for 9/24/2019 at 10:00 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Harb, Angelica) (Entered: 08/30/2019) |
| 09/03/2019 | 42 | (E)Hearing Continued (RE: 40 Dismiss Case for Other Reasons). hearing scheduled for 10/01/2019 at 10:00 AM at Courtroom 742 219 South Dearborn, Chicago, IL, 60604.. Signed on 09/03/2019. (Boyd, Shante) (Entered: 09/03/2019) |
| 09/24/2019 | 43 (1 pg) | Order Modifying Chapter 13 Plan (RE: 25 Chapter 13 Plan/Amended Plan, 41 Motion to Modify Plan). Signed on 9/24/2019 (Patterson, Carlos) (Entered: 09/25/2019) |
| 09/24/2019 | | (private) Terminate Objection to Plan - Plan Modified (RE: 15 Objection to Confirmation of the Plan). (Patterson, Carlos) (Entered: 09/25/2019) |

| | | |
|---|---|---|
| 10/01/2019 | 🌑 44 | (E)Order Withdrawing Trustee's Motion To Dismiss (Related Doc # 40). Signed on 10/01/2019. (Utter, Matthew) (Entered: 10/01/2019) |
| 10/18/2019 | 🌑 45 (7 pgs; 2 docs) | Transfer of Claim. Transferor: Santander Consumer USA, Inc. (Claim No. 1, Amount 9,074.43) To PERITUS PORTFOLIO SERVICES II, LLC/Wollemi Acquisitions Fee Amount $25 Filed by PERITUS PORTFOLIO SERVICES II, LLC/Wollemi Acquisitions. Objections due by 11/8/2019. (Yarbrough, Georgina) (Entered: 10/18/2019) 🛈 |
| 10/18/2019 | 46 | Receipt of Transfer of Claim(19-04081) [claims,trclm] ( 25.00) Filing Fee. Receipt number 40809086. Fee Amount $ 25.00 (re:Doc# 45) (U.S. Treasury) (Entered: 10/18/2019) |
| 10/23/2019 | 🌑 47 (2 pgs) | BNC Certificate of Notice - Notice to Assignor of Assignment of Claim (RE: 45 Transfer of Claim). No. of Notices: 2. Notice Date 10/23/2019. (Admin.) (Entered: 10/23/2019) |
| 11/26/2019 | 🌑 48 (3 pgs; 2 docs) | Transfer of Claim. Transferor: US Department of Education (Claim No. 5, Amount 27322.58) To ECMC Fee Amount $25 Filed by ECMC. Objections due by 12/17/2019. (Xiong-Men, Nu) (Entered: 11/26/2019) 🛈 |
| 11/26/2019 | 49 | Receipt of Transfer of Claim(19-04081) [claims,trclm] ( 25.00) Filing Fee. Receipt number 41081144. Fee Amount $ 25.00 (re:Doc# 48) (U.S. Treasury) (Entered: 11/26/2019) |
| 11/29/2019 | 🌑 50 (2 pgs) | BNC Certificate of Notice - Notice to Assignor of Assignment of Claim (RE: 48 Transfer of Claim). No. of Notices: 2. Notice Date 11/29/2019. (Admin.) (Entered: 11/29/2019) |
| 07/16/2020 | 🌑 51 (2 pgs; 2 docs) | Notice of Motion and Motion to Dismiss Debtor for Failure to Make Plan Payments Filed by Tom Vaughn Hearing scheduled for 8/25/2020 at 9:15 AM at Appear by Telephone. (Attachments: # 1 Proposed Order) (Vaughn, Tom) (Entered: 07/16/2020) |
| 08/25/2020 | 🌑 52 | (E)Hearing Continued (RE: 51 Dismiss for Failure to Make Plan Payments). Hearing scheduled for 09/22/2020 at 10:00 AM at Appear by Phone, Chicago, IL, 60604.. Signed on 08/25/2020. (Patterson, Carlos) (Entered: 08/25/2020) |
| 09/22/2020 | 🌑 53 | (E)Hearing Continued (RE: 51 Dismiss for Failure to Make Plan Payments). Hearing scheduled for 10/27/2020 at 10:00 AM at Appear by Phone, Chicago, IL, 60604.. Signed on 09/22/2020. (Patterson, Carlos) (Entered: 09/22/2020) |
| 10/27/2020 | 🌑 54 | (E)Hearing Continued (RE: 51 Dismiss for Failure to Make Plan Payments). Hearing scheduled for 12/01/2020 at 10:00 AM at Appear by Phone, Chicago, IL, 60604.. Signed on 10/27/2020. (Patterson, Carlos) (Entered: 10/27/2020) |
| 11/25/2020 | 🌑 55 (12 pgs; 3 docs) | Notice of Motion and Motion to Modify Plan Filed by Angelica Harb on behalf of Kevin Scott. Hearing scheduled for 12/22/2020 at 10:00 AM at Appear using Zoom for Government. (Attachments: # 1 Exhibit |

| | | |
|---|---|---|
| | | # 2 Proposed Order) (Harb, Angelica) (Entered: 11/25/2020) |
| 11/27/2020 | 57 | Appointment of Successor Chapter 13 Standing Trustee. Because of the death of Chapter 13 Standing Trustee Tom Vaughn, the United States Trustee has appointed Marilyn O. Marshall as successor trustee in all of Trustee Vaughn's pending cases, effective November 27, 2020. All of Trustee Vaughn's pending cases are transferred to Trustee Marshall. Under Bankruptcy Rule 2012(b), Trustee Marshall must prepare and file a separate accounting in each case within 30 days of the date of transfer. Each accounting must include a certificate of service and must be served on the debtor(s) and their attorney. Filed by U.S. Trustee Patrick S Layng (ilnbadi) (Entered: 12/02/2020) |
| 12/01/2020 | 56 | (E)Hearing Continued (RE: 51 Dismiss for Failure to Make Plan Payments,). Hearing Scheduled for 12/22/2020 at 10:00 AM at Appear using Government.. Signed on 12/01/2020. (Patterson, Carlos) (Entered: 12/01/2020) |
| 12/19/2020 | 58 (2 pgs) | Chapter 13 Standing Trustee FRBP 2012 Report Accounting of Prior Administration of Case with Certificate of Service. (Marshall, M.O.) (Entered: 12/19/2020) |
| 12/22/2020 | 59 | (E)Order Withdrawing Motion to Dismiss for Failure to Make Plan Payments (Related Doc # 51 ). Signed on 12/22/2020. (Patterson, Carlos) (Entered: 12/22/2020) |
| 12/22/2020 | 60 (1 pg) | Order Modifying Chapter 13 Plan (RE: 25 Chapter 13 Plan/Amended Plan, 55 Motion to Modify Plan). Signed on 12/22/2020 (Pilafov, Maria) (Entered: 12/23/2020) 🛈 |
| 07/16/2021 | 61 (1 pg) | Change of Address for Newline Holdings LLC. Payment Address changed to P.O. Box 8719, Carol Stream, Illinois 60197. Filed by Paul M. Bach on behalf of Newline Holdings LLC. (Bach, Paul) (Entered: 07/16/2021) |
| 08/10/2021 | 62 (15 pgs) | Notice of Failure to Comply with Order with Certificate of Service. Filed by Paul M. Bach on behalf of Newline Holdings LLC (RE: 37 Order Relief From Stay if Failure to Comply). (Bach, Paul) (Entered: 08/10/2021) |
| 08/23/2021 | 63 (10 pgs; 3 docs) | Notice of Motion and Motion to Reinstate Stay Filed by Angelica Harb on behalf of Kevin Scott. Hearing scheduled for 8/31/2021 at 09:30 AM at Appear Using Zoom for Government - Judge Doyle. (Attachments: # 1 Exhibit # 2 Proposed Order) (Harb, Angelica) (Entered: 08/23/2021) |
| 08/25/2021 | 64 (1 pg) | Notice of Objection Filed by Paul M. Bach on behalf of Newline Holdings LLC (RE: 63 Motion to Reinstate Stay). (Bach, Paul) (Entered: 08/25/2021) |
| 08/31/2021 | 65 | (E)Hearing Continued (RE: 63 Reinstate Stay). hearing scheduled for 09/14/2021 at 10:00 AM at Appear Using Zoom for Government - Judge Doyle.. Signed on 08/31/2021. (Patterson, Carlos) (Entered: 08/31/2021) |

| | | |
|---|---|---|
| 09/13/2021 | 🔵 **66**<br>(32 pgs; 4 docs) | Response to (related document(s): 63 Motion to Reinstate Stay) Filed by Paul M. Bach on behalf of Newline Holdings LLC (Attachments: # 1 Agreed Order # 2 Default Notice # 3 Notice of Modification of Automatic Stay) (Bach, Paul) (Entered: 09/13/2021) |
| 09/14/2021 | 🔵 **67**<br>(1 pg) | Order Scheduling (RE: 63 Motion to Reinstate Stay). Reply due by: 10/5/2021. Status/Ruling is continued to 10/19/2021 at 10:00 a.m. Signed on 9/14/2021 (Miller, Marvin) (Entered: 09/14/2021) 🛈 |
| 09/14/2021 | 🔵 68 | (E)Hearing Continued (RE: 63 Reinstate Stay). Hearing scheduled for 10/19/2021 at 10:00 AM at Appear Using Zoom for Government - Judge Doyle.. Signed on 09/14/2021. (Patterson, Carlos) (Entered: 09/14/2021) |
| 10/01/2021 | 🔵 69 | Appointment of Thomas Hooper as Chapter 13 Standing Trustee and reassignment of all pending cases for trustee M.O. Marshall (formerly Tom Vaughn cases) to trustee Thomas Hooper, effective October 1, 2021. Filed by U.S. Trustee Patrick S Layng (Entered: 10/01/2021) |
| 10/05/2021 | 🔵 **70**<br>(10 pgs; 2 docs) | Reply to (related document(s): 63 Motion to Reinstate Stay) Filed by Angelica Harb on behalf of Kevin Scott (Attachments: # 1 Exhibit) (Harb, Angelica) (Entered: 10/05/2021) |
| 10/17/2021 | 🔵 **71**<br>(2 pgs) | Chapter 13 Standing Trustee FRBP 2012 Report Accounting of Prior Administration of Case with Certificate of Service. (Hooper, Thomas) (Entered: 10/17/2021) |
| 10/19/2021 | 🔵 **72**<br>(2 pgs) | Order Scheduling: Newline Holdings LLC's sur-reply is due by 11/05/2021. Status/ruling is continued to 11/16/2021 at 10:00 a.m. (RE: 63 Motion to Reinstate Stay). Signed on 10/19/2021 (Miller, Marvin) (Entered: 10/19/2021) 🛈 |
| 10/19/2021 | 🔵 73 | (E)Hearing Continued (RE: 63 Reinstate Stay). hearing scheduled for 11/16/2021 at 10:00 AM at Appear Using Zoom for Government - Judge Doyle.. Signed on 10/19/2021. (Patterson, Carlos) (Entered: 10/19/2021) |
| 11/05/2021 | 🔵 **74**<br>(8 pgs; 2 docs) | Notice of Motion and Motion to Extend Time to file Sur Reply by November 9, 2021 Filed by Paul M. Bach on behalf of Newline Holdings LLC. Hearing scheduled for 11/16/2021 at 10:00 AM at Appear Using Zoom for Government - Judge Doyle. (Attachments: # 1 Proposed Order) (Bach, Paul) (Entered: 11/05/2021) |
| 11/09/2021 | 🔵 **75**<br>(7 pgs) | Sur Reply to (related document(s): 72 Order Scheduling) Filed by Paul M. Bach on behalf of Newline Holdings LLC (Bach, Paul) (Entered: 11/09/2021) |
| 11/16/2021 | 🔵 76 | (E)Hearing Continued (RE: 63 Reinstate Stay). Hearing scheduled for 11/30/2021 at 10:00 AM at Appear Using Zoom for Government - Judge Doyle.. Signed on 11/16/2021. (Patterson, Carlos) (Entered: 11/16/2021) |

| | | |
|---|---|---|
| 11/16/2021 | 77<br>(1 pg) | Order Granting Motion to Extend Time (Related Doc # 74). Sur-Reply due by: 9/9/2021. Signed on 11/16/2021. (Green, Ron) (Entered: 11/17/2021) |
| 11/22/2021 | 78<br>(12 pgs) | Order Granting Motion to Reinstate Stay (Related Doc # 63). Signed on 11/22/2021. (Miller, Marvin) (Entered: 11/22/2021) |
| 11/24/2021 | 79<br>(17 pgs; 3 docs) | Notice of Appeal to District Court. Filed by Paul M. Bach on behalf of Newline Holdings LLC. Fee Amount $298 (RE: 78 Order on Motion to Reinstate Stay). Appellant Designation due by 12/8/2021. Transmission of Record Due no later than 12/27/2021. (Attachments: # 1 Order granting the Debtor's Motion to Reinstate the Automatic Stay (Docket 78) # 2 District Court Cover Sheet)(Bach, Paul) (Entered: 11/24/2021) |
| 11/26/2021 | 80 | Receipt of Notice of Appeal( 19-04081) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A44159909. Fee Amount $ 298.00 (Bach, Paul) (re:Doc# 79) (U.S. Treasury) (Entered: 11/26/2021) |
| 11/29/2021 | 81<br>(1 pg) | Certificate of Service (RE: 79 Notice of Appeal). (Myers, Melissa) (Entered: 11/29/2021) |
| 11/29/2021 | 82 | Transmittal of Notice of Appeal to District Court (RE: 79 Notice of Appeal). (Myers, Melissa) (Entered: 11/29/2021) |
| 11/29/2021 | 83<br>(1 pg) | Notice of Docketing Notice of Appeal, to District Court . Case Number 21 cv 6346 Assigned to Judge: Mary M. Rowland (RE: 79 Notice of Appeal). (Myers, Melissa) (Entered: 11/29/2021) |
| 12/07/2021 | 84<br>(9 pgs) | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Paul M. Bach on behalf of Newline Holdings LLC. (RE: 79 Notice of Appeal). Appellee designation due by 12/21/2021. (Bach, Paul) (Entered: 12/07/2021) |
| 12/08/2021 | 85<br>(1 pg) | Transcript Ordered Re: Notice of Appeal for hearing(s) held on 8/31/2021, 9/14/2021 and 10/19/2021 Filed by Paul M. Bach on behalf of Newline Holdings LLC. (RE: 79 Notice of Appeal). (Bach, Paul) (Entered: 12/08/2021) |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

# Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy                12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** | **Kevin** | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or  passport). | First name | First name |
| | | Middle name | Middle name |
| | Bring your picture identification to your meeting with the trustee. | **Scott** | |
| | | Last name and Suffix (Sr., Jr., II, III) | Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-2035** | |

Debtor 1    **Kevin Scott**                                        Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

☐ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

**5.** **Where you live**

**15035 Evers St.**
**Dolton, IL 60419**
Number, Street, City, State & ZIP Code

**Cook**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number, Street, City, State & ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Debtor 1    **Kevin Scott**

Case number *(if known)* _____

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.  The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

**8.  How you will pay the fee**

■ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.  Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor | _____ | | Relationship to you | _____ |
|---|---|---|---|---|
| District | _____ | When _____ | Case number, if known | _____ |
| Debtor | _____ | | Relationship to you | _____ |
| District | _____ | When _____ | Case number, if known | _____ |

**11.  Do you rent your residence?**

■ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1   **Kevin Scott**                                                    Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12.** **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.   Go to Part 4.

☐ Yes.   Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

---

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.   What is the hazard?   _____

If immediate attention is needed, why is it needed?   _____

Where is the property?   _____

_____
Number, Street, City, State & Zip Code

---

| Debtor 1 | **Kevin Scott** | | Case number *(if known)* | |

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Kevin Scott**                                        Case number *(if known)*

---

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16.** What kind of debts do you have?

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

---

**17.** Are you filing under Chapter 7?

■ No.    I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18.** How many Creditors do you estimate that you owe?

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19.** How much do you estimate your assets to be worth?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20.** How much do you estimate your liabilities to be?

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Kevin Scott**

**Kevin Scott**                                        Signature of Debtor 2
Signature of Debtor 1

Executed on    **February 15, 2019**            Executed on
MM / DD / YYYY                                    MM / DD / YYYY

---

Debtor 1   **Kevin Scott**                 Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Angie Harb**                 Date     **February 15, 2019**
Signature of Attorney for Debtor                       MM / DD / YYYY

**Angie Harb 6320748**
Printed name

**Hinds Law LLC**
Firm name

**211 W. Wacker Drive**
**Ste. 321**
**Chicago, IL 60606**
Number, Street, City, State & ZIP Code

Contact phone     **(800) 695-7674**         Email address     **courtnotices@firstamericalaw.com**

**6320748 IL**
Bar number & State

---

Official Form 101             **Voluntary Petition for Individuals Filing for Bankruptcy**             page 7

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

**Your assets**
Value of what you own

| | | |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................ | $   101,071.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B................................. | $   10,165.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B......................................... | $   111,236.00 |

### Part 2:   Summarize Your Liabilities

**Your liabilities**
Amount you owe

| | | |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $   28,159.39 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... | $   0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $   1,874.00 |
| | **Your total liabilities** | $   30,033.39 |

### Part 3:   Summarize Your Income and Expenses

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I) | |
| | Copy your combined monthly income from line 12 of *Schedule I*............................................... | $   4,155.43 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J) | |
| | Copy your monthly expenses from line 22c of *Schedule J*....................................... | $   3,520.00 |

### Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

  ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

  ■ Yes

7. **What kind of debt do you have?**

  ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

  ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1    **Kevin Scott**                                    Case number *(if known)*

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form     $        **4,913.96**
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $         0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $         0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $         0.00 |
| 9d. Student loans. (Copy line 6f.) | $         0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $         0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$         0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $         0.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                          Best Case Bankruptcy

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Scott** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number | | | |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| 1.1 | | |
|---|---|---|
| **15035 Evers Street** | | |
| Street address, if available, or other description | | |
| | | |
| **Dolton** | **IL** | **60419-0000** |
| City | State | ZIP Code |
| | | |
| **Cook** | | |
| County | | |

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$101,071.00** | **$101,071.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..........................................................=>**

| **$101,071.00** |
|---|

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    **Kevin Scott**                                                    Case number *(if known)*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| 3.1 | Make: | **Mitsubishi** |
|---|---|---|
| | Model: | **Outlander** |
| | Year: | **2014** |
| | Approximate mileage: | **70000** |
| | Other information: | |

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$7,925.00** | **$7,925.00** |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................................................=>

| **$7,925.00** |
|---|

| Part 3: | Describe Your Personal and  Household Items |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

■ Yes. Describe.....

| **Used household goods** | **$1,500.00** |
|---|---|

7.  **Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

■ No

☐ Yes. Describe.....

8.  **Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

☐ Yes. Describe.....

9.  **Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

☐ Yes. Describe.....

10. **Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No

☐ Yes. Describe.....

| Debtor 1 | **Kevin Scott** | | Case number *(if known)* | |

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| Clothes | $400.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
■ No
☐ Yes. Describe.....

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .............................................................................

| $1,900.00 |

| **Part 4:** | Describe Your Financial Assets |

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
■ Yes...................................................................................................................

| | Cash on Hand | $150.00 |

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes...................... Institution name:

| 17.1. | **Checking Account** | **Checking account with MB Financial** | $150.00 |

| 17.2. | **Checking** | **Checking Account with PNC Bank** | $40.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
■ No
☐ Yes.................. Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
■ No
☐ Yes. Give specific information about them.................. Name of entity: % of ownership:

| Debtor 1 | **Kevin Scott** | Case number *(if known)* | |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

   ☑ No
   ☐ Yes. Give specific information about them...
   Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ☐ No
   ☑ Yes. List each account separately.

   | Type of account: | Institution name: | |
   |---|---|---|
   | **401k** | **401k with employer** | **$0.00** |

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ☑ No
   ☐ Yes. ..................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ☑ No
   ☐ Yes............ Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ☑ No
   ☐ Yes............ Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ☑ No
   ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ☑ No
   ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ☑ No
   ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
   ☑ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ☑ No
   ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
   ☑ No

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                            Best Case Bankruptcy

| Debtor 1 | **Kevin Scott** | Case number *(if known)* |
|---|---|---|

☐ Yes.  Give specific information..

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No

☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No

☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**

■ No

☐ Yes.  Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................

| | |
|---|---|
| | **$340.00** |

| Part 5: | **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.** |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.

☐ Yes.  Go to line 38.

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes.  Go to line 47.

| Part 7: | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

**54.** Add the dollar value of all of your entries from Part 7. Write that number here  ....................................

| | |
|---|---|
| | **$0.00** |

Debtor 1    **Kevin Scott**                                                                                    Case number *(if known)*

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| 55. | **Part 1: Total real estate, line 2** ................................................................................................... | | **$101,071.00** |
|---|---|---|---|
| 56. | **Part 2: Total vehicles, line 5** | **$7,925.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$1,900.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$340.00** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54** + | **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$10,165.00** | Copy personal property total | **$10,165.00** |
| 63. | **Total of all property on Schedule A/B**. Add line 55 + line 62 | | **$111,236.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt     4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>*Copy the value from Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **15035 Evers Street Dolton, IL 60419 Cook County**<br>Line from *Schedule A/B*: **1.1** | $101,071.00 | ☑ | $15,000.00 | 735 ILCS 5/12-901 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Used household goods**<br>Line from *Schedule A/B*: **6.1** | $1,500.00 | ☑ | $1,500.00 | 735 ILCS 5/12-1001(b) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Clothes**<br>Line from *Schedule A/B*: **11.1** | $400.00 | ☑ | $400.00 | 735 ILCS 5/12-1001(a) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Cash on Hand**<br>Line from *Schedule A/B*: **16.1** | $150.00 | ☑ | $150.00 | 735 ILCS 5/12-1001(b) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking Account: Checking account with MB Financial**<br>Line from *Schedule A/B*: **17.1** | $150.00 | ☑ | $150.00 | 735 ILCS 5/12-1001(b) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1    **Kevin Scott**                                                         Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **Checking: Checking Account with PNC Bank** <br> Line from *Schedule A/B*: **17.2** | $40.00 | ■ $40.00 <br><br> ☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **401k: 401k with employer** <br> Line from *Schedule A/B*: **21.1** | $0.00 | ■ $0.00 <br><br> ☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1006** |

3.  **Are you claiming a homestead exemption of more than $160,375?**
    (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■ No

    ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐ No

        ☐ Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

<u>Official Form 106D</u>

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:**    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

| 2.1 | **Cook County Clerk** | | $19,374.39 | $101,071.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:

**15035 Evers Street Dolton, IL 60419 Cook County**

**118 N. Clark St Room 434 Chicago, IL 60602**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number _____

| 2.2 | **Cook County Treasurer** | | $0.00 | $101,071.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

Describe the property that secures the claim:

**15035 Evers Street Dolton, IL 60419 Cook County**

**118 N. Clark St #112 Chicago, IL 60602**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number _____

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1 **Kevin Scott**
　　　　　First Name　　　　　Middle Name　　　　　Last Name

Case number (if known) _____

| 2.3 | **Santander Consumer USA** | Describe the property that secures the claim: | $8,785.00 | $7,925.00 | $860.00 |

Creditor's Name

**2014 Mitsubishi Outlander 70000 miles**

**Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)　**Non-Purchase Money Security**

**Opened 06/18　Last Active 12/17/18**

Date debt was incurred

Last 4 digits of account number　**1000**

---

| Add the dollar value of your entries in Column A on this page. Write that number here: | $28,159.39 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $28,159.39 |

**Part 2:**　**List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐　Name, Number, Street, City, State & Zip Code
**Newline Holdings, LLC
55 W Monroe St
Chicago, IL 60603**

On which line in Part 1 did you enter the creditor?　**2.1**

Last 4 digits of account number ___

---

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | _____ |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

     ■ No. Go to Part 2.

     ☐ Yes.

### Part 2:   List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

     ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

     ■ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|

| 4.1 | **Aes / Wells** | Last 4 digits of account number | 0001 | | $0.00 |
|---|---|---|---|---|---|

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 2461**
**Harrisburg, PA 17105**
Number Street City State Zip Code

When was the debt incurred?    **Opened 03/09   Last Active 09/09**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only      ☐ Contingent

☐ Debtor 1 and Debtor 2 only      ☐ Unliquidated

☐ At least one of the debtors and another      ☐ Disputed

**☐ Check if this claim is for a community debt**      **Type of NONPRIORITY unsecured claim:**

■ Student loans

**Is the claim subject to offset?**      ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No      ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes      ☐ Other. Specify _____

                                       **Educational**

Debtor 1    **Kevin Scott**                                          Case number (if known)

---

| 4.2 | **Aes/wachovia Bank** | Last 4 digits of account number | **0002** | **$0.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**Po Box 2461**
**Harrisburg, PA 17105**

When was the debt incurred?    **Opened  3/02/09  Last Active 10/13/09**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                                   ☐ Contingent
☐ Debtor 2 only                                   ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                      ☐ Disputed
☐ At least one of the debtors and another
**Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a  community
debt**                                            ■ Student loans

**Is the claim subject to offset?**               ☐ Obligations arising out of a separation agreement or divorce that you did not
                                                   report as priority claims
■ No                                              ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                             ☐ Other. Specify
                                                   _____
                                   **Educational**

---

| 4.3 | **Conduent/Aelma** | Last 4 digits of account number | **0351** | **$0.00** |

Nonpriority Creditor's Name
**Attn: Claims Dept**
**Po Box 7051**
**Utica, NY 13504**

When was the debt incurred?    **Opened  7/14/08  Last Active 8/31/10**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                                   ☐ Contingent
☐ Debtor 2 only                                   ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                      ☐ Disputed
☐ At least one of the debtors and another
**Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a  community
debt**                                            ■ Student loans

**Is the claim subject to offset?**               ☐ Obligations arising out of a separation agreement or divorce that you did not
                                                   report as priority claims
■ No                                              ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                             ☐ Other. Specify
                                                   _____
                                   **Educational**

---

| 4.4 | **Credit Management, LP** | Last 4 digits of account number | **9504** | **$343.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 118288**
**Carrollton, TX 75011**

When was the debt incurred?    **Opened 06/16**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                                   ☐ Contingent
☐ Debtor 2 only                                   ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                      ☐ Disputed
☐ At least one of the debtors and another
**Type of NONPRIORITY unsecured claim:**
☐ **Check if this claim is for a  community
debt**                                            ☐ Student loans

**Is the claim subject to offset?**               ☐ Obligations arising out of a separation agreement or divorce that you did not
                                                   report as priority claims
■ No                                              ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                             ■ Other. Specify    **Collection Attorney Comcast Cable**

---

Debtor 1 **Kevin Scott**

Case number (if known) _____

| 4.5 | **Dept of Ed / 582 / Nelnet** | | |
|---|---|---|---|

Nonpriority Creditor's Name

**Attn: Claims**
**Po Box 82505**
**Lincoln, NE 68501**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number** 4536     $0.00

**When was the debt incurred?** Opened 3/02/09 Last Active 09/13

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify _____

**Educational**

---

| 4.6 | **I C System Inc** | | |
|---|---|---|---|

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**P.O. Box 64378**
**St. Paul, MN 55164**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number** 6077     $572.00

**When was the debt incurred?** Opened 08/18

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Collection Attorney Brian J French Md**

---

| 4.7 | **IDAPP/ISAC Illinois Student Assistance C** | | |
|---|---|---|---|

Nonpriority Creditor's Name

**Attn: Bankruptcy Dept**
**1755 Lake Cook Rd**
**Deerfield, IL 60015**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**Last 4 digits of account number** 3499     $0.00

**When was the debt incurred?** Opened 10/10/02 Last Active 12/19/09

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify _____

**Educational**

---

Debtor 1   **Kevin Scott**

Case number (if known)

| 4.8 | **Metro South Hospital** | Last 4 digits of account number | | $100.00 |

Nonpriority Creditor's Name

**12395 S. Gregory St**
**Blue Island, IL 60406**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **medical debt**

---

| 4.9 | **Partners Fin** | Last 4 digits of account number | **9686** | $0.00 |

Nonpriority Creditor's Name

**403 Axminister**
**Fenton, MO 63026**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**   **Opened 10/15/06  Last Active 1/25/08**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Unsecured**

---

| 4.10 | **Peoples Gas** | Last 4 digits of account number | **8879** | $0.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**200 East Randolph Street**
**Chicago, IL 60601**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**   **Opened  3/21/12  Last Active 12/13/12**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Agriculture**

---

Debtor 1    **Kevin Scott**            Case number (if known) _____

| 4.1 1 | **Regional Recovery Services, Inc.** | | Last 4 digits of account number | **6026** | | $360.00 |

**Regional Recovery Services, Inc.**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 3333**
**Munster, IN 46321**
Number Street City State Zlp Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number**    **6026**       $360.00

**When was the debt incurred?**    **Opened 03/17**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Collection Attorney Gelles Robert Dr-Dpm**

---

| 4.1 2 | **TekCollect Inc** | | Last 4 digits of account number | **2157** | | $499.00 |

**TekCollect Inc**
Nonpriority Creditor's Name
**Po Box 1269**
**Columbus, OH 43216**
Number Street City State Zlp Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number**    **2157**       $499.00

**When was the debt incurred?**    **Opened 05/17**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **Collection Attorney Comprehensive Prosthetics Or**

---

| 4.1 3 | **Wells Fargo Bank** | | Last 4 digits of account number | **5411** | | $0.00 |

**Wells Fargo Bank**
Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**Po Box 6429**
**Greenville, SC 29606**
Number Street City State Zlp Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number**    **5411**       $0.00

**When was the debt incurred?**    **Opened 3/02/09 Last Active 8/24/09**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **Educational**

---

Debtor 1    Kevin Scott                                                        Case number (if known) _____

| | | | |
|---|---|---|---|
| 4.1 4 | **Wells Fargo Bank** | Last 4 digits of account number | **5437** | $0.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**Po Box 6429**
**Greenville, SC 29606**                          When was the debt incurred?    **Opened  3/02/09  Last Active 8/24/09**

Number Street City State Zip Code

**Who incurred the debt?** Check one.                          **As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only                                                □ Contingent

□ Debtor 2 only                                                □ Unliquidated

□ Debtor 1 and Debtor 2 only                                   □ Disputed

□ At least one of the debtors and another                      **Type of NONPRIORITY unsecured claim:**

□ **Check if this claim is for a  community**                   ■ Student loans
**debt**
                                                               □ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                               report as priority claims

■ No                                                           □ Debts to pension or profit-sharing plans, and other similar debts

□ Yes                                                          □ Other. Specify _____

                                                                       **Educational**

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |
|---|---|

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6.  Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|   |   |   | Total Claim |
|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | 0.00 |

|   |   |   | Total Claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 1,874.00 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 1,874.00 |

**Fill in this information to identify your case:**

| Debtor 1 | **Kevin Scott** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number | _____ | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.   **Do you have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.   **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| **2.1** _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City              State        ZIP Code | |
| **2.2** _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City              State        ZIP Code | |
| **2.3** _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City              State        ZIP Code | |
| **2.4** _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City              State        ZIP Code | |
| **2.5** _____<br>Name<br><br>_____<br>Number      Street<br><br>_____<br>City              State        ZIP Code | |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| | First Name / Middle Name / Last Name |
| Debtor 2 (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☑ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor** Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt** Check all schedules that apply: |
|---|---|
| **3.1** Name _____ | ☐ Schedule D, line _____ |
| | ☐ Schedule E/F, line _____ |
| | ☐ Schedule G, line _____ |
| Number   Street | |
| City          State          ZIP Code | |
| **3.2** Name _____ | ☐ Schedule D, line _____ |
| | ☐ Schedule E/F, line _____ |
| | ☐ Schedule G, line _____ |
| Number   Street | |
| City          State          ZIP Code | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Fill in this information to identify your case:

Debtor 1     **Kevin Scott**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
# Schedule I: Your Income       12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| **Occupation** | | |
| **Employer's name** | | Nothing Bundt Cakes |
| **Employer's address** | | 1953 N Clybourn Ave<br>Chicago, IL 60614 |
| **How long employed there?** | | |

### Part 2:   Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $   0.00 | $   3,750.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$   0.00 | +$   0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $   0.00 | $   3,750.00 |

Debtor 1 **Kevin Scott**                                    Case number (*if known*)

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** | 4. | $ 0.00 | $ 3,750.00 |
| **5.** | **List all payroll deductions:** | | | |
| | 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 716.86 |
| | 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| | 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| | 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| | 5e. **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| | 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| | 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| | 5h. **Other deductions.** Specify: | 5h.+ | $ 0.00 + | $ 0.00 |
| **6.** | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 716.86 |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 3,033.14 |
| **8.** | **List all other income regularly received:** | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| | 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| | 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| | 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| | 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| | 8h. **Other monthly income.** Specify: **Short Term Disability** | 8h.+ | $ 1,122.29 + | $ 0.00 |
| **9.** | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 1,122.29 | $ 0.00 |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 1,122.29 + $ 3,033.14 | = $ 4,155.43 |
| **11.** | **State all other regular contributions to the expenses that you list in *Schedule J.*** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* Specify: | 11. | +$ | 0.00 |
| **12.** | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies | 12. | $ | 4,155.43 |

                                                                           **Combined monthly income**

**13.** **Do you expect an increase or decrease within the year after you file this form?**

■ No.

☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses
12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

| Part 1: | Describe Your Household |
|---|---|

1. **Is this a joint case?**

☐ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

☐ No
☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ☐ No

Do not list Debtor 1 and Debtor 2.

Do not state the dependents names.

☐ Yes. Fill out this information for each dependent..............

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

☐ No
☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
|---|---|

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

| | | Your expenses |
|---|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

4. $ _____ 0.00

**If not included in line 4:**

| 4a. | Real estate taxes | 4a. $ | 415.00 |
|---|---|---|---|
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 200.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 0.00 |

Debtor 1   **Kevin Scott**                                         Case number (if known) _____

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a.   Electricity, heat, natural gas | 6a.  $ | **315.00** |
| | 6b.   Water, sewer, garbage collection | 6b.  $ | **116.00** |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c.  $ | **350.00** |
| | 6d.   Other. Specify: | 6d.  $ | **0.00** |
| 7. | **Food and housekeeping supplies** | 7.  $ | **624.00** |
| 8. | **Childcare and children's education costs** | 8.  $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9.  $ | **150.00** |
| 10. | **Personal care products and services** | 10.  $ | **150.00** |
| 11. | **Medical and dental expenses** | 11.  $ | **100.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12.  $ | **400.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13.  $ | **0.00** |
| 14. | **Charitable contributions and religious donations** | 14.  $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.   Life insurance | 15a.  $ | **0.00** |
| | 15b.   Health insurance | 15b.  $ | **0.00** |
| | 15c.   Vehicle insurance | 15c.  $ | **200.00** |
| | 15d.   Other insurance. Specify: | 15d.  $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16.  $ | **0.00** |
| 17. | **Installment or lease payments:** | | |
| | 17a.   Car payments for Vehicle 1 | 17a.  $ | **500.00** |
| | 17b.   Car payments for Vehicle 2 | 17b.  $ | **0.00** |
| | 17c.   Other. Specify: | 17c.  $ | **0.00** |
| | 17d.   Other. Specify: | 17d.  $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18.  $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19.  $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a.   Mortgages on other property | 20a.  $ | **0.00** |
| | 20b.   Real estate taxes | 20b.  $ | **0.00** |
| | 20c.   Property, homeowner's, or renter's insurance | 20c.  $ | **0.00** |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d.  $ | **0.00** |
| | 20e.   Homeowner's association or condominium dues | 20e.  $ | **0.00** |
| 21. | **Other:** Specify: | 21.  +$ | **0.00** |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | **3,520.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | **3,520.00** |
| 23. | **Calculate your monthly net income.** | | |
| | 23a.   Copy line 12 *(your combined monthly income)* from Schedule I. | 23a.  $ | **4,155.43** |
| | 23b.   Copy your monthly expenses from line 22c above. | 23b.  -$ | **3,520.00** |
| | 23c.   Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c.  $ | **635.43** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
   For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

   ■ No.

   ☐ Yes.   Explain here: _____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| | First Name       Middle Name       Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name       Middle Name       Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ Kevin Scott** _____      X _____
    **Kevin Scott**                                         Signature of Debtor 2
    Signature of Debtor 1

Date   **February 15, 2019** _____      Date _____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

**1.    What is your current marital status?**

■ Married
☐ Not married

**2.    During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

**3.    Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

**4.    Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| For last calendar year: (January 1 to December 31, 2018 ) | ■ Wages, commissions, bonuses, tips | $20,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1  **Kevin Scott**                                                        Case number *(if known)*

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For the calendar year before that:**<br>(January 1 to December 31, 2017 ) | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $20,000.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

**5.** **Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No

■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Disability | $2,244.00 | | |
| **For last calendar year:**<br>(January 1 to December 31, 2018 ) | Disability | $2,599.00 | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2017 ) | Disability | $5,000.00 | | |

| Part 3: | List Certain Payments You Made Before You Filed for Bankruptcy |
|---|---|

**6.** **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

☐ No.     Go to line 7.

☐ Yes     List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

\* Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No.     Go to line 7.

☐ Yes     List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

Debtor 1    **Kevin Scott**                                          Case number *(if known)*

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:**    **Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ■ No
    ☐ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ■ No. Go to line 11.
    ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
    ■ No
    ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

    ■ No
    ☐ Yes

**Part 5:**    **List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

    ■ No
    ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

Debtor 1    **Kevin Scott**                                    Case number (*if known*) _____

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?
   ■ No
   ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| | | | |

---

**Part 6:    List Certain Losses**

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

   ■ No
   ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

---

**Part 7:    List Certain Payments or Transfers**

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
   Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

   ☐ No
   ■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Hinds Law LLC<br>211 W. Wacker Dr.<br>Ste. 321<br>Chicago, IL 60606 | $397.00 paid pre-petition toward total attorney fee of $4,000.00, filing fee of $310.00, and expenses of $87.00 ($4,000.00 to be paid in Chapter 13 plan) | 02/15/2019 | $397.00 |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
   Do not include any payment or transfer that you listed on line 16.

   ■ No
   ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| | | | |

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
   Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

   ■ No
   ☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| | | | |

---

Debtor 1    **Kevin Scott**                                                                    Case number *(if known)*

19.  **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

■  No
☐  Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

---

**Part 8:**  List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20.  **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■  No
☐  Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21.  **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■  No
☐  Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22.  **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■  No
☐  Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

---

**Part 9:**  Identify Property You Hold or Control for Someone Else

23.  **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■  No
☐  Yes.  Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

---

**Part 10:**  Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■  *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■  *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■  *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

---

Debtor 1     **Kevin Scott**                                                                    Case number *(if known)*

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

    ■ No
    ☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25. **Have you notified any governmental unit of any release of hazardous material?**

    ■ No
    ☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No
    ☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

**Part 11:**   Give Details About Your Business or Connections to Any Business

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

    ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

    ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

    ☐ A partner in a partnership

    ☐ An officer, director, or managing executive of a corporation

    ☐ An owner of at least 5% of the voting or equity securities of a corporation

    ■ No. None of the above applies.  Go to Part 12.

    ☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>**Address**<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN<br><br>Dates business existed |
|---|---|---|
| | | |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

    ■ No
    ☐ Yes. Fill in the details below.

| Name<br>**Address**<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

Debtor 1    **Kevin Scott**                                    Case number *(if known)*

---

**Part 12:**   Sign Below

**I have read the answers on this** *Statement of Financial Affairs* **and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.**
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

/s/ Kevin Scott

**Kevin Scott**                                         **Signature of Debtor 2**
**Signature of Debtor 1**

**Date**  **February 15, 2019**                         **Date**

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

    **You are an individual filing for bankruptcy,** and

    **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

    Chapter 7 - Liquidation

    Chapter 11 - Reorganization

    Chapter 12 - Voluntary repayment plan for family farmers or fishermen

    Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

    most taxes;

    most student loans;

    domestic support and property settlement obligations;

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com　　　　　Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

**Chapter 11: Reorganization**

| | | |
|---|---|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|---|---|
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|---|---|
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

     domestic support obligations,

     most student loans,

     certain taxes,

     debts for fraud or theft,

     debts for fraud or defalcation while acting in a fiduciary capacity,

     most criminal fines and restitution obligations,

     certain debts that are not listed in your bankruptcy papers,

     certain debts for acts that caused death or personal injury, and

     certain long-term secured debts.

---

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

---

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtor and the attorney that conflicts with this agreement is void.

## A.    *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### B.            *AFTER THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

## THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

3

## C.    TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

## D. RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

■The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)    The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

**The Debtor(s) and Attorney have entered into an advance payment retainer for pre-filing and pre-confirmation work including, but not limited to, pre-filing bankruptcy advice, preparation of the petition and Chapter 13 plan, pre-filing bankruptcy planning, filing of the case, and any amendments necessary for confirmation.  Pre-filing work is performed periodically as payments are received.**

(b)    The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)    The retainer is a flat fee for the services to be rendered during the Chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

4

(d)     Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)     The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the Chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E. CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney*. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank.]

5

## F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $**4,000.00**.

2. In addition, the debtor will pay the filing fee required in the case and other expenses of $**397.00**.

3. Before signing this agreement, the attorney has received , $**0.00**

toward the flat fee, leaving a balance due of $**4,000.00**; and $**397.00** for expenses,

leaving a balance due for the filing fee of $**0.00**.

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date:   **February 15, 2019**

Signed:

| | |
|---|---|
| **/s/ Kevin Scott** | **/s/ Angie Harb** |
| **Kevin Scott** | **Angie Harb 6320748** |
| | Attorney for the Debtor(s) |

Debtor(s)

Do not sign this agreement if the amounts are blank.

**Local Bankruptcy Form 23c**

6

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Kevin Scott** _____   Case No. _____

_____ Debtor(s)   Chapter   **13** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **4,000.00** |
| Prior to the filing of this statement I have received | $ | **0.00** |
| Balance Due | $ | **4,000.00** |

2.  The source of the compensation paid to me was:

    ■ Debtor      ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor      ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February 15, 2019** _____          **/s/ Angie Harb** _____
_Date_                                                   **Angie Harb 6320748**
                                                         _Signature of Attorney_
                                                         **Hinds Law LLC**
                                                         **211 W. Wacker Drive**
                                                         **Ste. 321**
                                                         **Chicago, IL 60606**
                                                         **(800) 695-7674**
                                                         **courtnotices@firstamericalaw.com**
                                                         _Name of law firm_

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtor and the attorney that conflicts with this agreement is void.

### A.    *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

**B.**                          ***AFTER THE CASE IS FILED***

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**C.**  **TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES**

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

**D. RETAINERS AND PREVIOUS PAYMENTS**

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

■The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)  The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:
_____  The Debtor(s) and Attorney have entered into an advance payment retainer for pre-filing and pre-confirmation work including, but not limited to, pre-filing bankruptcy advice, preparation of the petition and Chapter 13 plan, pre-filing bankruptcy planning, filing of the case, and any amendments necessary for confirmation.  Pre-filing work is performed periodically as payments are received. _____

(b)  The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)  The retainer is a flat fee for the services to be rendered during the Chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

4

(d)  Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)  The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the Chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E. CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank.]

5

## F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $4,000.00.

2. In addition, the debtor will pay the filing fee required in the case and other expenses of $397.00.

3. Before signing this agreement, the attorney has received , $0.00

toward the flat fee, leaving a balance due of $4,000.00; and $397.00 for expenses,

leaving a balance due for the filing fee of $0.00.

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date:  January 15, 2019

Signed:

/s/ Kevin Scott
Kevin Scott

/s/ Angie Harb
Angie Harb 6320748
Attorney for the Debtor(s)

Debtor(s)

Do not sign this agreement if the amounts are blank.

**Local Bankruptcy Form 23c**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Kevin Scott** _____    Case No. _____

                Debtor(s)    Chapter    **13** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **17**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **February 15, 2019** _____      **/s/ Kevin Scott** _____

                                         **Kevin Scott**

                                         Signature of Debtor

Aes / Wells
Attn: Bankruptcy
Po Box 2461
Harrisburg, PA 17105


Aes/wachovia Bank
Attn: Bankruptcy Dept
Po Box 2461
Harrisburg, PA 17105


Conduent/Aelma
Attn: Claims Dept
Po Box 7051
Utica, NY 13504


Cook County Clerk
118 N. Clark St Room 434
Chicago, IL 60602


Cook County Treasurer
118 N. Clark St #112
Chicago, IL 60602


Credit Management, LP
Attn: Bankruptcy
Po Box 118288
Carrollton, TX 75011


Dept of Ed / 582 / Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501


I C System Inc
Attn: Bankruptcy
P.O. Box 64378
St. Paul, MN 55164


IDAPP/ISAC Illinois Student Assistance C
Attn: Bankruptcy Dept
1755 Lake Cook Rd
Deerfield, IL 60015


Metro South Hospital
12395 S. Gregory St
Blue Island, IL 60406

Newline Holdings, LLC
55 W Monroe St
Chicago, IL 60603


Partners Fin
403 Axminister
Fenton, MO 63026


Peoples Gas
Attn: Bankruptcy
200 East Randolph Street
Chicago, IL 60601


Regional Recovery Services, Inc.
Attn: Bankruptcy
Po Box 3333
Munster, IN 46321


Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161


TekCollect Inc
Po Box 1269
Columbus, OH 43216


Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606

## F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $4,000.00.

2. In addition, the debtor will pay the filing fee required in the case and other expenses of $397.00.

3. Before signing this agreement, the attorney has received , $0.00

toward the flat fee, leaving a balance due of $4,000.00; and $397.00 for expenses,

leaving a balance due for the filing fee of $0.00.

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: ___January 15, 2019___

Signed:

/s/ Kevin Scott

Kevin Scott

/s/ Angie Harb

Angie Harb 6320748

Attorney for the Debtor(s)

Debtor(s)

Do not sign this agreement if the amounts are blank.

**Local Bankruptcy Form 23c**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor 1    **Kevin Scott**

Case number *(if known)* _____

**Part 6:    Answer These Questions for Reporting Purposes**

16. What kind of debts do you have?

16a.   **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b.   **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.   State the type of debts you owe that are not consumer debts or business debts

_____

17. Are you filing under Chapter 7?

■ No.   I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

18. How many Creditors do you estimate that you owe?

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

19. How much do you estimate your assets to be worth?

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

20. How much do you estimate your liabilities to be?

■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**Part 7:    Sign Below**

For you

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Kevin Scott

_____          _____
Kevin Scott                                          Signature of Debtor 2
Signature of Debtor 1

Executed on   **January 15, 2019**          Executed on   _____
              MM / DD / YYYY                              MM / DD / YYYY

# United States Bankruptcy Court
## Northern District of Illinois

In re    Kevin Scott                              Case No.

                             Debtor(s)           Chapter    13

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                        18

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    January 15, 2019

                        /s/ Kevin Scott
                        Kevin Scott
                        Signature of Debtor

**Fill in this information to identify your case:**

Debtor 1 ___Kevin Scott_____
　　　　　First Name　　　　　　Middle Name　　　　　　Last Name

Debtor 2 _____
(Spouse if, filing)　First Name　　　Middle Name　　　　　Last Name

United States Bankruptcy Court for the: ___NORTHERN DISTRICT OF ILLINOIS___

Case number _____
(if known)

☐ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____　　Attach *Bankruptcy Petition Preparer's Notice,*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X ___/s/ Kevin Scott_____　　　　X _____
　　**Kevin Scott**
　　Signature of Debtor 1　　　　　　　　　　　　　　　　Signature of Debtor 2

Date ___January 15, 2019_____　　　Date _____

Official Form 106Dec　　　　　　　Declaration About an Individual Debtor's Schedules

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor 1     __Kevin Scott_____     Case number *(if known)*  _____

---

**Part 12:**   Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Kevin Scott

__Kevin Scott_____         _____
Signature of Debtor 1                           Signature of Debtor 2

Date   __January 15, 2019_____        Date   _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Debtor 1    **Kevin Scott**                         Case number *(if known)*

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.          IL

16b. Fill in the number of people in your household.      2

16c. Fill in the median family income for your state and size of household.          $    69,871.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☒ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| **Part 3:** | **Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)** |
| --- | --- |

**18.** Copy your total average monthly income from line 11.                      $    4,913.96

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.         –$    0.00

19b. Subtract line 19a from line 18.                       $    4,913.96

**20. Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b.                           $    4,913.96

Multiply by 12 (the number of months in a year).         x 12

20b. The result is your current monthly income for the year for this part of the form         $    58,967.52

20c. Copy the median family income for your state and size of household from line 16c         $    69,871.00

**21. How do the lines compare?**

☒ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3. *The commitment period is 3 years.* **Go to Part 4.**

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4. *The commitment period is 5 years.* **Go to Part 4.**

| **Part 4:** | **Sign Below** |
| --- | --- |

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X   /s/ Kevin Scott     *K. Scott*
Kevin Scott
Signature of Debtor 1

Date   **February 13, 2019**
     MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

<table>
<tr><td colspan="3"><b>Fill in this information to identify your case:</b></td></tr>
</table>

| | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Scott** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **NORTHERN DISTRICT OF ILLINOIS** | |
| Case number: | | | |
| (If known) | | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

**Notices**

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

**Plan Payments and Length of Plan**

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$635** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Kevin Scott** | Case number | |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $\underline{\$22,860.00}$.

**Part 3: Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Cook County Clerk | $19,374.39 | 15035 Evers Street Dolton, IL 60419 Cook County 29-10-402-014-0000 | $101,071.00 | $0.00 | $19,374.39 | 0.00% | $322.91 | $19,374.39 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor    **Kevin Scott**            Case number _____

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

     (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

     (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

     These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Santander Consumer USA** | **2014 Mitsubishi Outlander 70000 miles** | **$8,785.00** | **6.50%** | **$171.89** | **$10,313.30** |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4**      **Lien avoidance**.

*Check one.*
     ☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**      **Surrender of collateral.**

     *Check one.*
     ☑   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:**     **Treatment of Fees and Priority Claims**

**4.1**      **General**
     Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**      **Trustee's fees**
     Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**2,286.00**.

**4.3**      **Attorney's fees.**

     The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4**      **Priority claims other than attorney's fees and those treated in § 4.5.**

     *Check one.*
     ☑   **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**      **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

     *Check one.*
     ☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:**     **Treatment of Nonpriority Unsecured Claims**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com             Best Case Bankruptcy

Debtor __**Kevin Scott**_____ Case number _____

**5.1**     **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $_____.

☑   ___100.00___% of the total amount of these claims, an estimated payment of $___1,874.00___.

☑   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $___60,111.78___. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**     **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

      ☑     **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**     **Other separately classified nonpriority unsecured claims.** *Check one*.

      ☑     **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Part 6:**   **Executory Contracts and Unexpired Leases**

**6.1**     **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

      ☑     **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:**   **Vesting of Property of the Estate**

**7.1**     **Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*

☐   plan confirmation.

☑   entry of discharge.

☐   other: _____

**Part 8:**   **Nonstandard Plan Provisions**

**8.1**     **Check "None" or List Nonstandard Plan Provisions**

      ☐     **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

  1. Santander Consumer USA shall receive pre-confirmation adequate protection payments in the amount of $100.00 per month for Debtor's 2014 Mitsubishi Outlander.

**Part 9:**   **Signature(s):**

**9.1**     **Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Kevin Scott**_____      X   _____

    **Kevin Scott**                               Signature of Debtor 2

    Signature of Debtor 1

    Executed on    **February 15, 2019**_____      Executed on _____

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Debtor    **Kevin Scott**             Case number                             

*X*    **/s/ Angie Harb**                       Date    **February 15, 2019**
     **Angie Harb 6320748**
     Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

Debtor     **Kevin Scott** _____     Case number _____

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $19,374.39 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $10,313.30 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $6,286.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $1,874.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*     + | $0.00 |

| | |
|---|---:|
| **Total of lines a through j** | $37,847.69 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of Illinois |
| Case number (if known) | |

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

- ☑ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).
- ☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).
- ☑ 3. The commitment period is 3 years.
- ☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☑ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ 3,791.67 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ 0.00 | $ 0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 | $ 0.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    **Kevin Scott**

Case number (*if known*) _____

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you _____ $ 0.00

For your spouse _____ $ 0.00

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.

| | | |
|---|---|---|
| | $ 0.00 | $ 0.00 |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

| | | |
|---|---|---|
| **Short Term Disability** | $ 1,122.29 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

| $ 1,122.29 | + | $ 3,791.67 | = | $ 4,913.96 |
|---|---|---|---|---|

Total average
monthly income

| **Part 2:** | Determine How to Measure Your Deductions from Income |
|---|---|

12. Copy your total average monthly income from line 11. ......... $ 4,913.96

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

■ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____ $ _____

_____ $ _____

_____ + $ _____

Total _____ $ 0.00    Copy here=>  − 0.00

14. **Your current monthly income.** Subtract line 13 from line 12. $ 4,913.96

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=> _____ $ 4,913.96

Multiply line 15a by 12 (the number of months in a year). x 12

15b. The result is your current monthly income for the year for this part of the form. ......................... $ 58,967.52

Debtor 1    **Kevin Scott**                                                Case number (*if known*) _____

---

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.                    **IL**

    16b. Fill in the number of people in your household.         **2**

    16c. Fill in the median family income for your state and size of household.                    $    **69,871.00**

    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

    17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. Copy your total average monthly income from line 11 .                    $    **4,913.96**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

    19a. If the marital adjustment does not apply, fill in 0 on line 19a.                    -$    **0.00**

    19b. **Subtract line 19a from line 18.**                    $    **4,913.96**

20. **Calculate your current monthly income for the year.** Follow these steps:

    20a. Copy line 19b                    $    **4,913.96**

    Multiply by 12 (the number of months in a year).                    **x 12**

    20b. The result is your current monthly income for the year for this part of the form                    $    **58,967.52**

    20c. Copy the median family income for your state and size of household from line 16c.                    $    **69,871.00**

21. **How do the lines compare?**

    ☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

    ☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X /s/ Kevin Scott**

**Kevin Scott**
Signature of Debtor 1

Date    **February 15, 2019**
        MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor 1   **Kevin Scott**                                   Case number (*if known*) _____

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2018** to **01/31/2019**.

**Line 10 - Income from all other sources**
Source of Income: **Short Term Disability**
Constant income of **$1,122.29** per month.

Debtor 1    **Kevin Scott**                                                                Case number (*if known*)  _____

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **08/01/2018** to **01/31/2019**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Pay Advices**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **08/2018** | **$5,192.31** |
| 5 Months Ago: | **09/2018** | **$3,461.54** |
| 4 Months Ago: | **10/2018** | **$3,461.54** |
| 3 Months Ago: | **11/2018** | **$3,461.54** |
| 2 Months Ago: | **12/2018** | **$3,711.53** |
| Last Month: | **01/2019** | **$3,461.54** |
| | Average per month: | **$3,791.67** |

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Scott** | | Social Security number or ITIN **xxx–xx–2035** |
| | First Name  Middle Name  Last Name | | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | | Social Security number or ITIN  _ _ _ _ |
| | | | EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Northern District of Illinois** | | Date case filed for chapter **13**  2/15/19 |
| Case number: | **19–04081** | | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Kevin Scott | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 15035 Evers St. Dolton, IL 60419 | |
| 4. | **Debtor's attorney** Name and address | Angelica Harb Hinds Law LLC 211 W Wacker Dr Suite 321 Chicago, IL 60606 | Contact phone 800–695–7674 Email: aharb@firstamericalaw.com |
| 5. | **Bankruptcy trustee** Name and address | Tom Vaughn 55 E. Monroe Street, Suite 3850 Chicago, IL 60603 | Contact phone 312 294–5900 |
| 6. | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at  www.pacer.gov. | Eastern Division 219 S Dearborn 7th Floor Chicago, IL 60604 | Hours open: 8:30 a.m. until 4:30 p.m. except Saturdays, Sundays and legal holidays. Contact phone 1–866–222–8029 Date: 2/19/19 |

**For more information, see page 2**

Debtor **Kevin Scott**                                                                   Case number **19–04081**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **March 21, 2019 at 01:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**Debtors must bring a picture ID and proof of their Social Security Number.** | Location:<br>**55 East Monroe, Suite 3850, Chicago, IL 60603** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 5/20/19** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 4/26/19** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 8/14/19** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. The plan is enclosed. The hearing on confirmation will be held on:<br>**4/16/19 at 10:30 AM** , Location: **219 South Dearborn, Courtroom 742, Chicago, IL 60604**<br><br>**The Disclosure of Compensation has been filed and the debtor's attorney is requesting fees of $ 4000.00**<br>Objections to confirmation of the Plan shall be filed at least 7 days prior to the confirmation hearing. If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

United States Bankruptcy Court
Northern District of Illinois

In re:                                                              Case No. 19-04081-CAD
Kevin Scott                                                         Chapter 13
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1        User: carmstead        Page 1 of 1        Date Rcvd: Feb 19, 2019
                           Form ID: 309I           Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 21, 2019.
db             +Kevin Scott,    15035 Evers St.,    Dolton, IL 60419-2618
27555788       +Aes / Wells,    Attn: Bankruptcy,    Po Box 2461,    Harrisburg, PA 17105-2461
27555789       +Aes/wachovia Bank,    Attn: Bankruptcy Dept,    Po Box 2461,    Harrisburg, PA 17105-2461
27555790       +Conduent/Aelma,    Attn: Claims Dept,    Po Box 7051,    Utica, NY 13504-7051
27555791       +Cook County Clerk,    118 N. Clark St Room 434,    Chicago, IL 60602-1413
27555794       +Dept of Ed / 582 / Nelnet,    Attn: Claims,    Po Box 82505,    Lincoln, NE 68501-2505
27555796       +IDAPP/ISAC Illinois Student Assistance C,    Attn: Bankruptcy Dept,    1755 Lake Cook Rd,
                Deerfield, IL 60015-5215
27555797        Metro South Hospital,    12395 S. Gregory St,    Blue Island, IL 60406
27555800       +Peoples Gas,    Attn: Bankruptcy,    200 East Randolph Street,    Chicago, IL 60601-6302
27555801       +Regional Recovery Services, Inc.,    Attn: Bankruptcy,    Po Box 3333,    Munster, IN 46321-0333
27555803       +TekCollect Inc,    Po Box 1269,    Columbus, OH 43216-1269

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty             E-mail/Text: aharb@firstamericalaw.com Feb 20 2019 03:23:09     Angelica Harb,    Hinds Law LLC,
                211 W Wacker Dr Suite 321,    Chicago, IL  60606
tr             +E-mail/Text: bncnotice@tomvaughntrustee.com Feb 20 2019 03:26:34     Tom Vaughn,
                55 E. Monroe Street, Suite 3850,    Chicago, IL 60603-5764
ust            +E-mail/Text: USTPREGION11.ES.ECF@USDOJ.GOV Feb 20 2019 03:24:59     Patrick S Layng,
                Office of the U.S. Trustee, Region 11,    219 S Dearborn St,    Room 873,
                Chicago, IL 60604-2027
27555792       +E-mail/Text: lbankruptcy@cookcountytreasurer.com Feb 20 2019 03:25:46     Cook County Treasurer,
                118 N. Clark St #112,    Chicago, IL 60602-1590
27555793       +EDI: CMIGROUP.COM Feb 20 2019 07:48:00     Credit Management, LP,    Attn: Bankruptcy,
                Po Box 118288,    Carrollton, TX 75011-8288
27555795       +EDI: IIC9.COM Feb 20 2019 07:49:00     I C System Inc,    Attn: Bankruptcy,    P.O. Box 64378,
                St. Paul, MN 55164-0378
27555798       +E-mail/Text: legal@newlinefinancial.com Feb 20 2019 03:27:24     Newline Holdings, LLC,
                55 W Monroe St,    Chicago, IL 60603-5138
27555799        E-mail/Text: legal@partners-mo.com Feb 20 2019 03:25:14     Partners Fin,    403 Axminister,
                Fenton, MO 63026
27555802       +EDI: DRIV.COM Feb 20 2019 07:48:00     Santander Consumer USA,    Attn: Bankruptcy,
                Po Box 961245,    Fort Worth, TX 76161-0244
27555804        EDI: WFFC.COM Feb 20 2019 07:48:00     Wells Fargo Bank,    Attn: Bankruptcy Dept,    Po Box 6429,
                Greenville, SC 29606
                                                                                             TOTAL: 10

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 21, 2019                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 19, 2019 at the address(es) listed below:
          Angelica Harb    on behalf of Debtor 1 Kevin  Scott aharb@firstamericalaw.com,
           courtnotices@firstamericalaw.com
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
          Tom  Vaughn    ecf@tvch13.net,   ecfchi@gmail.com
                                                                                TOTAL: 3

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Scott** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **NORTHERN DISTRICT OF ILLINOIS** | |

Case number:

_____

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

## Official Form 113

# Chapter 13 Plan                                                                         12/17

Part 1: **Notices**

**To Debtor(s):**     **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**     **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

**Part 2:**     **Plan Payments and Length of Plan**

**2.1**     Debtor(s) will make regular payments to the trustee as follows:

**$635** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**     Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor  **Kevin Scott**                                            Case number _____

☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐    Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
     *Check one.*
     ☑    **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**      **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $22,860.00.**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1**      **Maintenance of payments and cure of default, if any.**

     *Check one.*
     ☑    **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**      **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

     ☐    **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
         ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

     ☑    The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

        The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

        The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

        (a) payment of the underlying debt determined under nonbankruptcy law, or

        (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Cook County Clerk | $19,374.39 | 15035 Evers Street Dolton, IL 60419 Cook County 29-11-402-014-0000 | $101,071.00 | $0.00 | $19,374.39 | 0.00% | $322.91 | $19,374.39 |

*Insert additional claims as needed.*

     **3.3**      **Secured claims excluded from 11 U.S.C. § 506.**

        *Check one.*

Debtor     **Kevin Scott**                                        Case number _____

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Santander Consumer USA** | **2014 Mitsubishi Outlander 70000 miles** | **$8,785.00** | **6.50%** | **$171.89** | **$10,313.30** |
| | | | | Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4        Lien avoidance**.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5        Surrender of collateral.**

*Check one.*

☑ **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1        General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2        Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**2,286.00**.

**4.3        Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4        Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5        Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor     **Kevin Scott**               Case number _____

**5.1**     **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $ _____ .

☑   __100.00__ % of the total amount of these claims, an estimated payment of $__1,874.00__ .

☑   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__60,111.78__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**     **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑     **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**     **Other separately classified nonpriority unsecured claims.** *Check one.*

☑     **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**6.1**     **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑     **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**7.1**     **Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*

☐   plan confirmation.

☑   entry of discharge.

☐   other: _____

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**8.1**     **Check "None" or List Nonstandard Plan Provisions**

☐     **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

1. Santander Consumer USA shall receive pre-confirmation adequate protection payments in the amount of $100.00 per month for Debtor's 2014 Mitsubishi Outlander.

_____

_____

_____

| Part 9: | **Signature(s):** |
|---|---|

**9.1**     **Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Kevin Scott**                     X   _____

     **Kevin Scott**                               Signature of Debtor 2

     Signature of Debtor 1

     Executed on    **February 15, 2019**            Executed on _____

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

Debtor      **Kevin Scott**                                                Case number

---

*X*   **/s/ Angie Harb**                          Date    **February 15, 2019**
      **Angie Harb 6320748**
      Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

Debtor   **Kevin Scott**           Case number _____

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

a.   **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)*      **$0.00**

b.   **Modified secured claims** *(Part 3, Section 3.2 total)*      **$19,374.39**

c.   **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)*      **$10,313.30**

d.   **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)*      **$0.00**

e.   **Fees and priority claims** *(Part 4 total)*      **$6,286.00**

f.   **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)*      **$1,874.00**

g.   **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)*      **$0.00**

h.   **Separately classified unsecured claims** *(Part 5, Section 5.3 total)*      **$0.00**

i.   **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)*      **$0.00**

j.   **Nonstandard payments** *(Part 8, total)*      +      **$0.00**

**Total of lines a through j**      **$37,847.69**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                        Case No. 19-04081-CAD
Kevin Scott                                                   Chapter 13
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1          User: carmstead          Page 1 of 1          Date Rcvd: Feb 19, 2019
                             Form ID: pdf001           Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 21, 2019.
db            +Kevin Scott,   15035 Evers St.,   Dolton, IL 60419-2618
27555788      +Aes / Wells,  Attn: Bankruptcy,   Po Box 2461,   Harrisburg, PA 17105-2461
27555789      +Aes/wachovia Bank,  Attn: Bankruptcy Dept,   Po Box 2461,   Harrisburg, PA 17105-2461
27555790      +Conduent/Aelma,  Attn: Claims Dept,   Po Box 7051,   Utica, NY 13504-7051
27555791      +Cook County Clerk,   118 N. Clark St Room 434,   Chicago, IL 60602-1413
27555793      +Credit Management, LP,  Attn: Bankruptcy,   Po Box 118288,   Carrollton, TX 75011-8288
27555794      +Dept of Ed / 582 / Nelnet,  Attn: Claims,   Po Box 82505,   Lincoln, NE 68501-2505
27555795      +I C System Inc,  Attn: Bankruptcy,   P.O. Box 64378,   St. Paul, MN 55164-0378
27555796      +IDAPP/ISAC Illinois Student Assistance C,   Attn: Bankruptcy Dept,   1755 Lake Cook Rd,
               Deerfield, IL 60015-5215
27555797       Metro South Hospital,   12395 S. Gregory St,   Blue Island, IL 60406
27555800      +Peoples Gas,  Attn: Bankruptcy,   200 East Randolph Street,   Chicago, IL 60601-6302
27555801      +Regional Recovery Services, Inc.,   Attn: Bankruptcy,   Po Box 3333,   Munster, IN 46321-0333
27555802      +Santander Consumer USA,  Attn: Bankruptcy,   Po Box 961245,   Fort Worth, TX 76161-0244
27555803      +TekCollect Inc,   Po Box 1269,   Columbus, OH 43216-1269
27555804     ++WELLS FARGO BANK NA,   1 HOME CAMPUS,   MAC X2303-01A,   DES MOINES IA 50328-0001
               (address filed with court: Wells Fargo Bank,   Attn: Bankruptcy Dept,   Po Box 6429,
               Greenville, SC 29606)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27555792      +E-mail/Text: lbankruptcy@cookcountytreasurer.com Feb 20 2019 03:25:46      Cook County Treasurer,
               118 N. Clark St #112,   Chicago, IL 60602-1590
27555798      +E-mail/Text: legal@newlinefinancial.com Feb 20 2019 03:27:24      Newline Holdings, LLC,
               55 W Monroe St,   Chicago, IL 60603-5138
27555799       E-mail/Text: legal@partners-mo.com Feb 20 2019 03:25:14      Partners Fin,   403 Axminister,
               Fenton, MO 63026
                                                                             TOTAL: 3

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 21, 2019                     Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 15, 2019 at the address(es) listed below:
          Angelica Harb    on behalf of Debtor 1 Kevin  Scott aharb@firstamericalaw.com,
          courtnotices@firstamericalaw.com
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                             TOTAL: 2

## U.S. District Court for the Northern District Of Illinois
## Attorney Appearance Form

Case Title: Kevin Scott

Case Number: 19-4081

An appearance is hereby filed by the undersigned as attorney for:
Newline Holdings LLC

Attorney name (type or print): Paul M. Bach

Firm: Bach Law Offices, Inc.

Street address: P.O. Box 1285

City/State/Zip: Northbrook, Illinois 60065

Bar ID Number: 06209530
(See item 3 in instructions)

Telephone Number: 847 564 0808

Email Address: paul@bachoffices.com

Are you acting as lead counsel in this case?  ☑ Yes  ☐ No

Are you acting as local counsel in this case?  ☐ Yes  ☑ No

Are you a member of the court's trial bar?  ☑ Yes  ☐ No

If this case reaches trial, will you act as the trial attorney?  ☑ Yes  ☐ No

If this is a criminal case, check your status.
☐ Retained Counsel
☐ Appointed Counsel
If appointed counsel, are you
☐ Federal Defender
☐ CJA Panel Attorney

In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by local rules 83.12 through 83.14. I declare under penalty of perjury that the foregoing is true and correct. Under 28 U.S.C.§1746, this statement under perjury has the same force and effect as a sworn statement made under oath.

Executed on 03/10/2019

Attorney signature:  S/ Paul M. Bach

(Use electronic signature if the appearance form is filed electronically.)

Revised 8/1/2015

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No.  19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**NEWLINE HOLDINGS LLC'S OBJECTION TO CONFIRMATION OF THE CHAPER 13
PLAN FILED FEBRUARY 15, 2019**

NOW COMES, Newline Holdings, LLC, by its attorney, Paul M. Bach of Bach Law Offices, Inc. and Objects to Confirmation of the Chapter 13 Plan filed on February 15, 2019 as to 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor under Chapter 13 of the United States Bankruptcy Code on February 15, 2019.

2. The Debtor listed on Schedule A of his Bankruptcy Schedules an ownership interest in the real estate commonly known as15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000.

3. On June 3, 2016, Newline Holdings LLC purchased the 2014 General Real Estate Taxes at for 1741 W. 127th Calumet Park, IL 60827, regarding PIN 25-31-218-002-0000 and paid a total of $2,254.76.  *See* Certificate of Purchase attached as an Exhibit to this Objection.

4. Since the purchase of the 2014 General Real Estate Taxes, subsequent General Real Estate Taxes for 2015 (Both Installments), 2016 (Both Installments) and 2017 (Both Installments) have been paid and costs incurred totaling $20,601.37.

1

5. On February 15, 2019, the Debtor filed a Chapter 13 Plan (which is not yet confirmed) which does not adequately provide for Newline Holdings LLC and is not confirmable as a matter of law for the reasons stated below.

6. The Plan does provide for Newline Holdings LLC in the amount of $19,374.30 at 0% with a set payment of $322.91. The party should be changed to Newline Holdings LLC. The amount should be $20,601.37 instead of $19,374.30. However, Newline Holdings LLC must be paid 12% on the subsequent taxes paid pursuant to a recent opinion by Judge Schmetterer *In Re Villasenor*, 14 B 15830 (Docket 53) (Bankr.N.D.Ill.2017). In another recent case with similar facts, Judge Cassling endorsed the holding and findings by Judge Schmetterer in *In Re Rogers*, 14 B 3337 (Docket 63)(Bankr.N.D.Ill.2017). The reasons stated by Judge Schmetterer that Newline Holdings LLC is entitled to interest on the subsequent installments are included here by reference. Additional objections are stated below.

7. The first installment of 2018 was $2,177.32 has not been paid an accrued post petition. This amount was not paid by the Debtor and is currently due and owing and accruing interest and penalties in the amount of $2,177.32.

8. Additionally, the post petition taxes are not specifically provided for in the plan. Although there is a provision for real estate taxes on Schedule J it is not sufficient as the Debtor currently has no funds to pay the 2018 real estate taxes in 2019. This can be demonstrated by the fact that the Debtor has $150.00 cash and three accounts totaling $190.00 at the time of the filing of the Bankruptcy Case. Additionally, since this Debtor has not paid real estate taxes for at least 3 years it is not allowable or advisable to provide for the taxes to be held by the Debtor. Any amount for real estate taxes should be held by a third party and paid monthly by the Debtor.

2

9. The Debtor's budget is barebones and is unlikely the Debtor can pay all payments required under the Plan for any period of time and therefore Newline Holdings LLC objects. The income listed by the Debtor appears to be speculative as the Debtor is relying on a non debtor to fund the Chapter 13 Plan. The Debtor's Schedule J underestimates the Debtor's expenses especially in light of the Debtor's employment and the type of expenses that are likely incurred.

10. That the Debtor's plan, as filed, improperly attempts to modify the rights of Newline Holdings LLC.

11. Newline Holdings LLC objects to the Debtor's Modified Chapter 13 Plan filed February 15, 2019 for the reasons stated above and as follows:

    a. The correct amount in the Plan should be $20,601.37 to Newline Holdings LLC The interest should be 12%;

    b. The Payment of future Real Estate Taxes is not provided for in the Plan and the amount to pay this amount should be deposited into an account controlled by a Third Party such as Newline Holdings LLC to assure that funds for Real Estate Taxes are actually paid on a monthly basis or in the alternative a Default Order should be entered;

    c. The Debtor should pay immediately the first installment of 2018 taxes due in 2019;

    d. A default order should be required to make sure the Debtor makes payments monthly to an taxes escrow and to the Chapter 13 Trustee;

    e. Additionally, the Debtor must make post petition payments for real estate taxes (beginning with the first installment of 2018 immediately) and keep the property insured. The Plan and by order the Court should order the Debtor to make payments for real estate taxes and insurance with stay relief to Newline Holdings LLC if such payment are not

3

made.

WHEREFORE, Newline Holdings LLC asks this Honorable Court to enter an order denying

confirmation of the Debtor's Chapter 13 Plan dated February 15, 2019 and further relief as is just and

equitable.

Respectfully Submitted,

Newline Holdings, LLC

BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )          BK No.:    19-04081
Kevin Scott                               )
                                          )
                                          )          Chapter:  13
                                          )
                                          )          Honorable Carol A. Doyle
                                          )
                                          )          SELECT IF OUTLYING AREA
            Debtor(s)                     )

**ORDER DENYING CONFIRMATION OF JANUARY 31, 2019 CHAPTER 13 PLAN**

THIS cause come on for Confirmation and Newline Holdings LLC's Objection to Confirmation of the Chapter 13 Plan dated February 15, 2019, the court being advised,

IT IS ORDERED, Confirmation of the Chapter 13 Plan dated February 15, 2019 is denied.

Enter:

Dated:                                              United States Bankruptcy Judge

**Prepared by:**
Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, IL 60065
847 564 0808

Rev: 20151029_bko

Case 1:21-cv-06346 Document #: 5-2 Filed: 12/27/21 Page 102 of 287 PageID #:141
Case 19-04031 Doc 20 Filed 02/21/19 Entered 02/21/19 23:35:37 Desc Imaged
Certificate of Notice    Page 1 of 7

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Kevin  Scott** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **NORTHERN DISTRICT OF ILLINOIS** | |

Case number:

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

**Chapter 13 Plan**                                                                 12/17

---

| Part 1: | **Notices** |
|---|---|

To Debtor(s):     **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

To Creditors:     **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

| Part 2: | **Plan Payments and Length of Plan** |
|---|---|

**2.1**     Debtor(s) will make regular payments to the trustee as follows:

<u>$635</u> per <u>Month</u> for <u>36</u> months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**     Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*

☐     Debtor(s) will make payments pursuant to a payroll deduction order.
☑     Debtor(s) will make payments directly to the trustee.
☐     Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑     Debtor(s) will retain any income tax refunds received during the plan term.

---

APPENDIX D                                            Chapter 13 Plan                                            Page 1

Case 1:21-cv-06346 Document #: 2-2 Filed: 12/27/21 Page 103 of 287 PageID #:142
Case 19-04031 Doc 20 Filed 02/21/19 Entered 02/21/19 23:98:34 Desc Imaged

Certificate of Notice    Page 2 of 7

| Debtor | **Kevin Scott** | Case number | |

☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐    Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

☑    **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**    **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $22,860.00.

| Part 3: | **Treatment of Secured Claims** |

**3.1**    **Maintenance of payments and cure of default, if any.**

*Check one.*

☑    **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐    **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑    The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Cook County Clerk | $19,374.39 | 15035 Evers Street Dolton, IL 60419 Cook County 29-10-402-014-0000 | $101,071.00 | $0.00 | $19,374.39 | 0.00% | $322.91 | $19,374.39 |

*Insert additional claims as needed.*

**3.3**    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

Official Form 113            Chapter 13 Plan            Page 2

Case 1:21-cv-06346 Document #: 5-2 Filed: 12/27/21 Page 104 of 287 PageID #:143
Case 19-04031 Doc 20 Filed 02/21/19 Entered 02/21/19 23:55:37 Desc Imaged
Certificate of Notice   Page 3 of 7

| Debtor | **Kevin Scott** | Case number | |
|--------|-----------------|-------------|---|

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|------------------|-----------|-----------------|---------------|----------------------|-------------------------------------|
| **Santander Consumer USA** | **2014 Mitsubishi Outlander 70000 miles** | **$8,785.00** | **6.50%** | **$171.89** | **$10,313.30** |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4      Lien avoidance**.

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5      Surrender of collateral.**

*Check one.*
☑ **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---------|-------------------------------------------|

**4.1      General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2      Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**2,286.00**.

**4.3      Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4      Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5      Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---------|-----------------------------------------------|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

Case 1:21-cr-06346 Document #: 5-2 Filed 12/27/21 Page 105 of 287 PageID #:144
Case 19-04031   Doc 20   Filed 02/21/19   Entered 02/21/19 23:95:34   Best Imaged
Certificate of Notice    Page 4 of 7

| Debtor | **Kevin Scott** | Case number | _____ |
|---|---|---|---|

**5.1     Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $ _____ .

☑   **100.00**  % of the total amount of these claims, an estimated payment of $ **1,874.00**

☑   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **60,111.78** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2     Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑     **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3     Other separately classified nonpriority unsecured claims.** *Check one*.

☑     **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

---

**Part 6:     Executory Contracts and Unexpired Leases**

**6.1     The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑     **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

**Part 7:     Vesting of Property of the Estate**

**7.1     Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*

☐   plan confirmation.

☑   entry of discharge.

☐   other: _____

---

**Part 8:     Nonstandard Plan Provisions**

**8.1     Check "None" or List Nonstandard Plan Provisions**

☐     **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

 1. Santander Consumer USA shall receive pre-confirmation adequate protection payments in the amount of $100.00 per
 month for Debtor's 2014 Mitsubishi Outlander.

_____

_____

_____

---

**Part 9:     Signature(s):**

**9.1     Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Kevin Scott**                                      X   _____

   **Kevin Scott**                                               Signature of Debtor 2
   Signature of Debtor 1

Executed on   **February 15, 2019**                 Executed on   _____

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Case 1:21-cv-06346 Document #: 5-2 Filed: 12/27/21 Page 106 of 287 PageID #:145
Case 19-04081   Doc 20   Filed 02/21/19   Entered 02/21/19 23:93:34   Best Imaged
Certificate of Notice    Page 5 of 7

Debtor  __**Kevin Scott**_____     Case number  _____

X  __*/s/ Angie Harb*_____     Date  __**February 15, 2019**_____
   **Angie Harb 6320748**
   Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Case 1:21-cv-06346 Document #: 5-2 Filed: 12/27/21 Page 107 of 287 PageID #:146
Case 19-04081  Doc 20  Filed 02/21/19  Entered 02/21/19 23:55:34  Desc Imaged
Certificate of Notice    Page 6 of 7

| Debtor | **Kevin Scott** | Case number | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | | |
|---|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | | $19,374.39 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | | $10,313.30 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | | $6,286.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | | $1,874.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + | $0.00 |

| | | |
|---|---|---|
| **Total of lines a through j** | | $37,847.69 |

Case 1:21-cv-06346 Document #: 5-2 Filed: 12/27/21 Page 108 of 287 PageID #:147
Case 19-04081  Doc 20  Filed 02/27/19  Entered 02/27/19 23:55:34  Desc Imaged
Certificate of Notice    Page 7 of 7
United States Bankruptcy Court
Northern District of Illinois

In re:                                                        Case No. 19-04081-CAD
Kevin Scott                                                   Chapter 13
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1        User: carmstead        Page 1 of 1        Date Rcvd: Feb 19, 2019
                           Form ID: pdf001        Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 21, 2019.
db          +Kevin Scott,   15035 Evers St.,   Dolton, IL 60419-2618
27555788    +Aes / Wells,   Attn: Bankruptcy,   Po Box 2461,   Harrisburg, PA 17105-2461
27555789    +Aes/wachovia Bank,   Attn: Bankruptcy Dept,   Po Box 2461,   Harrisburg, PA 17105-2461
27555790    +Conduent/Aelma,   Attn: Claims Dept,   Po Box 7051,   Utica, NY 13504-7051
27555791    +Cook County Clerk,   118 N. Clark St Room 434,   Chicago, IL 60602-1413
27555793    +Credit Management, LP,   Attn: Bankruptcy,   Po Box 118288,   Carrollton, TX 75011-8288
27555794    +Dept of Ed / 582 / Nelnet,   Attn: Claims,   Po Box 82505,   Lincoln, NE 68501-2505
27555795    +I C System Inc,   Attn: Bankruptcy,   P.O. Box 64378,   St. Paul, MN 55164-0378
27555796    +IDAPP/ISAC Illinois Student Assistance C,   Attn: Bankruptcy Dept,   1755 Lake Cook Rd,
              Deerfield, IL 60015-5215
27555797     Metro South Hospital,   12395 S. Gregory St,   Blue Island, IL 60406
27555800    +Peoples Gas,   Attn: Bankruptcy,   200 East Randolph Street,   Chicago, IL 60601-6302
27555801    +Regional Recovery Services, Inc.,   Attn: Bankruptcy,   Po Box 3333,   Munster, IN 46321-0333
27555802    +Santander Consumer USA,   Attn: Bankruptcy,   Po Box 961245,   Fort Worth, TX 76161-0244
27555803    +TekCollect Inc,   Po Box 1269,   Columbus, OH 43216-1269
27555804    ++WELLS FARGO BANK NA,   1 HOME CAMPUS,   MAC X2303-01A,   DES MOINES IA 50328-0001
              (address filed with court: Wells Fargo Bank,   Attn: Bankruptcy Dept,   Po Box 6429,
              Greenville, SC 29606)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27555792    +E-mail/Text: lbankruptcy@cookcountytreasurer.com Feb 20 2019 03:25:46        Cook County Treasurer,
              118 N. Clark St #112,   Chicago, IL 60602-1590
27555798    +E-mail/Text: legal@newlinefinancial.com Feb 20 2019 03:27:24        Newline Holdings, LLC,
              55 W Monroe St,   Chicago, IL 60603-5138
27555799     E-mail/Text: legal@partners-mo.com Feb 20 2019 03:25:14        Partners Fin,   403 Axminister,
              Fenton, MO 63026
                                                                                    TOTAL: 3

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 21, 2019                        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 15, 2019 at the address(es) listed below:
              Angelica Harb    on behalf of Debtor 1 Kevin  Scott aharb@firstamericalaw.com,
              courtnotices@firstamericalaw.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                    TOTAL: 2

STATE OF ILLINOIS )
               ) ss
COUNTY OF COOK )                            CERTIFICATE NUMBER 14-0004970

--CERTIFICATE OF PURCHASE--

FOR GENERAL TAXES AND SPECIAL ASSESSMENTS, A.D. 2014 , ETC.

     I, DAVID D. ORR, County Clerk in and for the County and State aforesaid DO HEREBY CERTIFY THAT **NEWLINE HOLDINGS LLC** did, on the day hereinafter set forth , purchase at Public Auction, at the Court House in CHICAGO, the property designated by PERMANENT REAL ESTATE NUMBER **2 9 - 1 0 - 4 0 2 - 0 1 4 - 0 0 0 0**, situated in said County for the taxes, interest and costs due and unpaid thereon for the tax year **2014** and prior and paid as purchase money on said property the total amount of taxes, interest and costs thereon as stated herein.

    VOLUME **2 0 2**      PERMANENT INDEX NUMBER    **2 9 - 1 0 - 4 0 2 - 0 1 4 - 0 0 0 0**

| TAXES | Date of Sale | Rate of Percent Sold | | | Total Amt. of TAXES and Interest | Date Paid |
|---|---|---|---|---|---|---|
| | 06/06/16 | 0.00 | Tax | 1,723.41 | | 06/06/16 |
| GENERAL 2014 | | | Interest | 284.35 | | |
| | | | | | 2,007.76 | |
| BACK TAX YRS - | | | Tax | | | |
| | | | Interest | | | |
| SPECIAL ASSESSMENT 2015 | | | Tax | | | |
| | | | Interest | | | |
| STATUTORY TREASURER FEES | | | | | 200.00 | |
| STATUTORY CLERK FEES | | | | | 47.00 | |
| PRIOR YEARS' SPECIAL & GENERAL TAXES | | | | | .00 | |
| | | | | | | |
| | | | | | | |
| TOTAL | | | | | 2,254.76 | |

    Received this **09** day of **AUGUST** , 2016 , the sum of $ **2,254.76** the amount of the purchase money on the above property.

    If the aforesaid property is not redeemed in the manner and within the time provided by law, the above-named purchaser, his heirs or assigns, will, upon application and compliance with the provisions of law pertaining thereto, be entitled to receive a deed of conveyance for said real estate herein described by said permanent index number; provided that unless the holder of this certificate shall take out said deed, as entitled by law, and file same for record within one year from and after expiration of the time of redemption, the said certificate or deed, and the sale upon which it is based, shall from and after the expiration of one year, be absolutely null.

               WITNESS my hand and the official seal at CHICAGO in said County this    **09**    day of **AUGUST** , A.D., 2016 .

Assessee:

Countersigned:

*Maria Pappas*
County Treasurer and Ex-Officio Collector of Cook County

*David D. Orr*
County Clerk of Cook County

THIS DOCUMENT HAS A COLORED BACKGROUND. ANY ERASURES VOID THIS CERTIFICATE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No.  19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

## <u>NOTICE OF FILING</u>

TO:  SEE ATTACHED SERVICE LIST

You are hereby notified that on March 11, 2019, I caused to be filed with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division:  **NEWLINE HOLDINGS LLC'S OBJECTION TO CONFIRMATION OF THE CHAPER 13 PLAN FILED FEBRUARY 15, 2019**


BY:<u>/s/Paul M. Bach</u>
Paul M. Bach
Bach Law Offices
PO Box 1285
Northbrook, Illinois 60065
847 564 0808

## <u>PROOF OF SERVICE</u>

I, PAUL M. BACH certify that I served this notice and attached motion upon all parties named in this notice as stated on the attached service list by the method stated and if by first class US Mail with proper postage prepaid, in Northbrook, IL 60062 all on March 11, 2019.


<u>/s/Paul M. Bach</u>

SERVICE LIST

**Kevin Scott**                                      **BY FIRST CLASS US MAIL**
15035 Evers St.
Dolton, IL 60419

**Angelica Harb**                                    **BY ECF ELECTRONIC DELIVERY**
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606

**Tom Vaughn**                                       **BY ECF ELECTRONIC DELIVERY**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603

**Patrick S Layng**                                  **BY ECF ELECTRONIC DELIVERY**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

**UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

RE: KEVIN SCOTT                      ) Case No. 19 B 04081
                                      )
                       Debtor   ) Chapter 13
                                      )
                                      ) Judge: CAROL A DOYLE

<div align="center">

**NOTICE OF MOTION**

</div>

KEVIN SCOTT                                HINDS LAW LLC
                                                  via Clerk's ECF noticing procedures

15035 EVERS ST
DOLTON, IL 60419

Please take notice that on April 16, 2019 at 10:30 am my designee or I will appear before the Honorable Judge CAROL A DOYLE at 219 South Dearborn Courtroom 742, Chicago, IL and present the motion set forth below.

I certify under penalty of perjury that this office caused a copy of this notice to be delivered to the persons named above by U.S. mail at  55 E Monroe St.,  Chicago, IL or by the methods indicated on March 22 , 2019.

<div align="center">

/s/ Tom Vaughn

**TRUSTEE'S MOTION TO DISMISS FOR UNREASONABLE DELAY**

</div>

Now comes Tom Vaughn, Trustee in the above entitled case and moves the Court to dismiss this case in support thereof states:

1.  On February 15, 2019 the Debtor filed a petition and plan under Chapter 13 of Title 11  U.S.C.

2. That the above-captioned plan has not yet been confirmed .

3. That the Debtor has caused unreasonable delay that is prejudicial to creditors by failing to:

341 meeting not adjourned.

WHEREFORE, the Trustee prays that this case be dismissed for unreasonable delay by the debtor pursuant to 11 U.S.C. § 1307 (c) (1).

                                            Respectfully submitted,

TOM VAUGHN
CHAPTER 13 TRUSTEE                             /s/ Tom Vaughn
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
(312) 294-5900

Form G5  (20170105_bko)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                      )          BK No.:     19-04081
KEVIN SCOTT                                 )
                                            )
                                            )          Chapter:  13
                                            )
                                            )          Honorable CAROL A DOYLE
                                            )          SELECT IF OUTLYING AREA
                 Debtor(s)                  )

### ORDER DISMISSING CASE FOR UNREASONABLE DELAY

Having heard the facts presented, it appearing to the court that the Debtor(s) failure to appear or to produce requested information or documents is unreasonable and prejudicial to creditors.

IT IS THEREFORE ORDERED that this case is dismissed for unreasonable delay pursuant to 11 U.S.C. § 1307 (c) (1).

Enter:

Honorable CAROL A DOYLE
United States Bankruptcy Judge

Dated:

**Prepared by:**
Tom Vaughn
Chapter 13 Trustee
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
(312) 294-5900

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Kevin Scott | ) | |
| | ) | **Case No:**  19 B 04081 |
| | ) | **Judge:**  Doyle |
| | ) | **Chapter**  13 |
| **Debtor** | ) | |

### RE-NOTICE OF CHAPTER 13 341 MEETING OF CREDITORS

**Served upon the following parties electronically:**
**Office of United States Trustee**, Dirksen Federal Building, 219 S. Dearborn St., Room 873, Chicago, IL 60604
**Trustee:** Thomas Vaughn, 55 E. Monroe Street, Ste. 3850, Chicago, IL 60603
**and served upon the following parties via U.S. Mail:**
Debtor: Kevin Scott, 15035 Evers St, Dolton, IL 60419
**See Attached Service List**

PLEASE TAKE NOTICE that the Chapter 13 341 Meeting of Creditors in the above-captioned case will take place on **April 17, 2019 at 2:30 p.m.** at the Office of Thomas Vaughn, Chapter 13 Trustee, 55 E. Monroe Street, Ste. 3850, Chicago, IL 60603.

### PROOF OF SERVICE

I, The undersigned, an attorney, hereby certify that a copy of this notice was served electronically or mailed to the above persons, at their respective addresses, postage prepaid, by depositing in the U.S. Mail at 211 W. Wacker Drive, Chicago, IL 60606, before 6:00 p.m. on or before March 26, 2019.

_____/s/ Angelica Harb___

Angelica Harb
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606
800-695-7674

```
Label Matrix for local noticing      U.S. Bankruptcy Court            Aes / Wells
0752-1                               Eastern Division                Attn: Bankruptcy
Case 19-04081                        219 S Dearborn                  Po Box 2461
Northern District of Illinois        7th Floor                       Harrisburg, PA 17105-2461
Eastern Division                     Chicago, IL 60604-1702
Tue Mar 26 16:07:41 CDT 2019

Aes/wachovia Bank                    Conduent/Aelma                  Cook County Clerk
Attn: Bankruptcy Dept                Attn: Claims Dept               118 N. Clark St Room 434
Po Box 2461                          Po Box 7051                     Chicago, IL 60602-1413
Harrisburg, PA 17105-2461            Utica, NY 13504-7051

Cook County Treasurer                Credit Management, LP           Dept of Ed / 582 / Nelnet
118 N. Clark St #112                 Attn: Bankruptcy                Attn: Claims
Chicago, IL 60602-1590               Po Box 118288                   Po Box 82505
                                     Carrollton, TX 75011-8288       Lincoln, NE 68501-2505

I C System Inc                       IDAPP/ISAC Illinois Student Assistance C   Metro South Hospital
Attn: Bankruptcy                     Attn: Bankruptcy Dept           12395 S. Gregory St
P.O. Box 64378                       1755 Lake Cook Rd               Blue Island, IL 60406
St. Paul, MN 55164-0378              Deerfield, IL 60015-5215

Newline Holdings, LLC                Newline Holdings, LLC           (p)PARTNERS FINANCIAL SERVICES INC
55 W Monroe St                       Paul M Bach                     PO BOX 728
Chicago, IL 60603-5138               POB 1285                        FENTON MO 63026-0728
                                     Northbrook IL 60065-1285

Peoples Gas                          Regional Recovery Services, Inc.   Santander Consumer USA
Attn: Bankruptcy                     Attn: Bankruptcy                Attn: Bankruptcy
200 East Randolph Street             Po Box 3333                     Po Box 961245
Chicago, IL 60601-6302               Munster, IN 46321-0333          Fort Worth, TX 76161-0244

Santander Consumer USA, Inc.         TekCollect Inc                  (p)WELLS FARGO BANK NA
P.O. Box 961245                      Po Box 1269                     1 HOME CAMPUS
Fort Worth, TX 76161-0244            Columbus, OH 43216-1269         MAC X2303-01A
                                                                     DES MOINES IA 50328-0001

Angelica Harb                        Kevin Scott                     Patrick S Layng
Hinds Law LLC                        15035 Evers St.                 Office of the U.S. Trustee, Region 11
211 W Wacker Dr Suite 321            Dolton, IL 60419-2618           219 S Dearborn St
Chicago, IL 60606-1217                                               Room 873
                                                                     Chicago, IL 60604-2027

Tom Vaughn
55 E. Monroe Street, Suite 3850
Chicago, IL 60603-5764
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Partners Fin
403 Axminister
Fenton, MO 63026

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Newline Holdings LLC

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Scott** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** | | |
| Case number: | **19-04081** | | |
| (If known) | | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

**2.1, 2.5, 3.2**

Official Form 113

# Chapter 13 Plan

12/17

---

| Part 1: | Notices |
|---|---|

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

---

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$800** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

---

APPENDIX D                               Chapter 13 Plan                               Page 1

| Debtor | **Kevin Scott** | Case number | **19-04081** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>28,800.00</u>.**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim.* For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Newline Holdings, LLC** | $20,601.37 | **15035 Evers Street Dolton, IL 60419 Cook County** | $101,071.00 | $0.00 | $20,601.37 | 12.00% | $458.27 | $27,495.85 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

| Debtor | **Kevin Scott** | | Case number | **19-04081** |

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Santander Consumer USA** | **2014 Mitsubishi Outlander 70000 miles** | **$9,074.43** | **6.50%** | **$177.55** | **$10,653.00** |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1    General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**2,880.00**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**5.1    Nonpriority unsecured claims not separately classified.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

Debtor     **Kevin Scott**                                    Case number     **19-04081**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐      The sum of $ _____ .

☑      __100.00__ % of the total amount of these claims, an estimated payment of $ __2,941.35__ .

☑      The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ __58,946.15__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2     Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑      **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3     Other separately classified nonpriority unsecured claims.** *Check one.*

☑      **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**6.1     The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**7.1     Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*

☐      plan confirmation.

☑      entry of discharge.

☐      other: _____

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**8.1     Check "None" or List Nonstandard Plan Provisions**

☐      **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

1. Santander Consumer USA shall receive pre-confirmation adequate protection payments in the amount of $100.00 per month for Debtor's 2014 Mitsubishi Outlander.

| Part 9: | **Signature(s):** |
|---|---|

**9.1     Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Kevin Scott**                                       X   _____
**Kevin Scott**                                                    Signature of Debtor 2
Signature of Debtor 1

Executed on   **May  2, 2019**                          Executed on   _____

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Debtor   **Kevin Scott**            Case number   **19-04081**

*X*   **/s/ Angie Harb**           Date   **May  2, 2019**
    **Angie Harb 6320748**
    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

---

Official Form 113            **Chapter 13 Plan**            Page 5

Debtor  **Kevin Scott**                                      Case number  **19-04081**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | | |
|---|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | | $27,495.85 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | | $10,653.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | | $6,880.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | | $2,941.35 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + | $0.00 |
| | **Total of lines a through j** | | $47,970.20 |

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Scott** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number | 19-04081 | | |

■ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

| 1.1 | | |
|---|---|---|
| **15035 Evers Street** | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ■ Single-family home | |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| **Dolton          IL    60419-0000** | ☐ Manufactured or mobile home | **Current value of the entire property?**   **Current value of the portion you own?** |
| City          State    ZIP Code | ☐ Land | $101,071.00        $101,071.00 |
| | ☐ Investment property | |
| | ☐ Timeshare | **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.** |
| | ☐ Other _____ | |
| **Cook** | **Who has an interest in the property?** Check one | |
| County | ■ Debtor 1 only | |
| | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ **Check if this is community property** (see instructions) |
| | ☐ At least one of the debtors and another | |
| | **Other information you wish to add about this item, such as local property identification number:** | |

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**...........................................................=>

$101,071.00

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1    **Kevin Scott**                                    Case number *(if known)*    **19-04081**

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | | |
|---|---|---|---|
| 3.1 | Make: **Mitsubishi** | **Who has an interest in the property?** Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

3.1   Make:  **Mitsubishi**

Model: **Outlander**

Year: **2014**

Approximate mileage: **70000**

Other information:

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?     Current value of the portion you own?

**$7,925.00**     **$7,925.00**

3.2   Make:  **Chrysler**

Model: **300**

Year: **2002**

Approximate mileage: **200000**

Other information:

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?     Current value of the portion you own?

**$350.00**     **$350.00**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................................=>     **$8,275.00**

| **Part 3:** | **Describe Your Personal and Household Items** |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?     Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

| **Used household goods** | **$1,500.00** |
|---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ■ No
   ☐ Yes. Describe.....

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

Debtor 1    **Kevin Scott**                         Case number *(if known)*    **19-04081**

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   - ☑ No
   - ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    - ☑ No
    - ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    - ☐ No
    - ☑ Yes. Describe.....

    | Clothes | $400.00 |
    |---------|---------|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    - ☑ No
    - ☐ Yes. Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    - ☑ No
    - ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    - ☑ No
    - ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................

    **$1,900.00**

| **Part 4:** | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    - ☐ No
    - ☑ Yes...........................................................................................................

    Cash on Hand      **$150.00**

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    - ☐ No
    - ☑ Yes.......................      Institution name:

| 17.1. | **Checking Account** | **Checking account with MB Financial** | **$150.00** |
|---|---|---|---|

| 17.2. | **Checking** | **Checking Account with PNC Bank** | **$40.00** |
|---|---|---|---|

| Debtor 1 | **Kevin Scott** | | Case number *(if known)* | **19-04081** |

| 17.3. | **Mutual Fund** | **Mutual Fund with Prudential** | **$300.00** |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes................. Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
    Name of entity: % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
    Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ☐ No
    ■ Yes. List each account separately.
    Type of account: Institution name:

| **401k** | **401k with employer** | **$0.00** |

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. .................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes............. Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes............. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |

Debtor 1     **Kevin Scott**                                               Case number *(if known)*     **19-04081**

28. **Tax refunds owed to you**
    ☑ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

    _____

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ☑ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security
    benefits; unpaid loans you made to someone else
    ☑ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ☑ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    |                  Company name:                          Beneficiary:                          Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ☑ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ☑ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ☑ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ☑ No
    ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here**..................................................................................................................

    |                          **$640.00** |

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ☑ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ☑ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| **Part 7:** | Describe All Property You Own or Have an Interest in That You Did Not List Above |

Debtor 1    **Kevin Scott**                                                Case number *(if known)*    **19-04081**

53.  **Do you have other property of any kind you did not already list?**
     *Examples:* Season tickets, country club membership
     ☑ No
     ☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................    | **$0.00** |

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55.  **Part 1: Total real estate, line 2** ..................................................................................    **$101,071.00**

56.  **Part 2: Total vehicles, line 5**                                    **$8,275.00**

57.  **Part 3: Total personal and household items, line 15**              **$1,900.00**

58.  **Part 4: Total financial assets, line 36**                            **$640.00**

59.  **Part 5: Total business-related property, line 45**                   **$0.00**

60.  **Part 6: Total farm- and fishing-related property, line 52**          **$0.00**

61.  **Part 7: Total other property not listed, line 54**              +    **$0.00**

62.  **Total personal property.** Add lines 56 through 61...    **$10,815.00**    Copy personal property total    **$10,815.00**

63.  **Total of all property on Schedule A/B.** Add line 55 + line 62                        | **$111,886.00** |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Scott** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number (if known) | 19-04081 | | |

■ Check if this is an amended filing

## Official Form 106C

## Schedule C: The Property You Claim as Exempt                                    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **15035 Evers Street Dolton, IL 60419 Cook County**<br>Line from *Schedule A/B*: **1.1** | $101,071.00 | ■ | $15,000.00 | 735 ILCS 5/12-901 |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| **2002 Chrysler 300 200000 miles**<br>Line from *Schedule A/B*: **3.2** | $350.00 | ■ | $350.00 | 735 ILCS 5/12-1001(b) |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| **Used household goods**<br>Line from *Schedule A/B*: **6.1** | $1,500.00 | ■ | $1,500.00 | 735 ILCS 5/12-1001(b) |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| **Clothes**<br>Line from *Schedule A/B*: **11.1** | $400.00 | ■ | $400.00 | 735 ILCS 5/12-1001(a) |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| **Cash on Hand**<br>Line from *Schedule A/B*: **16.1** | $150.00 | ■ | $150.00 | 735 ILCS 5/12-1001(b) |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |

| Debtor 1 | **Kevin Scott** | | Case number (if known) | **19-04081** |
|---|---|---|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Checking Account: Checking account with MB Financial**<br>Line from *Schedule A/B*: **17.1** | **$150.00** | ■ **$150.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **Checking: Checking Account with PNC Bank**<br>Line from *Schedule A/B*: **17.2** | **$40.00** | ■ **$40.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **Mutual Fund: Mutual Fund with Prudential**<br>Line from *Schedule A/B*: **17.3** | **$300.00** | ■ **$300.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1001(b)** |
| **401k: 401k with employer**<br>Line from *Schedule A/B*: **21.1** | **$0.00** | ■ **$0.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **735 ILCS 5/12-1006** |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   　　☐ No

   　　☐ Yes

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com　　　　Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | **19-04081** |

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                     12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Describe Employment

1.  **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | | **Customer Service** | |
| Employer's name | | **CVS** | **Nothing Bundt Cakes** |
| Employer's address | | **One CVS Dr<br>Woonsocket, RI 02895** | **1953 N Clybourn Ave<br>Chicago, IL 60614** |
| How long employed there? | | | |

### Part 2:     Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **500.00** | $ **3,750.00** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ **500.00** | $ **3,750.00** |

Debtor 1 __Kevin Scott__    Case number (*if known*) __19-04081__

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 500.00 | $ 3,750.00 |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 716.86 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h.+ **Other deductions.** Specify: | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 0.00    $ 716.86

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ 500.00    $ 3,033.14

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $ 0.00    $ 0.00

8b. **Interest and dividends**    8b.    $ 0.00    $ 0.00

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $ 0.00    $ 0.00

8d. **Unemployment compensation**    8d.    $ 0.00    $ 0.00

8e. **Social Security**    8e.    $ 0.00    $ 0.00

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify:    8f.    $ 0.00    $ 0.00

8g. **Pension or retirement income**    8g.    $ 0.00    $ 0.00

8h.+ **Other monthly income.** Specify:  __Prorated Tax Refund__    8h.+    $ 179.42 +    $ 0.00

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 179.42    $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.    10.    $ 679.42 + $ 3,033.14 = $ 3,712.56
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:    11.  +$    0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.    $    3,712.56

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☑ No.
☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | **19-04081** |

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

| Part 1: | Describe Your Household |
|---|---|

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ☐ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ☐ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No
   ☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
|---|---|

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

   4. $ _____ 0.00

   **If not included in line 4:**

   4a. Real estate taxes        4a. $ _____ 415.00
   4b. Property, homeowner's, or renter's insurance        4b. $ _____ 200.00
   4c. Home maintenance, repair, and upkeep expenses        4c. $ _____ 0.00
   4d. Homeowner's association or condominium dues        4d. $ _____ 0.00

5. **Additional mortgage payments for your residence,** such as home equity loans        5. $ _____ 0.00

Debtor 1    **Kevin Scott**                                    Case number (if known)    **19-04081**

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | 315.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 116.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 200.00 |
| | 6d. Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 560.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 75.00 |
| 10. | **Personal care products and services** | 10. $ | 75.00 |
| 11. | **Medical and dental expenses** | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | | |
| | Do not include car payments. | 12. $ | 256.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | 200.00 |
| | 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | |
| | Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | 500.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. Other. Specify: | 17c. $ | 0.00 |
| | 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | $ | 0.00 |
| | Specify: | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | |
| | 20a. Mortgages on other property | 20a. $ | 0.00 |
| | 20b. Real estate taxes | 20b. $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | 21. +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 2,912.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 2,912.00 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | 3,712.56 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 2,912.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | 800.56 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.    Explain here:

**Fill in this information to identify your case:**

Debtor 1    **Kevin Scott**
           First Name        Middle Name        Last Name

Debtor 2
(Spouse if, filing)    First Name        Middle Name        Last Name

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number    **19-04081**
(if known)

■ Check if this is an
amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules
12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X  /s/ Kevin Scott                          X _____
   **Kevin Scott**                             Signature of Debtor 2
   Signature of Debtor 1

Date    April 17, 2019                      Date _____

Official Form 106Dec            Declaration About an Individual Debtor's Schedules

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE:  Kevin Scott | ) |
| | )  **Case No:  19 B 04081** |
| | )  **Judge:    Doyle** |
| | )  **Chapter   13** |
| **Debtor** | ) |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a copy of the Amended Chapter 13 Plan filed on May 2, 2019 was mailed to the below persons, at their respective addresses, postage prepaid, by depositing in the U.S. Mail in Chicago, IL 60606, and electronically, before 6:00 p.m. on May 3, 2019.


Kevin Scott
15035 Evers St
Dolton, IL 60419
(via regular mail)

Tom Vaughn
55 E. Monroe Street, Ste. 3850
Chicago, IL 60603
(via ECF)

All creditors listed on the attached service list
(via regular mail)


_____/s/ Angelica Harb___
Angelica Harb
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606
800-695-7674

```
Label Matrix for local noticing      U.S. Bankruptcy Court              Aes / Wells
0752-1                                Eastern Division                  Attn: Bankruptcy
Case 19-04081                         219 S Dearborn                    Po Box 2461
Northern District of Illinois         7th Floor                         Harrisburg, PA 17105-2461
Eastern Division                      Chicago, IL 60604-1702
Tue Mar 26 16:07:41 CDT 2019

Aes/wachovia Bank                     Conduent/Aelma                    Cook County Clerk
Attn: Bankruptcy Dept                 Attn: Claims Dept                 118 N. Clark St Room 434
Po Box 2461                           Po Box 7051                       Chicago, IL 60602-1413
Harrisburg, PA 17105-2461             Utica, NY 13504-7051

Cook County Treasurer                 Credit Management, LP             Dept of Ed / 582 / Nelnet
118 N. Clark St #112                  Attn: Bankruptcy                  Attn: Claims
Chicago, IL 60602-1590                Po Box 118288                     Po Box 82505
                                      Carrollton, TX 75011-8288         Lincoln, NE 68501-2505

I C System Inc                        IDAPP/ISAC Illinois Student Assistance C   Metro South Hospital
Attn: Bankruptcy                      Attn: Bankruptcy Dept             12395 S. Gregory St
P.O. Box 64378                        1755 Lake Cook Rd                 Blue Island, IL 60406
St. Paul, MN 55164-0378               Deerfield, IL 60015-5215

Newline Holdings, LLC                 Newline Holdings, LLC             (p)PARTNERS FINANCIAL SERVICES INC
55 W Monroe St                        Paul M Bach                      PO BOX 728
Chicago, IL 60603-5138                POB 1285                         FENTON MO 63026-0728
                                      Northbrook IL 60065-1285

Peoples Gas                           Regional Recovery Services, Inc.  Santander Consumer USA
Attn: Bankruptcy                      Attn: Bankruptcy                  Attn: Bankruptcy
200 East Randolph Street              Po Box 3333                      Po Box 961245
Chicago, IL 60601-6302                Munster, IN 46321-0333           Fort Worth, TX 76161-0244

Santander Consumer USA, Inc.          TekCollect Inc                   (p)WELLS FARGO BANK NA
P.O. Box 961245                       Po Box 1269                      1 HOME CAMPUS
Fort Worth, TX 76161-0244             Columbus, OH 43216-1269          MAC X2303-01A
                                                                       DES MOINES IA 50328-0001

Angelica Harb                         Kevin Scott                      Patrick S Layng
Hinds Law LLC                         15035 Evers St.                  Office of the U.S. Trustee, Region 11
211 W Wacker Dr Suite 321             Dolton, IL 60419-2618            219 S Dearborn St
Chicago, IL 60606-1217                                                Room 873
                                                                       Chicago, IL 60604-2027

Tom Vaughn
55 E. Monroe Street, Suite 3850
Chicago, IL 60603-5764
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Partners Fin
403 Axminster
Fenton, MO 63026

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Newline Holdings LLC

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25

**UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| RE: KEVIN SCOTT | | ) Case No. 19 B 04081 |
| | | ) |
| | Debtor | ) Chapter 13 |
| | | ) |
| | | ) Judge: CAROL A DOYLE |

### NOTICE OF MOTION

KEVIN SCOTT                                                    HINDS LAW LLC
                                                                        via Clerk's ECF noticing procedures

15035 EVERS ST
DOLTON, IL 60419

Please take notice that on June 04, 2019 at 10:30 am my designee or I will appear before the Honorable Judge CAROL A DOYLE at 219 South Dearborn Courtroom 742, Chicago, IL and present the motion set forth below.

I certify under penalty of perjury that this office caused a copy of this notice to be delivered to the persons named above by U.S. mail at  55 E Monroe St.,  Chicago, IL or by the methods indicated on May 21 , 2019.

/s/ Tom Vaughn

### TRUSTEE'S MOTION TO DISMISS FOR UNREASONABLE DELAY

Now comes Tom Vaughn, Trustee in the above entitled case and moves the Court to dismiss this case in support thereof states:

1.  On February 15, 2019 the Debtor filed a petition and plan under Chapter 13 of Title 11  U.S.C.

2. That the above-captioned plan has not yet been confirmed .

3. That the Debtor has caused unreasonable delay that is prejudicial to creditors by failing to:

Failure to confirm plan.

WHEREFORE, the Trustee prays that this case be dismissed for unreasonable delay by the debtor pursuant to 11 U.S.C. § 1307 (c) (1).

Respectfully submitted,

TOM VAUGHN
CHAPTER 13 TRUSTEE                                    /s/ Tom Vaughn
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
(312) 294-5900

Form G5  (20170105_bko)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:    19-04081 |
| KEVIN SCOTT | ) | |
| | ) | |
| | ) | Chapter:  13 |
| | ) | |
| | ) | Honorable CAROL A DOYLE |
| | ) | SELECT IF OUTLYING AREA |
| Debtor(s) | ) | |

### ORDER DISMISSING CASE FOR UNREASONABLE DELAY

Having heard the facts presented, it appearing to the court that the Debtor(s) failure to appear or to produce requested information or documents is unreasonable and prejudicial to creditors.


IT IS THEREFORE ORDERED that this case is dismissed for unreasonable delay pursuant to 11 U.S.C. § 1307 (c) (1).


Enter:


Honorable CAROL A DOYLE

United States Bankruptcy Judge

Dated:

**Prepared by:**

Tom Vaughn
Chapter 13 Trustee
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
(312) 294-5900

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No. 19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT**

_____

**THIS CAUSE** coming on to be heard on the Objection to Confirmation of the Creditor Newline Holdings LLC (hereinafter, "Creditor"), the Creditor withdrawing its objection based on the entry of this order, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1. That beginning with the 1st Installment of Real Estate Taxes for 2018, due in 2019, for the real estate commonly known as 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 ("the real estate taxes"), the debtor must commence making timely payment of real estate taxes for the real estate continuing throughout the pendency of the bankruptcy to the County of Cook;

2. That a payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before the date in which it is due;

3. That if the County of Cook website fails to show payment of an installment of real estate taxes within fifteen days of the "timely" due date as set by the County of Cook and if the debtor fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated and modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

1

4.      That beginning with the first plan payment due (30 days after filing) after the entry of this order, the debtor must commence making timely payment of Trustee payments in the amount called for the confirmed Chapter 13 Plan continuing throughout the pendency of the bankruptcy to Tom Vaughn, Chapter 13 Trustee;

5.      That if Tom Vaughn, Chapter 13 Trustee fails to receive two "timely" post-petition monthly trustee payments and if the debtor fails to bring the trustee post-petition current within fourteen (14) calendar days after Creditor or its attorney mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.      In the event that Bach Law Offices, Inc. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

7.      In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, the stay shall be automatically terminated and annulled/modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest;

ENTER:

DATED: 6/4/19

_____
UNITED STATES BANKRUPTCY JUDGE

A. Harb

Angelica Harb

_____

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                              )          BK No.:    19-04081
Kevin Scott                         )
                                    )
                                    )          Chapter: 13
                                    )          Honorable Carol A. Doyle
                                    )
                                    )
                Debtor(s)           )

**Order Confirming Plan**

The plan under Chapter 13 of the Bankruptcy code, filed as docket No. 25, having been found by the Court to comply with the provisions of the 11 U.S.C. section 1325, THE PLAN IS HEREBY CONFIRMED.

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated:  June 04, 2019

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )        BK No.:   19-04081
Kevin Scott                               )
                                          )
                                          )        Chapter:  13
                                          )
                                          )          Honorable Carol A. Doyle
                                          )
            Debtor(s)                     )

**ORDER ALLOWING CHAPTER 13 COMPENSATION UNDER
COURT-APPROVED RETENTION AGREEMENT
(Use for cases filed on or after April 20, 2015)**

On the application of debtor(s)' counsel for compensation for representing the debtor(s) in this case and pursuant to the Court-Approved Retention Agreement executed by debtor(s) and counsel,  the court grants the application based on its finding that the allowance is reasonable under the provisions of 11 U.S.C. § 330(a), as follows:

| | | |
|---|---:|---|
| $ | 4,000.00 | for legal services through conclusion of the case. |
| $ | | for reimbursable expenses. |
| $ | 4,000.00 | **total fees and reimbursement allowed.** |
| -$ | 0 | less payment received from debtor before date of application. |
| $ | 4,000.00 | **balance allowed and due to the attorney under this order.** |

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated:  June 04, 2019

**Fees Payable to:**

Hinds Law LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606

**UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| RE: KEVIN SCOTT | | ) Case No. 19 B 04081 |
| | | ) |
| | Debtor | ) Chapter 13 |
| | | ) |
| | | ) Judge: CAROL A DOYLE |

**NOTICE OF MOTION**

KEVIN SCOTT                                        HINDS LAW LLC
                                                           via Clerk's ECF noticing procedures

15035 EVERS ST
DOLTON, IL 60419

Please take notice that on September 03, 2019 at 9:15 am my designee or I will appear before the
Honorable Judge CAROL A DOYLE at 219 South Dearborn Courtroom 742, Chicago, IL and present the
motion set forth below.

I certify under penalty of perjury that this office caused a copy of this notice to be delivered to the persons
named above by U.S. mail at 55 E Monroe St.,  Chicago, IL 60603 or by the methods indicated on August
08, 2019.

                                                                    /s/ Tom Vaughn

**TRUSTEE'S MOTION TO DISMISS FOR TERM OF PLAN**

Now comes Tom Vaughn, Trustee in the above entitled case and moves the Court to dismiss this case in
support thereof states:

1.  On February 15, 2019 the Debtor filed a petition and plan under Chapter 13 of Title 11 U.S.C.

2.  The debtor's plan was confirmed on June 04, 2019, for a period of 36 months.

3.  The plan will complete in 93 months, from the date of confirmation.

WHEREFORE, the Trustee prays that this case be dismissed for material default by the debtor with respect
to a term of a confirmed plan, pursuant to § 1322 (d) and § 1307 (c) (6).

                                                                    Respectfully submitted,

TOM VAUGHN                                                /s/ Tom Vaughn
CHAPTER 13 TRUSTEE
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
(312) 294-5900

Form G5  (20170105_bko)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:    19-04081 |
| KEVIN SCOTT | ) | |
| | ) | |
| | ) | Chapter:  13 |
| | ) | |
| | ) | Honorable CAROL A DOYLE |
| | ) | SELECT IF OUTLYING AREA |
| Debtor(s) | ) | |

## ORDER DISMISSING FOR TERM OF PLAN

This matter coming before the court on Trustee's Motion to Dismiss, due notice having been given and the court having heard the facts presented;

IT IS THEREFORE ORDERED that this case is dismissed for material default by the debtor with respect to a term of a confirmed plan, pursuant to § 1322 (d) and § 1307 (c) (6).

Enter:

Honorable CAROL A DOYLE

United States Bankruptcy Judge

Dated:

**Prepared by:**

Tom Vaughn

Chapter 13 Trustee

55 E. Monroe Street, Suite 3850

Chicago, IL 60603

(312) 294-5900

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Kevin Scott | ) | |
| | ) | Case No: 19 B 04081 |
| | ) | Judge:    Doyle |
| | ) | Chapter   13 |
| Debtor | ) | |

## NOTICE OF MOTION

**Served upon the following parties electronically:**
**Office of United States Trustee**, Dirksen Federal Building, 219 S. Dearborn, St., Room 873, Chicago, IL 60604
**Trustee:** Thomas Vaughn, 55 E. Monroe Street, Ste. 3850, Chicago, IL 60603
**and served upon the following parties via U.S. Mail:**
**Debtor**: Kevin Scott, 15035 Evers St, Dolton, IL 60419
**Creditor:** U.S. Department of Education, P.O. Box 16448, St. Paul, MN 55116
**See Attached Service List**

PLEASE TAKE NOTICE that on September 24, 2019 at 10:00 a.m.,

or as soon thereafter as I may be heard, I shall appear before the Honorable Judge

Doyle, or any other Bankruptcy Judge presiding in her place in Courtroom 742 of the

Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, on the attached Motion

to Modify Plan, and shall request that the attached Order be entered, at which time you

may appear if so desired.

## PROOF OF SERVICE

I, The undersigned, an attorney, hereby certify that a copy of this notice was served electronically or mailed to the above persons, at her respective addresses, postage prepaid, by depositing in the U.S. Mail at 211 W. Wacker Dr., Chicago, IL 60606, before 6:00 p.m. on or before August 30, 2019.


_____/s/ Angelica Harb_____
Angelica Harb
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606
800-695-7674

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: Kevin Scott ) | |
| ) | **Case No: 19 B 04081** |
| ) | **Judge: Doyle** |
| ) | **Chapter 13** |
| Debtor ) | |

**<u>MOTION TO MODIFY PLAN</u>**

Now comes Kevin Scott (hereinafter referred to as "Debtor"), by and through his attorneys, and moves this Honorable Court for entry of an Order Modifying Plan, pursuant to section 1329 of the bankruptcy code, and in support thereof, respectfully represents as follows:

1.     On February 15, 2019, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.     This Honorable Court confirmed the Debtor's Chapter 13 plan on June 4, 2019.  The confirmed plan called for payments of $800.00 for 36 months, paying unsecured creditors 100% on their claims.

3.     The Trustee has filed a motion to dismiss for term of plan. The plan is currently running past 60 months due to a student loan claim filed by U.S Department of Education in the amount of $27,322.58. Debtor's student loan is a long term debt in deferment. Since the student loan debt is in deferment the debt should not be paid through the Chapter 13 plan.

4.     Debtor requests to modify Section 5.2 of the plan to provide that Debtor's student loan debt with U.S. Department of Education is in deferment, and the Trustee shall not pay any claim filed by U.S. Department of Education.

      **WHEREFORE**, Debtor prays that this Honorable Court enter an Order for the following relief:

1. Modifying Section 5.2 of the plan to provide that the Debtor's student loan is in deferment.
2. That the Trustee shall not pay any claim filed by U.S. Department of Education.
3. For such other relief as this Court deems proper under the circumstances.

Respectfully submitted,

_____/s/ Angelica Harb
Angelica Harb
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606
800-695-7674

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| In Re: | ) | BK No.: 19-04081 |
| Kevin Scott | ) | |
| | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable Carol A. Doyle |
| | ) | SELECT IF OUTLYING AREA |
| Debtor(s) | ) | |

**ORDER MODIFYING PLAN**

THIS MATTER coming to be heard on the Motion of the Debtor to Modify the Plan;

THE COURT, after due notice having been given and hearing thereon, having been fully advised of the matter, herein;

IT IS HEREBY ORDERED:

1. Section 5.2 of the Chapter 13 plan shall provide that the Debtor's student loan debt with U.S. Department of Education is in deferment, and that the Trustee shall not pay any claim filed by U.S. Department of Education.

2. Nothing in this Order shall require the Trustee to perform collections from creditors pursuant to any prior plan.

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated:

**Prepared by:**
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606

Rev: 20170105_bko

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                      )        BK No.:   19-04081

Kevin Scott          )

                         )        Chapter:  13

                         )        Honorable Carol A. Doyle

                         )

                         )

          Debtor(s)     )

## ORDER MODIFYING PLAN

THIS MATTER coming to be heard on the Motion of the Debtor to Modify the Plan;

THE COURT, after due notice having been given and hearing thereon, having been fully advised of the matter, herein;

IT IS HEREBY ORDERED:

1. Section 5.2 of the Chapter 13 plan shall provide that the Debtor's student loan debt with U.S. Department of Education is in deferment, and that the Trustee shall not pay any claim filed by U.S. Department of Education.

2. Nothing in this Order shall require the Trustee to perform collections from creditors pursuant to any prior plan.

Enter:

Honorable William V. Altenberger
United States Bankruptcy Judge

Dated:  September 24, 2019

**UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

RE: KEVIN SCOTT                                              ) Case No. 19 B 04081
                                                            )
                                          Debtor             ) Chapter 13
                                                            )
                                                            ) Judge: CAROL A DOYLE

**NOTICE OF MOTION**

KEVIN SCOTT                                              HINDS LAW LLC
                                                        via Clerk's ECF noticing procedures

15035 EVERS ST
DOLTON, IL 60419

Please take notice that on August 25, 2020 at  9:15 am., I will appear before the Honorable Judge CAROL
A DOYLE or any judge sitting in the judge's place, present the motion set forth below.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or
permitted. To appear and be heard telephonically on the motion, you must set up and use an account with
Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court
Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must
file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is
timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the
court may grant the motion in advance without a hearing.

I certify under penalty of perjury that this office caused a copy of this notice to be delivered to the persons
named above by U.S. mail at  55 E Monroe St., Chicago, Il 60603 or by the methods indicated on July 16,
2020.

                                                                    /s/ Tom Vaughn

**TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MAKE PLAN PAYMENTS**

Now comes Tom Vaughn, Trustee in the above entitled case and moves the Court to dismiss this case in
support thereof states:

1.   On February 15, 2019 the Debtor filed a petition under Chapter 13 of Title 11 U.S.C.

2.   The debtor's plan was confirmed on June 04, 2019.

     A summary of the debtor's plan follows:

     Monthly Payment $800.00                         Last Payment Received: 06/26/2020

     Amount Paid $10,339.00                          Amount Delinquent $2,131.00

WHEREFORE, the Trustee prays that this case be dismissed for material default by the debtor with respect to
the term of a confirmed plan, pursuant to § 1307 (c) (6).

                                              Respectfully submitted,

TOM VAUGHN                                    /s/ Tom Vaughn
CHAPTER 13 TRUSTEE
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
(312) 294-5900

Form G5 (20170105_bko)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In Re:                                    )          BK No.:    19-04081
KEVIN SCOTT                               )
                                          )
                                          )          Chapter:  13
                                          )
                                          )          Honorable CAROL A DOYLE
                                          )          SELECT IF OUTLYING AREA
            Debtor(s)                     )

## ORDER DISMISSING FOR FAILURE TO MAKE PLAN PAYMENTS

This matter coming before the court on Trustee's Motion to Dismiss, due notice having been given and the court having heard the facts presented;

IT IS THEREFORE ORDERED that this case is dismissed on the Trustee's motion for material default by the debtor with respect to a term of a confirmed plan, pursuant to § 1307 (c) (6).

Enter:

Honorable CAROL A DOYLE
United States Bankruptcy Judge

Dated:

**Prepared by:**
Tom Vaughn
Chapter 13 Trustee
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
(312) 294-5900

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:  Kevin Scott                           )
                                              )    Case No:  19 B 04081
                                              )    Judge:    Doyle
                                              )    Chapter   13
        Debtors                               )

## NOTICE OF MOTION

**Served upon the following parties electronically:**
**Office of United States Trustee**, Dirksen Federal Building, 219 S. Dearborn St., Room
873, Chicago, IL 60604
**Trustee:** Thomas Vaughn, 55 E. Monroe St, Suite 3850, Chicago, IL 60603
**and served upon the following parties via U.S. Mail:**
**Debtor:** Kevin Scott., 15035 Evers St, Dolton, IL 60419

        PLEASE TAKE NOTICE that on December 22, 2020 at 10:00AM. I will appear
before the Honorable Carol A. Doyle or any judge sitting in that judge's place, and
present the Motion to Modify Plan, a copy of which is attached.

        **This motion will be presented and heard electronically using Zoom for
Government.** No personal appearance in court is necessary or permitted. To appear and
be heard on the motion, you must do the following:

        **To appear by video,** use this link: https://www.zoomgov.com/. Then enter the
meeting ID and password.

        **To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-
646-828-7666. Then enter the meeting ID and password.

        **Meeting ID and password.** The meeting ID for this hearing is 161 155 8289 and
the password is **Doyle742**. The meeting ID and password can also be found on the
judge's page on the court's website.

        **If you object to this motion** and want it called on the presentment date above,
you must file a Notice of Objection no later than (2) business days before that date. If a
Notice of Objection is timely filed, the motion will be called on the presentment date. If
no Notice of Objection is timely filed, the court may grant the motion in advance with a
hearing.

                                    By: /s/ Angelica Harb
                                    Angelica Harb
                                    Hinds Law, LLC
                                    211 W. Wacker Dr, Suite 321

Chicago, IL 60606
800-695-7674
aharb@firstamericalaw.com

### CERTIFICATE OF SERVICE

I, Angelica Harb, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on or before November 25, 2020, before 6:00PM.

```
Label Matrix for local noticing        ECMC                                    PERITUS PORTFOLIO SERVICES II, LLC/Wollemi A
0752-1                                  ECMC                                    PO BOX 141419
Case 19-04081                           P.O. Box 16408                          Irving, Tx 75014-1419
Northern District of Illinois           St. Paul, MN 55116-0408
Eastern Division
Wed Nov 25 12:56:06 CST 2020

U.S. Bankruptcy Court                   Aes / Wells                            Aes/wachovia Bank
Eastern Division                        Attn: Bankruptcy                       Attn: Bankruptcy Dept
219 S Dearborn                          Po Box 2461                            Po Box 2461
7th Floor                               Harrisburg, PA 17105-2461              Harrisburg, PA 17105-2461
Chicago, IL 60604-1702

Conduent/Aelma                          Cook County Clerk                      Cook County Treasurer
Attn: Claims Dept                       118 N. Clark St Room 434               118 N. Clark St #112
Po Box 7051                             Chicago, IL 60602-1413                 Chicago, IL 60602-1590
Utica, NY 13504-7051

Credit Management, LP                   Dept of Ed / 582 / Nelnet              ECMC
Attn: Bankruptcy                        Attn: Claims                           PO BOX 16408
Po Box 118288                           Po Box 82505                           ST. PAUL, MN 55116-0408
Carrollton, TX 75011-8288               Lincoln, NE 68501-2505

I C System Inc                          IDAPP/ISAC Illinois Student Assistance C   Metro South Hospital
Attn: Bankruptcy                        Attn: Bankruptcy Dept                  12395 S. Gregory St
P.O. Box 64378                          1755 Lake Cook Rd                      Blue Island, IL 60406
St. Paul, MN 55164-0378                 Deerfield, IL 60015-5215

Newline Holdings, LLC                   Newline Holdings, LLC                  (p)PARTNERS FINANCIAL SERVICES INC
55 W Monroe St                          Paul M Bach                           PO BOX 728
Chicago, IL 60603-5001                  POB 1285                              FENTON MO 63026-0728
                                        Northbrook IL 60065-1285

Peoples Gas                             Regional Recovery Services, Inc.       Santander Consumer USA
Attn: Bankruptcy                        Attn: Bankruptcy                       Attn: Bankruptcy
200 East Randolph Street                Po Box 3333                           Po Box 961245
Chicago, IL 60601-6302                  Munster, IN 46321-0333                Fort Worth, TX 76161-0244

Santander Consumer USA, Inc.            TekCollect Inc                        US Department of Education
P.O. Box 961245                         Po Box 1269                           PO BOX 16448
Fort Worth, TX 76161-0244               Columbus, OH 43216-1269               St. Paul, MN 55116-0448

(p)WELLS FARGO BANK NA                  Angelica Harb                         Kevin Scott
1 HOME CAMPUS                           Hinds Law LLC                         15035 Evers St.
MAC X2303-01A                           211 W Wacker Dr Suite 321             Dolton, IL 60419-2618
DES MOINES IA 50328-0001                Chicago, IL 60606-1217

Patrick S Layng                         Tom Vaughn
Office of the U.S. Trustee, Region 11   55 E. Monroe Street, Suite 3850
219 S Dearborn St                       Chicago, IL 60603-5764
Room 873
Chicago, IL 60604-2027
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Partners Fin
403 Axminister
Fenton, MO 63026

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Newline Holdings LLC

(d)PERITUS PORTFOLIO SERVICES II, LLC/Wollemi
PO BOX 141419
Irving, Tx 75014-1419

End of Label Matrix
Mailable recipients     28
Bypassed recipients      2
Total                   30

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: Kevin Scott | ) | | |
| | ) | Case No: | 19 B 04081 |
| | ) | Judge: | Doyle |
| | ) | Chapter | 13 |
| Debtors | ) | | |

**MOTION TO MODIFY PLAN**

Now comes Kevin Scott (hereinafter referred to as "Debtors"), by and through his attorneys, and moves this Honorable Court for entry of an Order Modifying Plan, pursuant to section 1329 of the bankruptcy code, and in support thereof, respectfully represents as follows:

1.     On February 15, 2019, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.     This Honorable Court confirmed the Debtor's Chapter 13 plan on June 4, 2019.  The confirmed plan called for payments of $800.00 for 36 months, paying unsecured creditors 100% on their claims.

3.     The Debtor fell behind on plan payments because he inadvertently forgot that his plan payments were changed from $636.00 $800.00 per month in May 2019. As a result, Debtor's default was steadily increasing. Debtor now understands his correct plan payment going forward. Additionally, Debtor lost his job with CVS due to COVID-19 in June 2020. Debtor was able to adjust his budget so that he could still make the plan payments going forward. Please see exhibit A for Debtor's I and J schedules. Debtor believes he can continue with his plan payments if his default is deferred to the end of the Chapter 13 plan.

4. Debtor respectfully requests to defer his default to the end of the Chapter 13 plan.

5. Debtor's case is currently running over term due to his current default. Debtor respectfully requests to extend his plan term to 84 months in accordance with the CARES Act since he lost employment due to COVID-19.

**WHEREFORE**, Debtor prays that this Honorable Court enter an Order for the following relief:

1. Deferring his current plan payment default;
2. Extending the plan term to 84 month in accordance with the CARES Act;
3. For such other relief as this Court deems proper under the circumstances.

Respectfully submitted,

_____/s/ Angelica Harb
Angelica Harb
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606
800-695-7674
aharb@firstamericalaw.com

# **EXHIBIT A**

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | **19-04081** |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1.  **Fill in your employment information.**

    If you have more than one job, attach a separate page with information about additional employers.

    Include part-time, seasonal, or self-employed work.

    Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ☐ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | | | |
| **Employer's name** | | | Nothing Bundt Cakes |
| **Employer's address** | | | 1953 N Clybourn Ave<br>Chicago, IL 60614 |
| **How long employed there?** | | | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ 3,750.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $ 0.00 | $ 3,750.00 |

Debtor 1 **Kevin Scott**  Case number (*if known*) **19-04081**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 0.00 | $ 3,750.00 |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 716.86 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. **Other deductions.** Specify: | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 716.86

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 3,033.14

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00

8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00

8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00

8e. **Social Security** | 8e. | $ 1,045.00 | $ 0.00

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: | 8f. | $ 0.00 | $ 0.00

8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00

8h. **Other monthly income.** Specify: **Prorated Tax Refund** | 8h.+ | $ 179.42 + | $ 0.00

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 1,224.42 | $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9. | 10. | $ 1,224.42 + $ 3,033.14 = $ 4,257.56
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: | 11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies | 12. | $ 4,257.56

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

■ No.

☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Kevin Scott** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | **19-04081** |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ■ No

   Do not list Debtor 1 and Debtor 2.
   ☐ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ■ No
   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. — 4. $ _____ 0.00

   **If not included in line 4:**

   | 4a. | Real estate taxes | 4a. $ | 415.00 |
   |---|---|---|---|
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 200.00 |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
   | 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |

5. **Additional mortgage payments for your residence,** such as home equity loans — 5. $ _____ 0.00

| Debtor 1 | **Kevin Scott** | Case number (if known) | **19-04081** |

| 6. | **Utilities:** | | |
|---|---|---|---|
| | 6a. Electricity, heat, natural gas | 6a. $ | 315.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 116.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 250.00 |
| | 6d. Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 691.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 140.00 |
| 10. | **Personal care products and services** | 10. $ | 130.00 |
| 11. | **Medical and dental expenses** | 11. $ | 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare.<br>Do not include car payments. | 12. $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.**<br>Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | 200.00 |
| | 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.<br>Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | 500.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. Other. Specify: | 17c. $ | 0.00 |
| | 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.**<br>Specify: | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. $ | 0.00 |
| | 20b. Real estate taxes | 20b. $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | 21. +$ | 0.00 |

| 22. | **Calculate your monthly expenses** | | |
|---|---|---|---|
| | 22a. Add lines 4 through 21. | $ | 3,457.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 3,457.00 |

| 23. | **Calculate your monthly net income.** | | |
|---|---|---|---|
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 4,257.56 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 3,457.00 |
| | 23c. Subtract your monthly expenses from your monthly income.<br>The result is your *monthly net income*. | 23c. $ | 800.56 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.　Explain here:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 19-04081 |
| Kevin Scott | ) | |
| | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | SELECT IF OUTLYING AREA |
| Debtor(s) | ) | |

## ORDER GRANTING MOTION TO MODIFY PLAN

THIS MATTER coming to be heard on the Motion of the Debtor to Modify the Plan;

THE COURT, after due notice having been given and hearing thereon, having been fully advised of the matter, herein;

IT IS HEREBY ORDERED:

1. The motion to modify plan is granted.

2. The Debtor's current plan payment default is deferred to the end of the plan.

3. The Debtor's plan term is extended to 84 months in accordance with the CARES Act. Debtor's plan remains unchanged.

4. Nothing in this Order shall require the Trustee to perform collections from creditors pursuant to any prior plan.

Enter:


Honorable Carol A. Doyle

United States Bankruptcy Judge

Dated:

**Prepared by:**

Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:                                            Case No. 19-04081-CAD

    KEVIN SCOTT

                                Chapter 13

          Debtor(s)

---

**CHAPTER 13 STANDING TRUSTEE FRBP 2012 REPORT**
**ACCOUNTING OF PRIOR ADMINISTRATION OF CASE**

For the period from the petition date through November 26, 2020, M. O. Marshall, successor chapter 13 trustee, for the above-captioned case, submits the following accounting of the estate pursuant to 11 U.S.C. §1302(b) and pursuant to Federal Rules of Bankruptcy Procedure 2012(b)(2).

| **Receipts:** | |
|---|---|
| Total paid by or on behalf of the debtor | $13,507.00 |
| Less amount refunded to debtor | $0.00 |
| **NET RECEIPTS:** | **$13,507.00** |

| **Expenses of Administration:** | |
|---|---|
| Attorney's Fees Paid Through the Plan | $1,580.34 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $687.80 |
| Other | $0.00 |
| Secured Creditors | $11,238.86 |
| Priority Creditors | $0.00 |
| General Unsecured Creditors | $0.00 |
| **Total Disbursements & Expense of Administration:** | **$13,507.00** |

| **Balance Transferred to Successor Trustee** | **$0.00** |
|---|---|

Dated:  12/19/2020                  /s/ M. O. Marshall

                                          Chapter 13 Successor Trustee
                                          55 East Monroe St., Suite 3850
                                          Chicago, IL 60603

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:                                                           Case No. 19-04081-CAD

      KEVIN SCOTT

                                    Chapter 13

             Debtor(s)

**CERTIFICATE OF SERVICE**

I hereby certify that on 12/19/2020, a copy of the foregoing Chapter 13 Trustee FRBP 2012 Report was served on the following registered ECF participants, electronically through the Court's ECF system at the email address registered with the Court:

Patrick S. Layng, United States Trustee
M. O. Marshall
HINDS LAW LLC

and on the following by ordinary U.S. Mail addressed to:

KEVIN SCOTT
15035 EVERS ST
DOLTON, IL  60419

                                            /s/ M. O. Marshall

                                            M. O. Marshall
                                            Chapter 13 Standing Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )          BK No.:   19-04081
Kevin Scott                               )
                                          )
                                          )          Chapter: 13
                                          )          Honorable Carol A. Doyle
                                          )
                                          )
                  Debtor(s)               )

**ORDER GRANTING MOTION TO MODIFY PLAN**

THIS MATTER coming to be heard on the Motion of the Debtor to Modify the Plan;

IT IS HEREBY ORDERED the motion to modify plan is granted as follows:

1. The Debtor's current plan payment default is deferred to the end of the plan.

2. The Debtor's plan term is extended to 84 months in accordance with the CARES Act. Debtor's
   plan remains unchanged.

3. Nothing in this Order shall require the Trustee to perform collections from creditors pursuant to
   any prior plan.

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated:  December 22, 2020

**Prepared by:**

Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606

Form G-15

Northern District of Illinois

EASTERN DIVISION

219 S. Dearborn Street, Room 713, Chicago, IL 60604

CHANGE OF ADDRESS – **CREDITOR**

**If completed by an attorney, this form must be filed electronically in CM/ECF.**
**This form cannot be used to change the name of a creditor.**

In re: Kevin Scott                          Case Number: 19-4081

                                            Chapter:

Check which type of address change is being requested:

☐ Notice only          ☑ Payment only          ☐ Notice & Payment

Creditor's Name: Newline Holdings LLC

Enter related claim number(s) if any: 3-1          Dollar Amount: $ 20,601.37

Previous Notice Address:                    New Notice Address:

Previous Payment Address:                   New Payment Address:

Newline Holdings LLC                        Newline Holdings LLC

55 West Monroe Suite 910                    P.O. Box 8719

Chicago, Illinois 60603                     Carol Stream, Illinois 60197

Change requested by:      Paul M. Bach, attorney for creditor
(Printed name and title)
                          Mailing Address
                          P.O. Box 1285, Northbrook, Illinois 60065

                          /s/Paul M. Bach

Creditor Phone Number: 844 NEWLINE

Creditor Email Address: contact@newlinefinancial.com

                    Signature and Date

                    /s/Paul M. Bach

Under penalty of perjury, I declare that the information I have provided in this form is true and correct
and I am authorized to execute this form on behalf of the creditor.

This notice is provided pursuant to 11 USC § 342 (e)(1), and the address provided above supersedes
any previous address provided for this creditor in this case.

Revised 1/24/19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No.  19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

### NOTICE OF MODIFICATION OF THE AUTOMATIC STAY
### DUE TO THE DEBTOR'S FAILURE TO COMPLY WITH COURT ORDER

PLEASE TAKE NOTICE that the Automatic Stay has been modified.  Relief is hereby granted and Newline Holdings LLC their successors and assigns are free to pursue its rights as to the property commonly known as to 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 pursuant to the terms of the Order entered June 4, 2019 (attached hereto), Debtor having failed to comply with provisions therein.  A Notice of Default (attached hereto) in compliance with the requirements of the Order, was sent on July 20, 2021, and cure of the default was not made in the required time.

SPECIAL NOTICE TO THE TRUSTEE:

The Stay has been Modified, the Claim of this creditor is withdrawn.  No further payments should be made pursuant thereto.

### NOTICE OF FILING

This Notice and the documents referred to are being filed with the Clerk of the United States Bankruptcy Court on August 10, 2021.

BY:/s/Paul M. Bach
Paul M. Bach
Bach Law Offices
PO Box 1285
Northbrook, Illinois 60065
847 564 0808

### PROOF OF SERVICE

I, PAUL M. BACH certify that I served this notice and attached documents upon all parties named in this notice as stated on the attached service list by the method stated and if by first class US Mail with proper postage prepaid, in Northbrook, IL 60062 all on August 10, 2021.

/s/Paul M. Bach

SERVICE LIST

**Kevin Scott**                                        **BY FIRST CLASS US MAIL**
15035 Evers St.
Dolton, IL 60419

**Angelica Harb**                                      **BY ECF ELECTRONIC DELIVERY**
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606

**Tom Vaughn**                                         **BY ECF ELECTRONIC DELIVERY**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603

**Patrick S Layng**                                    **BY ECF ELECTRONIC DELIVERY**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No. 19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

## AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT
_____

**THIS CAUSE** coming on to be heard on the Objection to Confirmation of the Creditor Newline Holdings LLC (hereinafter, "Creditor"), the Creditor withdrawing its objection based on the entry of this order, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1.     That beginning with the 1st Installment of Real Estate Taxes for 2018, due in 2019, for the real estate commonly known as 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 ("the real estate taxes"), the debtor must commence making timely payment of real estate taxes for the real estate continuing throughout the pendency of the bankruptcy to the County of Cook;

2.     That a payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before the date in which it is due;

3.     That if the County of Cook website fails to show payment of an installment of real estate taxes within fifteen days of the "timely" due date as set by the County of Cook and if the debtor fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated and modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

1

4.     That beginning with the first plan payment due (30 days after filing) after the entry of this order, the debtor must commence making timely payment of Trustee payments in the amount called for the confirmed Chapter 13 Plan continuing throughout the pendency of the bankruptcy to Tom Vaughn, Chapter 13 Trustee;

5.     That if Tom Vaughn, Chapter 13 Trustee fails to receive two "timely" post-petition monthly trustee payments and if the debtor fails to bring the trustee post-petition current within fourteen (14) calendar days after Creditor or its attorney mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.     In the event that Bach Law Offices, Inc. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

7.     In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, the stay shall be automatically terminated and annulled/modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest;

ENTER:

DATED: 6/4/19

_____
UNITED STATES BANKRUPTCY JUDGE

A. Harb
Angelica Harb

_____
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

2



Penelope N. Bach pnbach@bachoffices.com

BACH LAW OFFICES

Paul M. Bach paul@bachoffices.com

July 20, 2021

**<u>Via First Class US Mail</u>**

**Kevin Scott**
15035 Evers St.
Dolton, IL 60419

**Angelica Harb**
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606

<p style="text-align:center"><strong>NOTICE OF DEFAULT UNDER ORDER</strong></p>

Re: **Kevin Scott**, 19 B 4081/15035 Evers Street, Dolton, Illinois/PIN 29-10-402-014-0000

To Whom it May Concern:

The undersigned represents Newline Holdings LLC in the above captioned Chapter 13 Bankruptcy matter. On June 4, 2019, the Bankruptcy Court entered the attached Agreed Order. See attached copy of the Agreed Order. Please be advised that the Order provides in paragraph 3 that the stay would modify to Newline Holdings LLC in the event the Debtor(s) failed to timely pay an installment of real estate taxes.

At this time, one installment of real estate taxes has accrued on the website for the County of Cook (1st Installment of 2020). See attached print out from the website of the Cook County Treasurer. As of today, there is a default for payment of real estate taxes in the amount $2,356.75.

The Agreed Order reflects that 14-day notice be sent to the debtors and the debtor's attorney. This letter and its attachments constitute said notice.

Further, the Agreed Order under paragraph six requires that the Debtors pay Bach Law Offices, Inc. $100.00 for attorney fees. These additional funds must be made payable to Bach Law Offices and received by this office at the above address within 14 days from the date of this notice.



Penelope N. Bach pnbach@bachoffices.com Paul M. Bach paul@bachoffices.com

BACH LAW OFFICES

Unless the Debtor: 1) tenders the amount due plus any additional penalty due to the Cook County Treasurer within 14 days; and 2) also pays $100.00 payable to Bach Law Offices, Inc. within 14 days from the date of this notice the stay pursuant to 11 USC 362 shall automatically be modified as to Newline Holdings LLC and its successors and assigns.

Sincerely,

Paul M. Bach
Attorney for Newline Holdings LLC

Encl:

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )    Chapter 13
                                    )
Kevin Scott,                        )    No.  19-04081
                                    )
                                    )
                                    )
                    Debtor.         )    Judge Carol A. Doyle

**AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT**

---

**THIS CAUSE** coming on to be heard on the Objection to Confirmation of the Creditor Newline Holdings LLC (hereinafter, "Creditor"), the Creditor withdrawing its objection based on the entry of this order, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1.      That beginning with the 1st Installment of Real Estate Taxes for 2018, due in 2019, for the real estate commonly known as 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 ("the real estate taxes"), the debtor must commence making timely payment of real estate taxes for the real estate continuing throughout the pendency of the bankruptcy to the County of Cook;

2.      That a payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before the date in which it is due;

3.      That if the County of Cook website fails to show payment of an installment of real estate taxes within fifteen days of the "timely" due date as set by the County of Cook and if the debtor fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated and modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

1

4.     That beginning with the first plan payment due (30 days after filing) after the entry of this order, the debtor must commence making timely payment of Trustee payments in the amount called for the confirmed Chapter 13 Plan continuing throughout the pendency of the bankruptcy to Tom Vaughn, Chapter 13 Trustee;

5.     That if Tom Vaughn, Chapter 13 Trustee fails to receive two "timely" post-petition monthly trustee payments and if the debtor fails to bring the trustee post-petition current within fourteen (14) calendar days after Creditor or its attorney mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.     In the event that Bach Law Offices, Inc. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

7.     In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, the stay shall be automatically terminated and annulled/modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest;

ENTER:

DATED: 6/4/19

_____
UNITED STATES BANKRUPTCY JUDGE

a. Ybl
Angelica Harb

_____
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

2

# Your Property Tax Overview

### TOTAL TAXING DISTRICT DEBT ATTRIBUTED TO YOUR PROPERTY

**Total Taxing District Debt Attributed to Your Property:**      $26,511

**Property Value:**      $90,520

**Total Debt % Attributed to Your Property Value:**      29.3%

**To see the 20-Year History of Your Property Taxes, click here.**

Note: The above amounts are illustrations of how much government debt could be attributed to your property based on its 2019 value.

**See Details Here**

### OVERVIEW - PAYMENTS

Property Index Number (PIN): **29-10-402-014-0000**      BEGIN A NEW SEARCH

Scroll down for more information.



29104020140000  03/12/2008

**Property Location:**
15035 EVERS ST
DOLTON, IL 60419-2618

**Mailing Information:**
KEVIN SCOTT
15035 EVERS ST
DOLTON, IL 60419-2618

Update Your Information

# Are Your Taxes Paid?

## Tax Year 2018 (billed in 2019)    Total Amount Billed: $4,078.59

1st INSTALLMENT - Tax Year 2018

**Original Billed Amount:**
$2,145.14
**Due Date:**
03/01/2019

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

2nd INSTALLMENT - Tax Year 2018

**Original Billed Amount:**
$1,933.45
**Due Date:**
08/01/2019

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

**Total Amount Due:**         $0.00

**Expand Payment Details** ▼

## Tax Year 2019 (billed in 2020)    Total Amount Billed: $4,100.48

1st INSTALLMENT - Tax Year 2019

**Original Billed Amount:**
$2,243.22
**Due Date:**
03/03/2020

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

2nd INSTALLMENT - Tax Year 2019

**Original Billed Amount:**
$1,857.26
**Due Date:**
08/03/2020

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

**Total Amount Due:**         $0.00

**Expand Payment Details** ▼

### Tax Year 2020 (billed in 2021)    Total Amount Billed: $2,255.26

1st INSTALLMENT - Tax Year 2020

**Original Billed Amount:**
$2,255.26
**Due Date:**
03/02/2021

**Tax:**
$2,255.26
**Interest:**
$101.49

**Current Amount Due:**
**$2,356.75**

### Total Amount Due:    $2,356.75

**Expand Payment Details** ▼

| Pay Now |
|---------|

**About payments:**
- Payments are recorded the date they are received. They appear on the website about three business days later.
- The current amount due is as of Monday, July 19, 2021. Questions about payments? Contact Us.
- To find out if taxes for this PIN are delinquent for Tax Year 2017 and earlier, search the Cook County Clerk's records.

## Download Your Tax Bill

Open a PDF of your tax bill that can be printed and used to pay in person or by mail.

📄 **Tax Year 2020 First Installment  Due Tuesday, March 2, 2021**

📄 **Tax Year 2019 Second Installment  Due Monday, August 3, 2020**

 **Tax Year 2018 Second Installment  Due Thursday, August 1, 2019**

**Stop receiving your tax bill by mail.**

Sign up for eBilling to receive future tax bills via email.

## Are There Any Overpayments on Your PIN?

**Our records do not indicate a refund available on the PIN you have entered.**

## Have You Received Your Exemptions in These Tax Years?

| Type | 2019 | 2018 | 2017 |
|------|------|------|------|
| **Homeowner Exemption:** | YES | YES | YES |
| **Senior Citizen Exemption:** | NO | NO | NO |
| **Senior Freeze Exemption:** | NO | NO | NO |
| **Returning Veteran Exemption:** | NO | NO | NO |
| **Disabled Person Exemption:** | NO | NO | NO |
| **Disabled Veteran Exemption:** | NO | NO | NO |

Tax Year 2020 exemptions granted by the Assessor will be reflected on your Second Installment tax bill.

Apply for a missing exemption

You may also view lists of properties that may be entitled to missing senior exemptions for Tax Year 2018.

## 20-Year Property Tax Bill History

| Tax Year 2000: | $3,013.38 |
|----------------|-----------|
| Tax Year 2019: | $4,100.48 |

| Difference: | + $1,087.10 |
| Percent Change: | + 36.08% |

See your complete property tax history.

- Read "The Pappas Study" 20-Year Property Tax History
- See the Top 50 Largest Tax Increases since 2000 by Chicago ward and suburb
- Voter Turnout 2011-2020 Chicago and Cook County Suburbs
- Cook County Suburbs - Interactive Map
- Chicago by Ward - Interactive Map

## Taxing District Debt Attributed to <u>Your</u> Property

**Total Taxing District Debt Attributed to Your Property:**

$26,511

**Property Value:**

$90,520

**Total Debt % Attributed to Your Property Value:**

29.3%

**To see the 20-Year History of Your Property Taxes, click here.**

Note: The above amounts are illustrations of how much government debt could be attributed to your property based on its 2019 value.

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Total Debts and Liabilities | District Property Value | Property Value | % o Dist |
|---|---|---|---|---|
| South Cook Mosquito Abatement Harvey | $2,228,058 | $64,987,319,364 | $90,520 | 0.00 |
| Metro Water Reclamation Dist of Chicago | $4,441,258,000 | $530,866,458,606 | $90,520 | 0.00 |
| Dolton Public Library District | $41,232 | $758,232,350 | $90,520 | 0.01 |
| Dolton Park District | $1,558,024 | $778,545,938 | $90,520 | 0.01 |

| | | | | |
|---|---|---|---|---|
| **South Suburban Coll Dist 510 (S Holland)** | $25,798,439 | $11,523,685,352 | $90,520 | 0.00 |
| **Thornton Township High Schools Dist 205** | $50,021,417 | $4,172,368,199 | $90,520 | 0.00 |
| **Dolton School District 149** | $60,079,029 | $926,993,456 | $90,520 | 0.00 |
| **Village of Dolton** | $123,012,752 | $758,232,350 | $90,520 | 0.01 |
| **Town of Thornton** | $6,678,889 | $6,501,586,383 | $90,520 | 0.00 |
| **Cook County Forest Preserve District** | $517,794,937 | $540,825,167,590 | $90,520 | 0.00 |
| **County of Cook** | $21,176,754,633 | $540,825,167,590 | $90,520 | 0.00 |

**Total Taxing District Debt Attributed to Your Pr**

**To read Treasurer Pappas' Debt Study and use the interactive map, click here.**

## Highlights of <u>Your</u> Taxing Districts' Debt and Pension

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Money Owed by Your Taxing Districts (minus Total Net Pension Liability) | Pension and Healthcare Amounts Promised by Your Taxing Districts | Amount of Pension and Healthcare Shortage | Empl |
|---|---|---|---|---|
| **South Cook Mosquito Abatement Harvey** | $1,871,888 | $4,639,938 | $356,170 | |
| **Metro Water Reclamation Dist of Chicago** | $3,404,722,000 | $2,909,890,000 | $1,377,581,000 | |
| **Dolton Public Library District** | $41,232 | $3,507,164 | $132,100 | |
| **Dolton Park District** | $1,838,866 | $1,378,187 | $25,989 | |
| **South Suburban Coll Dist 510 (S Holland)** | $25,798,439 | $0 | $0 | |
| **Thornton Township High Schools Dist 205** | $45,939,774 | $47,554,429 | $4,081,643 | |
| **Dolton School District 149** | $55,384,419 | $24,579,305 | $9,103,642 | |
| **Village of Dolton** | $65,712,863 | $90,985,616 | $29,178,588 | |
| **Town of Thornton** | $4,832,999 | $21,671,020 | $1,845,890 | |
| **Cook County Forest Preserve District** | $193,646,842 | $457,040,680 | $246,669,734 | |

| | | | |
|---|---|---|---|
| **County of Cook** | $6,898,027,070 | $23,257,290,307 | $13,395,266,525 |

# Reports and Data for <u>All</u> Taxing Districts

View the financial reports filed by 547 local Taxing Districts across Cook County pursuant to the Debt Disclosure Ordinance authored by Treasurer Maria Pappas.

- Read the Executive Summary
- Read the Debt Report
- Cook County Debt Map
- Correlation Chart Between Debt and Higher Taxes
- Search your property to find out what portion of local government debt is attributed to your property
- Debt to Property Value by Municipality - Residential and Commercial
- Debt and Disclosure Data
- Browse all financial reports filed by a specific local government

BEGIN A NEW SEARCH

**DISCLAIMER:** The information on this screen comes from many sources, few of which are in the control of the Cook County Treasurer's Office. Taxpayers are advised to take personal responsibility for their PIN, property location, taxpayer address, and payment amounts posted due or paid, to be sure of their accuracy.

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:  Kevin Scott                          )
                                                         )    Case No:  19 B 04081
                                                         )    Judge:      Doyle
                                                         )    Chapter    13
         Debtor                                     )

## NOTICE OF MOTION

**Served upon the following parties electronically:**
**Office of United States Trustee**, Dirksen Federal Building, 219 S. Dearborn St., Room 873, Chicago, IL 60604
**Trustee:** M.O. Marshall, 55 E. Monroe St, Suite 3850, Chicago, IL 60603
**Creditor's Attorney:** Paul Bach, Bach Law Offices, P.O. Box 1285, Northbrook, IL 60065
**and served upon the following parties via U.S. Mail:**
**Debtor:** Kevin Scott., 15035 Evers St, Dolton, IL 60419
**Creditor:** Newline Holdings LLC, P.O. Box 1285, Northbrook, IL 60065


     PLEASE TAKE NOTICE that on August 31, 2021 at 9:30AM. I will appear before the Honorable Carol A. Doyle or any judge sitting in that judge's place, and present the Motion to Reinstate Automatic Stay, a copy of which is attached.

     **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

     **To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

     **To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

     **Meeting ID and password.** The meeting ID for this hearing is 161 155 8289 and the password is **Doyle742**. The meeting ID and password can also be found on the judge's page on the court's website.

     **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance with a hearing.

By: /s/ Angelica Harb
Angelica Harb
Hinds Law, LLC
211 W. Wacker Dr, Suite 321
Chicago, IL 60606
800-695-7674
aharb@firstamericalaw.com

## CERTIFICATE OF SERVICE

I, Angelica Harb, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on or before August 23, 2021, before 6:00PM.

Label Matrix for local noticing
0752-1
Case 19-04081
Northern District of Illinois
Eastern Division
Mon Aug 23 15:00:53 CDT 2021

ECMC
ECMC
P.O. Box 16408
St. Paul, MN 55116-0408

PERITUS PORTFOLIO SERVICES II, LLC/Wollemi A
PO BOX 141419
Irving, Tx 75014-1419

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

Aes / Wells
Attn: Bankruptcy
Po Box 2461
Harrisburg, PA 17105-2461

Aes/wachovia Bank
Attn: Bankruptcy Dept
Po Box 2461
Harrisburg, PA 17105-2461

Conduent/Aelma
Attn: Claims Dept
Po Box 7051
Utica, NY 13504-7051

Cook County Clerk
118 N. Clark St Room 434
Chicago, IL 60602-1413

Cook County Treasurer
118 N. Clark St #112
Chicago, IL 60602-1590

Credit Management, LP
Attn: Bankruptcy
Po Box 118288
Carrollton, TX 75011-8288

Dept of Ed / 582 / Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501-2505

ECMC
PO BOX 16408
ST. PAUL, MN 55116-0408

I C System Inc
Attn: Bankruptcy
P.O. Box 64378
St. Paul, MN 55164-0378

IDAPP/ISAC Illinois Student Assistance C
Attn: Bankruptcy Dept
1755 Lake Cook Rd
Deerfield, IL 60015-5215

Metro South Hospital
12395 S. Gregory St
Blue Island, IL 60406

Newline Holdings, LLC
55 W Monroe St
Chicago, IL 60603-5001

Newline Holdings, LLC
Paul M Bach
POB 1285
Northbrook IL 60065-1285

(p)PARTNERS FINANCIAL SERVICES INC
PO BOX 728
FENTON MO 63026-0728

Peoples Gas
Attn: Bankruptcy
200 East Randolph Street
Chicago, IL 60601-6302

Regional Recovery Services, Inc.
Attn: Bankruptcy
Po Box 3333
Munster, IN 46321-0333

Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161-0244

Santander Consumer USA, Inc.
P.O. Box 961245
Fort Worth, TX 76161-0244

TekCollect Inc
Po Box 1269
Columbus, OH 43216-1269

US Department of Education
PO BOX 16448
St. Paul, MN 55116-0448

(p)WELLS FARGO BANK NA
1 HOME CAMPUS
MAC X2303-01A
DES MOINES IA 50328-0001

Angelica Harb
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606-1217

Kevin Scott
15035 Evers St.
Dolton, IL 60419-2618

(p)M O MARSHALL CHAPTER 13 TRUSTEE
55 EAST MONROE SUITE 3850
CHICAGO IL 60603-5764

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Partners Fin
403 Axminister
Fenton, MO 63026

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606

M.O. Marshall
55 E. Monroe Street, Suite 3850
Chicago, IL 60603

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Newline Holdings LLC

(d)PERITUS PORTFOLIO SERVICES II, LLC/Wollemi
PO BOX 141419
Irving, Tx 75014-1419

| End of Label Matrix | |
| --- | --- |
| Mailable recipients | 28 |
| Bypassed recipients | 2 |
| Total | 30 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: Kevin Scott | ) | | |
| | ) | Case No: | 19 B 04081 |
| | ) | Judge: | Doyle |
| | ) | Chapter | 13 |
| Debtor | ) | | |

## MOTION TO REINSTATE AUTOMATIC STAY

   Now comes Kevin Scott (hereinafter referred to as "Debtor"), by and through his attorneys, and moves this Honorable Court for entry of an Order Reinstating the Automatic Stay, and in support thereof, respectfully represents as follows:

   1.  On February 15, 2019, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

   2.  This Honorable Court confirmed the Debtor's Chapter 13 plan on June 04, 2019.

   3.  On June 4, 2019, there was an Agreed Order Relief from Stay if Failure to Comply with Order entered by this court on behalf of Newline Holdings LLC concerning Debtor's property located at 15035 Evers St, Dolton, IL 60419(PIN 29-10-402-0000).

   4.  On August 10, 2021, the attorney for Newline Holdings LLC filed a Notice of Failure to Comply with Order which automatically modified the stay on the property because Debtor had not yet paid his first installment of real estate taxes accrued towards the Cook County Treasurer in the amount of $2,356.75.

   5.  On August 18, 2021, the debtor paid the delinquent property tax

installment in the amount of $2,500.00. Please see exhibit A. Debtor made a slight excess payment to the Cook County Treasurer to cover any late payment charges that may be issued.

6.      Debtor is substantially current with his Trustee Payments.

7.      Debtor respectfully requests this Honorable Court to reinstate the automatic stay as to the property located at 15035 Evers St, Dolton, IL 60419, subject to the same conditions contained in the original Agreed Order for Relief from Stay if Failure to comply with order.

**WHEREFORE**, Debtor prays that this Honorable Court enter an Order for the following relief:

1. Reinstating the automatic stay as to the property located at 15035 Evers St, Dolton, IL 60419;
2. For such other relief as this Court deems proper under the circumstances.

Respectfully submitted,

_____/s/ Angelica Harb
Angelica Harb
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606
800-695-7674
aharb@firstamericalaw.com

# **EXHIBIT A**

## Cook County Treasurer Property Tax E-Receipt

**Payment Date:** 08/18/2021 09:23 PM CDT

**Confirmation Number:** 130341506

**Payment Method:** Credit Card (VISA) *************0345

**Expiration:** ##/##                                         **Transaction Type:** Purchase

**Approval Code:** 042322                    **Transaction Reference Number:**

**AVS Response:** Y                                          **CVV2 Response:** M

**Cardholder Name:** Kevin Scott

| **Payment Towards** | **Amount ID** |
|---|---|
| **Property Tax Payment Amount:** | $2,500.00 |
| **LexisNexis Non-refundable Processing Fee:** | $52.50 |
| **Total Amount:** | $2,552.50 |

Volume Number: 202   Property Index Number (PIN):     29-10-402-014-0000

Property Location: 15035 EVERS ST DOLTON, IL 60419-2618

Bill Year:        2020 Tax Year :              2020            Tax Type: 0 Installment: 2

Property Tax Payment Amount:            $2,500.00

LexisNexis Non-refundable Processing Fee: $52.50

   Total Amount:                     $2,552.50

Your payment has been submitted. It will be reflected on Cook County Treasurer's website within 10 business days.

Your confirmation number is 130341506. Your payment is subject to further verification by the Cook County Treasurer's Office.

If after 10 business days your payment is not reflected, please contact us at Cook County Treasurer

2

We recommend that you print and retain this page for your records.


Click here to return to Cook County Treasurer's Home Page.

If the mailing information on your property tax bill is incorrect and you would like to submit a Name/Address change application to the Cook County Treasurer's Office, please click here.


Your payment was made through paymentsolutions.lexisnexis.com, one of the LexisNexis VitalChek Network Inc. portals.


For business or technical support, please send an email to paymentsolutions@lexisnexis.com.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                   )        BK No.:    19-04081
Kevin Scott                              )
                                         )
                                         )        Chapter:  13
                                         )
                                         )        Honorable Carol A. Doyle
                                         )        SELECT IF OUTLYING AREA
            Debtor(s)                    )

**ORDER REINSTATING THE AUTOMATIC STAY**

This cause coming to be heard on the Motion of the Debtor to reinstate the automatic stay,
IT IS ORDERED:

The motion is GRANTED as follows:

1. The Notice of Failure to Comply with Order filed by Newline Holdings LLC as Document #62
   is vacated;

2. The Agreed Order Relief from Stay if Failure to Comply entered as Document #37 remains in
   effect;

3. The Trustee is directed to resume making payments to Newline Holdings LLC for proof of
   claim#3.

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated:

**Prepared by:**
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | Chapter 13 | |
| | ) | | |
| Kevin Scott, | ) | No. 19-04081 | |
| | ) | | |
| | ) | | |
| | ) | | |
| Debtor. | ) | Judge Carol A. Doyle | |

## NOTICE OF OBJECTION BY NEWLINE HOLDINGS LLC TO MOTION TO REINSTATE AUTOMATIC STAY (DOCKET 63)

You are hereby notified pursuant to General 20-03 entered on September 28, 2020, Section 7(b) Newline Holdings LLC. objects to the Motion to Reinstate Automatic Stay (Docket 63) and requests that said Motion be called for hearing.

BY:/s/Paul M. Bach
Paul M. Bach
Bach Law Offices
PO Box 1285
Northbrook, Illinois 60065
847 564 0808

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No.  19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

### RESPONSE OF NEWLINE HOLDINGS LLC'S TO THE DEBTOR'S MOTION TO REINSTATE AUTOMATIC STAY

NOW COMES, Newline Holdings LLC ("Newline"), by its attorney, Paul M. Bach of Bach Law Offices, Inc. and in Response to the Debtor's Motion to Reinstate Automatic Stay and states as follows:

### Introduction

The modification of the automatic stay on August 18, 2021, was the result of the Debtor's non-compliance with the procedures set out in the court's order of June 4, 2019 ("the Agreed Order"). *A copy of the June 4, 2019, order is attached as an exhibit.* The June 4, 2019 Agreed Order essentially stated in paragraph 3 that if the property taxes for PIN 29-10-402-014-0000 were unpaid that Newline Holdings LLC ("Newline") could send a Default Letter to the Debtor and his attorney stating that the property taxes were unpaid and unless the Debtor paid the property taxes at issue and the attorney fees provided within fourteen days of the date of the Default Letter the automatic stay would be terminated upon the filing of a Notice of Stay Modification with the Clerk of the Bankruptcy Court.

On July 20, 2021, the undersigned on behalf of Newline sent to Debtor and his attorney by first class mail a Default Letter stating that the first installment of 2020 real estate taxes in the amount of $2,356.75 were unpaid and that unless that the real estate taxes and $100.00 in

1

attorney fees were paid the automatic stay would be modified at the end of the fourteen period ("the Default Letter"). *See attached Default Letter.* The 2020 first installment real estate taxes were not paid within the fourteen days required by the Agreed Order. As a result, on August 10, 2021 (twenty-one days after the Default Letter was sent), the undersigned on behalf of Newline filed a Notice of Modification of the Automatic Stay ("the Notice"). *See attached Notice of Modification of the Automatic Stay.*

The fact that the Debtor later paid the real estate taxes after the fourteen-day notice period and after the Notice of Modification of the automatic stay is irrelevant. One would expect the Debtor in this situation to argue that this Court that the Agreed Order was in error or Newline did not property send the Default Letter or even that Newline misapplied applicable Federal Case Law. Remarkably, that is not what the Debtor argues in her Motion to Vacate. The Debtor instead without stating a basis in the Bankruptcy Code or Rules asks this Court to Reinstate the Automatic Stay only because the Debtor did not follow the Agreed Order and essentially wants a second bite of the apple.

As a result, this leaves the Court with a pending Motion to Reinstate Stay that has no substance. The factual assertions of the Debtor are irrelevant and baseless. There are no manifest errors of law or facts as none are specifically alleged by the Debtor. The main point is that the Debtor has not sustained her burden on the Motion to Reinstate Stay (if such a Motion exists or is appropriate).

### Applicable Standard

The first of many problems is what is a Motion to Reinstate the Automatic Stay? Here the Debtor did not comply with the Agreed Order. A more appropriate Motion may have been a Motion to Vacate the Notice of Stay Modification on August 10, 2021. More pressing is that the

2

Motion to Reinstate Stay does not a basis in the Bankruptcy Code or Rules for what the Debtor is

seeking. The undersigned is guessing that Federal Rules of Bankruptcy Procedure 9023 (which

refers to Federal Rules of Civil Procedure 59) motion it what Debtor intends with this Motion

and is really a Motion to Reconsider. A Motion to Reconsider does not exist under Federal

Rules of Bankruptcy Procedure 9023 (which refers to Federal Rules of Civil Procedure 59).

Examining Motions to Reconsider, Judge Squires stated in *In re Ross*, 377 B.R. 559

(Bankr.N.D.2007) as follows:

> A "motion to reconsider" is not formally designated by either the
> Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure,
> except as provided in Bankruptcy Rule 3008, which allows reconsideration of
> orders allowing or disallowing claims against the estate. Rule 59(e) of the Federal
> Rules of Civil Procedure, as adopted by Bankruptcy Rule 9023, permits a party to
> move the Court to alter or amend a judgment entered by filing a motion to alter or
> amend, not one styled as a "motion to reconsider.
> ………..
>
> Rule 59(e) motions serve a narrow purpose and must clearly establish
> either a manifest error of law or fact or must present newly discovered
> evidence. *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir.1998); *Moro v. Shell
> Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996); Fed.*Deposit Ins. Corp. v. Meyer,* 781
> F.2d 1260, 1268 (7th Cir.1986); *Publishers Res., Inc. v. Walker-Davis Publ'ns,
> Inc.,* 762 F.2d 557, 561 (7th Cir.1985). "The rule essentially enables a district
> court to correct its own errors, sparing the parties and the appellate courts the
> burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen.
> Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). Indeed, the Rule permits a party
> to bring to the attention of the trial court "factual and legal errors that may change
> the outcome so they can be corrected. It does not allow a party to introduce new
> evidence earlier available, or advance arguments that could and should have been
> presented prior to the judgment." *Herbstein v. Bruetman (In re Bruetman),* 259
> B.R. 672, 673-74 (Bankr. N.D.Ill.2001).
>
> The function of a motion to alter or amend a judgment is not to serve as a
> vehicle to relitigate old matters or present the case under a new legal theory.
> Moro, 91 F.3d at 876; *King v. Cooke,* 26 F.3d 720, 726 (7th Cir.1994). Moreover,
> the purpose of such a motion "is not to give the moving party another `bite of the
> apple' by permitting the arguing of issues and procedures that could and should
> have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT
> Terminals, Inc.),* 125 B.R. 963, 977 (Bankr.N.D.Ill. 1990). The rulings of a

bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals,* 125 B.R. at 977. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. *See LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995).

Here, the Motion is nothing by an attempt by the Debtor for a second bite of the apple after the Debtor did not comply with the Agreed Order. An Agreed Order (such as this one) which is an Agreed Order conditioning the Automatic Stay essentially sets the ground rules as to what the Debtor must do to keep the Automatic Stay in effect. Default Order are strictly construed, and the time periods provided by Default Orders are strictly enforced by this Court.

The Debtor understood this as previously on August 23, 2019, the Debtor was a Default Letter regarding delinquent real estate taxes which the Debtor paid with the fourteen-day period. The fact that the Debtor received the Default Letter and then waited until more than week after Stay Modification is even more telling.

WHEREFORE, Newline Holdings LLC asks this Honorable Court to enter an order denying the Motion to Reinstate Automatic Stay and further relief as is just and equitable.

Respectfully Submitted,
Newline Holdings LLC

BY:/s/Paul M. Bach

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No. 19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

### AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT
_____

**THIS CAUSE** coming on to be heard on the Objection to Confirmation of the Creditor Newline Holdings LLC (hereinafter, "Creditor"), the Creditor withdrawing its objection based on the entry of this order, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1.      That beginning with the 1st Installment of Real Estate Taxes for 2018, due in 2019, for the real estate commonly known as 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 ("the real estate taxes"), the debtor must commence making timely payment of real estate taxes for the real estate continuing throughout the pendency of the bankruptcy to the County of Cook;

2.      That a payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before the date in which it is due;

3.      That if the County of Cook website fails to show payment of an installment of real estate taxes within fifteen days of the "timely" due date as set by the County of Cook and if the debtor fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated and modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

1

4.    That beginning with the first plan payment due (30 days after filing) after the entry of this order, the debtor must commence making timely payment of Trustee payments in the amount called for the confirmed Chapter 13 Plan continuing throughout the pendency of the bankruptcy to Tom Vaughn, Chapter 13 Trustee;

5.    That if Tom Vaughn, Chapter 13 Trustee fails to receive two "timely" post-petition monthly trustee payments and if the debtor fails to bring the trustee post-petition current within fourteen (14) calendar days after Creditor or its attorney mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.    In the event that Bach Law Offices, Inc. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

7.    In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, the stay shall be automatically terminated and annulled/modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest;

ENTER:

DATED: 6/4/19

_____
UNITED STATES BANKRUPTCY JUDGE

A. Harb

Angelica Harb

_____
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

2



Penelope N. Bach pnbach@bachoffices.com

Paul M. Bach paul@bachoffices.com

**BACH LAW OFFICES**

July 20, 2021

**Via First Class US Mail**

**Kevin Scott**
15035 Evers St.
Dolton, IL 60419

**Angelica Harb**
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606

**NOTICE OF DEFAULT UNDER ORDER**

Re: **Kevin Scott**, 19 B 4081/15035 Evers Street, Dolton, Illinois/PIN 29-10-402-014-0000

To Whom it May Concern:

The undersigned represents Newline Holdings LLC in the above captioned Chapter 13 Bankruptcy matter. On June 4, 2019, the Bankruptcy Court entered the attached Agreed Order. See attached copy of the Agreed Order. Please be advised that the Order provides in paragraph 3 that the stay would modify to Newline Holdings LLC in the event the Debtor(s) failed to timely pay an installment of real estate taxes.

At this time, one installment of real estate taxes has accrued on the website for the County of Cook (1st Installment of 2020). See attached print out from the website of the Cook County Treasurer. As of today, there is a default for payment of real estate taxes in the amount $2,356.75.

The Agreed Order reflects that 14-day notice be sent to the debtors and the debtor's attorney. This letter and its attachments constitute said notice.

Further, the Agreed Order under paragraph six requires that the Debtors pay Bach Law Offices, Inc. $100.00 for attorney fees. These additional funds must be made payable to Bach Law Offices and received by this office at the above address within 14 days from the date of this notice.

1



Penelope N. Bach pnbach@bachoffices.com

Paul M. Bach paul@bachoffices.com

BACH LAW OFFICES

Unless the Debtor: 1) tenders the amount due plus any additional penalty due to the Cook County Treasurer within 14 days; and 2) also pays $100.00 payable to Bach Law Offices, Inc. within 14 days from the date of this notice the stay pursuant to 11 USC 362 shall automatically be modified as to Newline Holdings LLC and its successors and assigns.

Sincerely,

Paul M. Bach
Attorney for Newline Holdings LLC

Encl:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No. 19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT**

**THIS CAUSE** coming on to be heard on the Objection to Confirmation of the Creditor Newline Holdings LLC (hereinafter, "Creditor"), the Creditor withdrawing its objection based on the entry of this order, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1.      That beginning with the 1st Installment of Real Estate Taxes for 2018, due in 2019, for the real estate commonly known as 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 ("the real estate taxes"), the debtor must commence making timely payment of real estate taxes for the real estate continuing throughout the pendency of the bankruptcy to the County of Cook;

2.      That a payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before the date in which it is due;

3.      That if the County of Cook website fails to show payment of an installment of real estate taxes within fifteen days of the "timely" due date as set by the County of Cook and if the debtor fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated and modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

1

4.     That beginning with the first plan payment due (30 days after filing) after the entry of this order, the debtor must commence making timely payment of Trustee payments in the amount called for the confirmed Chapter 13 Plan continuing throughout the pendency of the bankruptcy to Tom Vaughn, Chapter 13 Trustee;

5.     That if Tom Vaughn, Chapter 13 Trustee fails to receive two "timely" post-petition monthly trustee payments and if the debtor fails to bring the trustee post-petition current within fourteen (14) calendar days after Creditor or its attorney mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.     In the event that Bach Law Offices, Inc. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

7.     In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, the stay shall be automatically terminated and annulled/modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest;

ENTER:

DATED: 6/4/19

_____
UNITED STATES BANKRUPTCY JUDGE

A. Harb

Angelica Harb

_____
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

2

# Your Property Tax Overview

### TOTAL TAXING DISTRICT DEBT ATTRIBUTED TO YOUR PROPERTY

**Total Taxing District Debt Attributed to Your Property:**          $26,511

**Property Value:**          $90,520

**Total Debt % Attributed to Your Property Value:**          29.3%

**To see the 20-Year History of Your Property Taxes, click here.**

Note: The above amounts are illustrations of how much government debt could be attributed to your property based on its 2019 value.

**See Details Here**

### OVERVIEW - PAYMENTS

Property Index Number (PIN):  **29-10-402-014-0000**          BEGIN A NEW SEARCH

Scroll down for more information.



29104020140000  03/12/2008

**Property Location:**
15035 EVERS ST
DOLTON, IL 60419-2618

**Mailing Information:**
KEVIN SCOTT
15035 EVERS ST
DOLTON, IL 60419-2618

Update Your Information

## Are Your Taxes Paid?

### Tax Year 2018 (billed in 2019)    Total Amount Billed: $4,078.59

1st INSTALLMENT - Tax Year 2018

**Original Billed Amount:**
$2,145.14
**Due Date:**
03/01/2019

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

2nd INSTALLMENT - Tax Year 2018

**Original Billed Amount:**
$1,933.45
**Due Date:**
08/01/2019

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

**Total Amount Due:**          $0.00

**Expand Payment Details** ▼

### Tax Year 2019 (billed in 2020)    Total Amount Billed: $4,100.48

1st INSTALLMENT - Tax Year 2019

**Original Billed Amount:**
$2,243.22
**Due Date:**
03/03/2020

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

2nd INSTALLMENT - Tax Year 2019

**Original Billed Amount:**
$1,857.26
**Due Date:**
08/03/2020

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

**Total Amount Due:**          $0.00

**Expand Payment Details** ▼

### Tax Year 2020 (billed in 2021)    Total Amount Billed: $2,255.26

1st INSTALLMENT - Tax Year 2020

**Original Billed Amount:**
$2,255.26
**Due Date:**
03/02/2021

**Tax:**
$2,255.26
**Interest:**
$101.49

**Current Amount Due:**
**$2,356.75**

**Total Amount Due:**    **$2,356.75**

**Expand Payment Details** ▼

| Pay Now |
|---|

**About payments:**

- Payments are recorded the date they are received. They appear on the website about three business days later.
- The current amount due is as of Monday, July 19, 2021. Questions about payments? Contact Us.
- To find out if taxes for this PIN are delinquent for Tax Year 2017 and earlier, search the Cook County Clerk's records.

## Download Your Tax Bill

Open a PDF of your tax bill that can be printed and used to pay in person or by mail.

📄 **Tax Year 2020 First Installment  Due Tuesday, March 2, 2021**

📄 **Tax Year 2019 Second Installment  Due Monday, August 3, 2020**

 **Tax Year 2018 Second Installment  Due Thursday, August 1, 2019**

**Stop receiving your tax bill by mail.**

Sign up for eBilling to receive future tax bills via email.

## Are There Any Overpayments on Your PIN?

**Our records do not indicate a refund available on the PIN you have entered.**

## Have You Received Your Exemptions in These Tax Years?

| Type | 2019 | 2018 | 2017 |
|------|------|------|------|
| **Homeowner Exemption:** | YES | YES | YES |
| **Senior Citizen Exemption:** | NO | NO | NO |
| **Senior Freeze Exemption:** | NO | NO | NO |
| **Returning Veteran Exemption:** | NO | NO | NO |
| **Disabled Person Exemption:** | NO | NO | NO |
| **Disabled Veteran Exemption:** | NO | NO | NO |

Tax Year 2020 exemptions granted by the Assessor will be reflected on your Second Installment tax bill.

Apply for a missing exemption

You may also view lists of properties that may be entitled to missing senior exemptions for Tax Year 2018.

## 20-Year Property Tax Bill History

| Tax Year 2000: | $3,013.38 |
|----------------|-----------|
| Tax Year 2019: | $4,100.48 |

**Difference:** + $1,087.10
**Percent Change:** + 36.08%
See your complete property tax history.

 Read "The Pappas Study" 20-Year Property Tax History

See the Top 50 Largest Tax Increases since 2000 by Chicago ward and suburb

Voter Turnout 2011-2020 Chicago and Cook County Suburbs

Cook County Suburbs - Interactive Map

Chicago by Ward - Interactive Map

## Taxing District Debt Attributed to Your Property

**Total Taxing District Debt Attributed to Your Property:**

$26,511

**Property Value:**

$90,520

**Total Debt % Attributed to Your Property Value:**

29.3%

**To see the 20-Year History of Your Property Taxes, click here.**

Note: The above amounts are illustrations of how much government debt could be attributed to your property based on its 2019 value.

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Total Debts and Liabilities | District Property Value | Property Value | % o Dist |
|---|---|---|---|---|
| South Cook Mosquito Abatement Harvey | $2,228,058 | $64,987,319,364 | $90,520 | 0.0C |
| Metro Water Reclamation Dist of Chicago | $4,441,258,000 | $530,866,458,606 | $90,520 | 0.0C |
| Dolton Public Library District | $41,232 | $758,232,350 | $90,520 | 0.01 |
| Dolton Park District | $1,558,024 | $778,545,938 | $90,520 | 0.01 |

| | | | | |
|---|---|---|---|---|
| South Suburban Coll Dist 510 (S Holland) | $25,798,439 | $11,523,685,352 | $90,520 | 0.00 |
| Thornton Township High Schools Dist 205 | $50,021,417 | $4,172,368,199 | $90,520 | 0.00 |
| Dolton School District 149 | $60,079,029 | $926,993,456 | $90,520 | 0.00 |
| Village of Dolton | $123,012,752 | $758,232,350 | $90,520 | 0.01 |
| Town of Thornton | $6,678,889 | $6,501,586,383 | $90,520 | 0.00 |
| Cook County Forest Preserve District | $517,794,937 | $540,825,167,590 | $90,520 | 0.00 |
| County of Cook | $21,176,754,633 | $540,825,167,590 | $90,520 | 0.00 |

**Total Taxing District Debt Attributed to Your Pr**

**To read Treasurer Pappas' Debt Study and use the interactive map, click here.**

## Highlights of <u>Your</u> Taxing Districts' Debt and Pension

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Money Owed by Your Taxing Districts (minus Total Net Pension Liability) | Pension and Healthcare Amounts Promised by Your Taxing Districts | Amount of Pension and Healthcare Shortage | Empl |
|---|---|---|---|---|
| South Cook Mosquito Abatement Harvey | $1,871,888 | $4,639,938 | $356,170 | |
| Metro Water Reclamation Dist of Chicago | $3,404,722,000 | $2,909,890,000 | $1,377,581,000 | |
| Dolton Public Library District | $41,232 | $3,507,164 | $132,100 | |
| Dolton Park District | $1,838,866 | $1,378,187 | $25,989 | |
| South Suburban Coll Dist 510 (S Holland) | $25,798,439 | $0 | $0 | |
| Thornton Township High Schools Dist 205 | $45,939,774 | $47,554,429 | $4,081,643 | |
| Dolton School District 149 | $55,384,419 | $24,579,305 | $9,103,642 | |
| Village of Dolton | $65,712,863 | $90,985,616 | $29,178,588 | |
| Town of Thornton | $4,832,999 | $21,671,020 | $1,845,890 | |
| Cook County Forest Preserve District | $193,646,842 | $457,040,680 | $246,669,734 | |

| County of Cook | $6,898,027,070 | $23,257,290,307 | $13,395,266,525 | 2: |

## Reports and Data for <u>All</u> Taxing Districts

View the financial reports filed by 547 local Taxing Districts across Cook County pursuant to the Debt Disclosure Ordinance authored by Treasurer Maria Pappas.

- Read the Executive Summary
- Read the Debt Report
- Cook County Debt Map
- Correlation Chart Between Debt and Higher Taxes
- Search your property to find out what portion of local government debt is attributed to your property
- Debt to Property Value by Municipality - Residential and Commercial
- Debt and Disclosure Data
- Browse all financial reports filed by a specific local government

BEGIN A NEW SEARCH

**DISCLAIMER:** The information on this screen comes from many sources, few of which are in the control of the Cook County Treasurer's Office. Taxpayers are advised to take personal responsibility for their PIN, property location, taxpayer address, and payment amounts posted due or paid, to be sure of their accuracy.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No.  19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**NOTICE OF MODIFICATION OF THE AUTOMATIC STAY**
**DUE TO THE DEBTOR'S FAILURE TO COMPLY WITH COURT ORDER**

PLEASE TAKE NOTICE that the Automatic Stay has been modified.  Relief is hereby granted and Newline Holdings LLC their successors and assigns are free to pursue its rights as to the property commonly known as to 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 pursuant to the terms of the Order entered June 4, 2019 (attached hereto), Debtor having failed to comply with provisions therein.  A Notice of Default (attached hereto) in compliance with the requirements of the Order, was sent on July 20, 2021, and cure of the default was not made in the required time.

SPECIAL NOTICE TO THE TRUSTEE:

The Stay has been Modified, the Claim of this creditor is withdrawn.  No further payments should be made pursuant thereto.

**NOTICE OF FILING**

This Notice and the documents referred to are being filed with the Clerk of the United States Bankruptcy Court on August 10, 2021.

BY:/s/Paul M. Bach
Paul M. Bach
Bach Law Offices
PO Box 1285
Northbrook, Illinois 60065
847 564 0808

**PROOF OF SERVICE**

I, PAUL M. BACH certify that I served this notice and attached documents upon all parties named in this notice as stated on the attached service list by the method stated and if by first class US Mail with proper postage prepaid, in Northbrook, IL 60062 all on August 10, 2021.

/s/Paul M. Bach

SERVICE LIST

**Kevin Scott**                                    **BY FIRST CLASS US MAIL**
15035 Evers St.
Dolton, IL 60419

**Angelica Harb**                                  **BY ECF ELECTRONIC DELIVERY**
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606

**Tom Vaughn**                                     **BY ECF ELECTRONIC DELIVERY**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603

**Patrick S Layng**                                **BY ECF ELECTRONIC DELIVERY**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No. 19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

## AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT
_____

**THIS CAUSE** coming on to be heard on the Objection to Confirmation of the Creditor Newline Holdings LLC (hereinafter, "Creditor"), the Creditor withdrawing its objection based on the entry of this order, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1. That beginning with the 1st Installment of Real Estate Taxes for 2018, due in 2019, for the real estate commonly known as 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 ("the real estate taxes"), the debtor must commence making timely payment of real estate taxes for the real estate continuing throughout the pendency of the bankruptcy to the County of Cook;

2. That a payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before the date in which it is due;

3. That if the County of Cook website fails to show payment of an installment of real estate taxes within fifteen days of the "timely" due date as set by the County of Cook and if the debtor fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated and modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

1

4.      That beginning with the first plan payment due (30 days after filing) after the entry of this order, the debtor must commence making timely payment of Trustee payments in the amount called for the confirmed Chapter 13 Plan continuing throughout the pendency of the bankruptcy to Tom Vaughn, Chapter 13 Trustee;

5.      That if Tom Vaughn, Chapter 13 Trustee fails to receive two "timely" post-petition monthly trustee payments and if the debtor fails to bring the trustee post-petition current within fourteen (14) calendar days after Creditor or its attorney mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.      In the event that Bach Law Offices, Inc. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

7.      In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, the stay shall be automatically terminated and annulled/modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest;

ENTER:

DATED: 6/4/19

_____
UNITED STATES BANKRUPTCY JUDGE

_____

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

Angelica Harb

2



Penelope N. Bach pnbach@bachoffices.com                    Paul M. Bach paul@bachoffices.com

**BACH LAW OFFICES**

July 20, 2021

**Via First Class US Mail**

**Kevin Scott**
15035 Evers St.
Dolton, IL 60419

**Angelica Harb**
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606

### NOTICE OF DEFAULT UNDER ORDER

Re: **Kevin Scott**, 19 B 4081/15035 Evers Street, Dolton, Illinois/PIN 29-10-402-014-0000

To Whom it May Concern:

The undersigned represents Newline Holdings LLC in the above captioned Chapter 13 Bankruptcy matter. On June 4, 2019, the Bankruptcy Court entered the attached Agreed Order. See attached copy of the Agreed Order. Please be advised that the Order provides in paragraph 3 that the stay would modify to Newline Holdings LLC in the event the Debtor(s) failed to timely pay an installment of real estate taxes.

At this time, one installment of real estate taxes has accrued on the website for the County of Cook (1st Installment of 2020). See attached print out from the website of the Cook County Treasurer. As of today, there is a default for payment of real estate taxes in the amount $2,356.75.

The Agreed Order reflects that 14-day notice be sent to the debtors and the debtor's attorney. This letter and its attachments constitute said notice.

Further, the Agreed Order under paragraph six requires that the Debtors pay Bach Law Offices, Inc. $100.00 for attorney fees. These additional funds must be made payable to Bach Law Offices and received by this office at the above address within 14 days from the date of this notice.

1





Penelope N. Bach pnbach@bachoffices.com

Paul M. Bach paul@bachoffices.com

**BACH LAW OFFICES**

Unless the Debtor: 1) tenders the amount due plus any additional penalty due to the Cook County Treasurer within 14 days; and 2) also pays $100.00 payable to Bach Law Offices, Inc. within 14 days from the date of this notice the stay pursuant to 11 USC 362 shall automatically be modified as to Newline Holdings LLC and its successors and assigns.

Sincerely,

Paul M. Bach
Attorney for Newline Holdings LLC

Encl:

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No. 19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT**

**THIS CAUSE** coming on to be heard on the Objection to Confirmation of the Creditor Newline Holdings LLC (hereinafter, "Creditor"), the Creditor withdrawing its objection based on the entry of this order, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1.    That beginning with the 1st Installment of Real Estate Taxes for 2018, due in 2019, for the real estate commonly known as 15035 Evers Street, Dolton, Illinois 60419 regarding PIN 29-10-402-014-0000 ("the real estate taxes"), the debtor must commence making timely payment of real estate taxes for the real estate continuing throughout the pendency of the bankruptcy to the County of Cook;

2.    That a payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before the date in which it is due;

3.    That if the County of Cook website fails to show payment of an installment of real estate taxes within fifteen days of the "timely" due date as set by the County of Cook and if the debtor fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated and modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

1

4.      That beginning with the first plan payment due (30 days after filing) after the entry of this order, the debtor must commence making timely payment of Trustee payments in the amount called for the confirmed Chapter 13 Plan continuing throughout the pendency of the bankruptcy to Tom Vaughn, Chapter 13 Trustee;

5.      That if Tom Vaughn, Chapter 13 Trustee fails to receive two "timely" post-petition monthly trustee payments and if the debtor fails to bring the trustee post-petition current within fourteen (14) calendar days after Creditor or its attorney mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6.      In the event that Bach Law Offices, Inc. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

7.      In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, the stay shall be automatically terminated and annulled/modified as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest;

ENTER:

DATED: 6/4/19

UNITED STATES BANKRUPTCY JUDGE

Angelica Harb

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

2

# Your Property Tax Overview

## TOTAL TAXING DISTRICT DEBT ATTRIBUTED TO YOUR PROPERTY

| | |
|---|---|
| **Total Taxing District Debt Attributed to Your Property:** | **$26,511** |
| **Property Value:** | **$90,520** |
| **Total Debt % Attributed to Your Property Value:** | **29.3%** |

**To see the 20-Year History of Your Property Taxes, click here.**

Note: The above amounts are illustrations of how much government debt could be attributed to your property based on its 2019 value.

**See Details Here**

### OVERVIEW - PAYMENTS

Property Index Number (PIN): **29-10-402-014-0000**          BEGIN A NEW SEARCH

Scroll down for more information.



29104020140000  03/12/2008

**Property Location:**
15035 EVERS ST
DOLTON, IL 60419-2618

**Mailing Information:**
KEVIN SCOTT
15035 EVERS ST
DOLTON, IL 60419-2618

Update Your Information

# Are Your Taxes Paid?

### Tax Year 2018 (billed in 2019)    Total Amount Billed: $4,078.59

**1st INSTALLMENT - Tax Year 2018**

**Original Billed Amount:**
$2,145.14
**Due Date:**
03/01/2019

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

**2nd INSTALLMENT - Tax Year 2018**

**Original Billed Amount:**
$1,933.45
**Due Date:**
08/01/2019

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

**Total Amount Due:**         $0.00

**Expand Payment Details** ▼

### Tax Year 2019 (billed in 2020)    Total Amount Billed: $4,100.48

**1st INSTALLMENT - Tax Year 2019**

**Original Billed Amount:**
$2,243.22
**Due Date:**
03/03/2020

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

**2nd INSTALLMENT - Tax Year 2019**

**Original Billed Amount:**
$1,857.26
**Due Date:**
08/03/2020

**Tax:**
$0.00
**Interest:**
$0.00

**Current Amount Due:**
**$0.00**

**Total Amount Due:**         $0.00

**Expand Payment Details** ▼

### Tax Year 2020 (billed in 2021)    Total Amount Billed: $2,255.26

1st INSTALLMENT - Tax Year 2020

**Original Billed Amount:**
$2,255.26
**Due Date:**
03/02/2021

**Tax:**
$2,255.26
**Interest:**
$101.49

**Current Amount Due:**
**$2,356.75**

### Total Amount Due:    $2,356.75

**Expand Payment Details** ▼

```
Pay Now
```

**About payments:**

- Payments are recorded the date they are received. They appear on the website about three business days later.
- The current amount due is as of Monday, July 19, 2021. Questions about payments? Contact Us.
- To find out if taxes for this PIN are delinquent for Tax Year 2017 and earlier, search the Cook County Clerk's records.

## Download Your Tax Bill

Open a PDF of your tax bill that can be printed and used to pay in person or by mail.

📄 **Tax Year 2020 First Installment  Due Tuesday, March 2, 2021**

📄 **Tax Year 2019 Second Installment  Due Monday, August 3, 2020**

 **Tax Year 2018 Second Installment  Due Thursday, August 1, 2019**

**Stop receiving your tax bill by mail.**

Sign up for eBilling to receive future tax bills via email.

# Are There Any Overpayments on Your PIN?

**Our records do not indicate a refund available on the PIN you have entered.**

# Have You Received Your Exemptions in These Tax Years?

| Type | 2019 | 2018 | 2017 |
|---|---|---|---|
| **Homeowner Exemption:** | YES | YES | YES |
| **Senior Citizen Exemption:** | NO | NO | NO |
| **Senior Freeze Exemption:** | NO | NO | NO |
| **Returning Veteran Exemption:** | NO | NO | NO |
| **Disabled Person Exemption:** | NO | NO | NO |
| **Disabled Veteran Exemption:** | NO | NO | NO |

Tax Year 2020 exemptions granted by the Assessor will be reflected on your Second Installment tax bill.

Apply for a missing exemption

You may also view lists of properties that may be entitled to missing senior exemptions for Tax Year 2018.

# 20-Year Property Tax Bill History

| Tax Year 2000: | $3,013.38 |
|---|---|
| Tax Year 2019: | $4,100.48 |

**Difference:**                  + $1,087.10
**Percent Change:**              + 36.08%
See your complete property tax history.

- Read "The Pappas Study" 20-Year Property Tax History
- See the Top 50 Largest Tax Increases since 2000 by Chicago ward and suburb
- Voter Turnout 2011-2020 Chicago and Cook County Suburbs
- Cook County Suburbs - Interactive Map
- Chicago by Ward - Interactive Map

## Taxing District Debt Attributed to <u>Your</u> Property

**Total Taxing District Debt Attributed to Your Property:**

$26,511

**Property Value:**

$90,520

**Total Debt % Attributed to Your Property Value:**

29.3%

**To see the 20-Year History of Your Property Taxes, click here.**

Note: The above amounts are illustrations of how much government debt could be attributed to your property based on its 2019 value.

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Total Debts and Liabilities | District Property Value | Property Value | % o Dist |
|---|---|---|---|---|
| South Cook Mosquito Abatement Harvey | $2,228,058 | $64,987,319,364 | $90,520 | 0.00 |
| Metro Water Reclamation Dist of Chicago | $4,441,258,000 | $530,866,458,606 | $90,520 | 0.00 |
| Dolton Public Library District | $41,232 | $758,232,350 | $90,520 | 0.01 |
| Dolton Park District | $1,558,024 | $778,545,938 | $90,520 | 0.01 |

| | | | | |
|---|---|---|---|---|
| South Suburban Coll Dist 510 (S Holland) | $25,798,439 | $11,523,685,352 | $90,520 | 0.00 |
| Thornton Township High Schools Dist 205 | $50,021,417 | $4,172,368,199 | $90,520 | 0.00 |
| Dolton School District 149 | $60,079,029 | $926,993,456 | $90,520 | 0.00 |
| Village of Dolton | $123,012,752 | $758,232,350 | $90,520 | 0.01 |
| Town of Thornton | $6,678,889 | $6,501,586,383 | $90,520 | 0.00 |
| Cook County Forest Preserve District | $517,794,937 | $540,825,167,590 | $90,520 | 0.00 |
| County of Cook | $21,176,754,633 | $540,825,167,590 | $90,520 | 0.00 |

**Total Taxing District Debt Attributed to Your Pr**

**To read Treasurer Pappas' Debt Study and use the interactive map, click here.**

## Highlights of <u>Your</u> Taxing Districts' Debt and Pension

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Money Owed by Your Taxing Districts (minus Total Net Pension Liability) | Pension and Healthcare Amounts Promised by Your Taxing Districts | Amount of Pension and Healthcare Shortage | Empl |
|---|---|---|---|---|
| South Cook Mosquito Abatement Harvey | $1,871,888 | $4,639,938 | $356,170 | |
| Metro Water Reclamation Dist of Chicago | $3,404,722,000 | $2,909,890,000 | $1,377,581,000 | |
| Dolton Public Library District | $41,232 | $3,507,164 | $132,100 | |
| Dolton Park District | $1,838,866 | $1,378,187 | $25,989 | |
| South Suburban Coll Dist 510 (S Holland) | $25,798,439 | $0 | $0 | |
| Thornton Township High Schools Dist 205 | $45,939,774 | $47,554,429 | $4,081,643 | |
| Dolton School District 149 | $55,384,419 | $24,579,305 | $9,103,642 | |
| Village of Dolton | $65,712,863 | $90,985,616 | $29,178,588 | |
| Town of Thornton | $4,832,999 | $21,671,020 | $1,845,890 | |
| Cook County Forest Preserve District | $193,646,842 | $457,040,680 | $246,669,734 | |

| County of Cook | $6,898,027,070 | $23,257,290,307 | $13,395,266,525 | 2: |

# Reports and Data for <u>All</u> Taxing Districts

View the financial reports filed by 547 local Taxing Districts across Cook County
pursuant to the Debt Disclosure Ordinance authored by Treasurer Maria Pappas.

- Read the Executive Summary
- Read the Debt Report
- Cook County Debt Map
- Correlation Chart Between Debt and Higher Taxes
- Search your property to find out what portion of local government debt is
  attributed to your property
- Debt to Property Value by Municipality - Residential and Commercial
- Debt and Disclosure Data
- Browse all financial reports filed by a specific local government

BEGIN A NEW SEARCH

**DISCLAIMER:** The information on this screen comes from many sources, few of which are in the control of the
Cook County Treasurer's Office. Taxpayers are advised to take personal responsibility for their PIN, property
location, taxpayer address, and payment amounts posted due or paid, to be sure of their accuracy.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| Honorable | Carol A. Doyle | Hearing Date | September 14, 2021 |
|---|---|---|---|
| Bankruptcy Case No. | 19 B 04081 | Adversary No. | |

Title of Case: Kevin Scott

Brief Statement of Motion: Motion to reinstate stay [Dkt No. 63]

Names and Addresses of moving counsel:

Representing:

# ORDER

IT IS ORDERED that debtor's reply is due by October 5, 2021. Status/Ruling is continued to October 19, 2021 at 10:00 a.m.

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Kevin Scott | ) | |
| | ) | Case No: 19 B 04081 |
| | ) | Judge: Doyle |
| | ) | Chapter 13 |
| Debtor | ) | |

### DEBTOR'S REPLY TO NEWLINE HOLDINGS LLC'S RESPONSE TO DEBTOR'S MOTION TO REINSTATE STAY

NOW COMES, Kevin Scott ("Debtor"), by its attorney, Angelica Harb of Hinds Law LLC and in Reply to Newline Holdings LLC's("Creditor") Response to Debtor's Motion to Reinstate Stay states as follows:

### Introduction

Debtor and Creditor agreed to the entry of an Agreed Order Providing Stay Relief Upon Default to resolve Creditor's objection to confirmation of Debtor's plan. This order was entered, as docket #37, on June 4, 2019. This order requires Debtor to pay his property taxes timely. If not timely paid, Creditor must mail to Debtor and Debtor's counsel a notice of default which provides 14 calendar days to pay the taxes. If the taxes remain unpaid, the automatic stay automatically terminates as to the Creditor, upon filing notice of same with the clerk of the court.

On August 10, 2021 Creditor's counsel filed a Notice of Failure to Comply with Order arising from Debtor's failure to pay the 2020 1st installment property tax which was due March 2, 2021. In the Notice of Failure to Comply with Order, Creditor's counsel states that the required notice of default was mailed on July 20, 2021, and that Debtor did not pay the required property tax installment within the 14 day cure period.

In response to receiving the Notice of Failure to Comply with Order and upon advice of counsel, Debtor paid the past due property taxes on August 18th, 2021 and provided proof of payment to his counsel on August 19th, 2021. Debtor's counsel filed a Motion to Reinstate Stay on August 23, 2021. This motion was admittedly light on supporting facts and law, as it was intended primarily as a procedural step to begin negotiations with creditor's counsel to reach an agreement on reinstating the automatic stay. Negotiation between counsels for Debtor and Creditor have not been successful, therefore Debtor now seeks to reinstate the stay on the merits.

**Debtor and Debtor's counsel did not receive the Mailed Letter of Default**

The Agreed Order Providing for Stay Relief from Stay Upon Default provides that creditor's counsel shall mail notification to the debtor and his attorney for any default regarding failure to pay an installment of real estate taxes. Debtor has 14 days to cure the default after creditor's counsel mails notification to the debtor and his attorney.

Debtor did not receive the letter of default dated July 20, 2021. Debtor first became aware that the tax purchaser was seeking to lift the automatic stay when he received the Notice of Failure to Comply with the Order that was filed on August 10th, 2021. He received this letter via mail on August 13, 2021 and contacted his bankruptcy lawyer the same day. Just 5 days after receipt of the Notice of Failure to Comply, the Debtor paid the past due property taxes on August 18th, 2021. (Exhibit A). Similarly, Debtor's attorney did not receive the letter of default dated July 20, 2021. Debtor's attorney first became aware of the issue on August 10th, 2021 via ECF notice when the Notice of Failure to Comply with the Order was filed. Debtor was contacted via phone and text to alert him of the issue on August 10th, 2021.

Debtor does not dispute that he failed to pay the 2020 1st installment property taxes timely. Debtor does not dispute that he failed to pay the 2020 1st installment property taxes within 14 days of the July 20, 2021 notice of default letter from Creditor. However, Debtor contends that because neither he nor his counsel received the Notice of Default, he was denied the opportunity to cure the missed payments, as was contemplated in the Agreed Order. Debtor's case history shows that when presented with a Notice of Default he promptly and timely pays those past due taxes. Such behavior supports Debtor's contention that he did not receive the Notice of Default. Similarly, if Debtor's counsel received the Notice of Default and informed Debtor, he would have taken the necessary steps to cure the default.

### 1st Notice of Failure to Comply – 2018 2nd Installment

Creditor mailed a notice of default dated August 23, 2019 for failure to pay the 2018 2nd installment property tax. Debtor and Debtor's counsel received this letter. Debtor's counsel was also emailed a copy of the letter from Creditor's counsel. Debtor promptly paid the property tax on September 3rd, 2019, within the 14 day cure period. Debtor paid the attorney fees provided in the Agreed Order, and the stay remained in effect.

### 2nd Failure to Comply – 2019 1st Installment

Creditor mailed a notice of default dated March 20, 2020 for failure to pay the 2019 1st installment property tax. Debtor and Debtor's counsel received this letter. Debtor's counsel was also emailed a copy of the letter from Creditor's counsel. Debtor promptly paid the property tax on April 2, 2020, within the 14 day cure period. Debtor paid the attorney fees provided in the Agreed Order, and the stay remained in effect.

### 3rd Failure to Comply – 2020 1st Installment – Current Dispute

Debtor was unaware that the 14 day cure period started on July 20th, 2021. The only letter the Debtor received regarding Creditor's attempt to lift the automatic stay was the Notice of Failure to Comply with the Order dated August 10th, 2021 after the 14 day cure period expired. Debtor received this letter on August 13th, 2021. He responded promptly and paid the 2020 1st installment property tax August 18th, 2021 attempting to comply with the 14 day cure period of receiving his only notice of default. Debtor's counsel did not receive the Notice of Default, nor did Debtor's counsel receive the courtesy email sent by Creditor's counsel in previous instances.

Debtor specifically does not allege nor intimates that Creditor's counsel is in any manner misrepresenting his office's actions or that they failed to actually mail the notice of default. There is no evidence to support such a position, and Debtor respects Creditor's counsel as an officer of the court, taking counsel's statements as truthful. Debtor merely points out that neither the Debtor nor Debtor's counsel received the mailed letters. Debtor acknowledges that the Agreed Order does not require receipt of the notice of default, just the mailing of the notice of default. However, Debtor's previous conduct demonstrates that while he may not always pay the property taxes timely, he has promptly and fully paid upon receiving notice that a problem exists.

### Legal Basis Supporting Re-imposing the Automatic Stay

Typically, a motion to impose the automatic stay arises pursuant to 11 USC 362(c)(4)(B) when a chapter 13 debtor has 2 or more prior cases in the previous year. That is not the case here, and Debtor does not rely on this provision to request reimposition of the automatic stay. This court has authority to impose the automatic stay

as an injunctive power pursuant to 11 USC 105(a) and Bankruptcy Rule 7065.

Additionally, this court could reimpose the automatic stay pursuant to its powers to

provide relief from an order under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

### Injunctive Relief

Many courts have identified the broad equitable powers of Section 105(a) to

impose the automatic stay as an expression of injunctive relief. *In re: Nasco, PR, Inc.* 117

BR 35 at 38, Bank. Court, D. Puerto Rico (1990); *In re: Lattin*, 461 BR 832 at 834,

Bankr. Court, D. Nevada (2011); *In re: Schroeder*, 356 BR 812 at 813 Bankr. Court, MD

Florida (2006); *In re: Wedgwood Realty Group, Ltd.* 878 F. 2nd 693 at 700, (3d Cir.

1989). While these courts have often faced facts slightly different than the case at bar,

namely that the automatic stay expired (11 USC 362(c)(3)) or never existed (11 USC

362(c)(4), the ability of courts to enjoin creditors from collections actions and impose the

automatic stay persists.

Debtor may obtain section 105(a) injunctive relief to reimpose the stay if they

meet the 4-prong tests for injunctions: substantial likelihood of success on the merits,

irreparable harm to debtor, that harm to debtor outweighs the harm to creditor, that

injunctive relief will not violate public interest. *Id* at 701.

### Satisfying the Requirements for Injunctive Relief

Debtor exhibits a substantial likelihood of success on the merits to reimpose the

stay. The debtor did not receive the letter of default required for relief from stay per the

agreed order. Debtor also has demonstrated that he has complied with two prior letters of

default once received and cured the default timely. Debtor's case was filed in good faith.

Debtor does not have a history of any prior bankruptcy cases. Debtor is substantially

current on plan payments and the plan will complete timely paying general unsecured creditors 100% of their claims.

Debtor would suffer irreparable harm if the automatic stay was not reimposed. The property at stake is Debtor's home where he has lived for the past seven years with his wife. Debtor is wheelchair-bound. His right leg is amputated, and he does not have the ability to walk on his left leg. Debtor relies upon social security disability income along with his wife's $40,000/year salary from Steak n Shake. Debtor does not have a mortgage on his home. He lacks the disposable income to purchase another property outright or pay a mortgage. He is unsure that he could find a comparable rental within his budget with wheelchair access.

The potential harm to the Debtor far outweighs any harm to the Creditor. If the stay were reimposed, the Trustee would resume regular payments to the Creditor for its secured proof of claim at 12% interest. Debtor is substantially current with the plan payments. If the Creditor is allowed to pursue the tax deed, the Debtor would lose his home worth approximately $101,000.00 because of a single late property tax payment. By remaining bound by the plan, Creditor misses out on a windfall profit, but it does recoup its initial investment plus profit due to being paid 12% interest.

Reimposing the stay would not violate public interest. There is a strong public interest that homeowners remain in their homes and not be forced out on the street. This general principle is strengthened in the case of an under-median, disabled debtor who relies upon owning his home mortgage-free.

**Rule 60(b)(6)**

Federal Rule of Civil Procedure 60(b)(6) provides that the court may provide relief from a final judgment, order, or proceeding for any other reason that justifies relief, if made within a reasonable time. Debtor seeks relief from the order terminating the automatic stay. This relief is justified because the Debtor has demonstrated his good-faith attempt to comply with the payment terms and requirements, only falling short due to not being made aware of the deficiency. Upon actual knowledge of the payment deficiency, he moved promptly to cure the default and pay an additional property tax installment so that the taxes are fully paid. The request for relief was made within a reasonable time because the motion to re-impose the automatic stay was filed 13 days after Debtor and Debtor's counsel were made aware of the payment default.

Additionally, clause six of Rule 60(b) is very broad and gives court ample power to set aside orders when appropriate to accomplish justice. *Klapprott v. United States,* 69 S.Ct. 384 at 390 (1949). Modifying the stay results in an unjust windfall to the Creditor. Debtor would lose his home valued at $101,000.00 to the Creditor for the debt owed to Creditor including interest of $27,495.85, of which Debtor has already paid $11,490.63 thus far through the bankruptcy plan. This is not a stay lift resulting from the Debtor's inability to make plan payments to the Trustee. Instead, this is a stay lift for Debtor paying the Cook County property tax installment payment late. Debtor is now current on all property tax payments through the most recent 2020 2nd installment property tax payment that came due October 1, 2021.

For the foregoing reasons, Debtor respectfully requests this court to reinstate the automatic stay as to Newline Holdings, LLC and direct the Trustee to resume payments to Newline Holdings, LLC per the terms of the confirmed plan.

Respectfully submitted,

_____/s/ Angelica Harb
Angelica Harb
Hinds Law, LLC
211 W. Wacker Dr., Ste. 321
Chicago, IL 60606
800-695-7674

# **EXHIBIT A**

DocuSign Envelope ID: A21FDC07-DA6C-4C59-8212-69A6E46F5932

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:  Kevin Scott           )

                                     )     **Case No: 19-04081**

                                     )     **Judge:**    **Doyle**

                                     )     **Chapter 13**

     **Debtor**              )

                                     )           **AFFIDAVIT**

Comes now the affiant Kevin Scott and states as follows based upon his own personal knowledge:

1.     I am making this affidavit for the purpose of supporting a Motion to Reinstate the Automatic Stay in my current Chapter 13 bankruptcy.

2.     The Notice of Failure to Comply with the Order filed by Newline Holdings, LLC stated that they mailed a letter of default, dated July 20, 2021. However, I did not receive this letter in the mail, and was therefore unaware that the 14 day cure period had started.

3.     I only received the Notice of Failure to Comply with the order in the mail on August 13th, 2021.

4.     This was the only letter that I received regarding Newline Holdings, LLC's attempt to lift the automatic stay due to the non-payment of the 2020 property taxes (due in 2021).

5.     I called the attorney representing me in chapter 13 on August 13th, 2021, the day that I received the letter to ask how to proceed.

6.     I paid the 2020 1st installment property tax on August 18th, 2021.

FURTHER, THE AFFIANT SAYETH NOT

Date: __10/4/2021__

Signed: _____

Printed: _Kevin Scott_____

STATE OF ILLINOIS       )

                               )

COUNTY OF COOK        )

This Instrument was acknowledged before me on __10/04/2021__ (date) by

_Kevin Scott_____ (name of affiant).

_____
(Notary Signature)

CHARLES BONINI
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 04, 2025

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:                                            Case No. 19-04081-CAD

    KEVIN SCOTT

                              Chapter 13

        Debtor(s)

**CHAPTER 13 STANDING TRUSTEE FRBP 2012 REPORT**
**ACCOUNTING OF PRIOR ADMINISTRATION OF CASE**

For the period between November 27, 2020 through September 30, 2021, Thomas H. Hooper, successor chapter 13 trustee, for the above-captioned case, submits the following accounting of the estate pursuant to 11 U.S.C. §1302(b) and pursuant to Federal Rules of Bankruptcy Procedure 2012(b)(2).

| **Receipts:** (11/27/2020 - 9/30/2021) | |
|---|---|
| Total paid by or on behalf of the debtor | $6,460.00 |
| Less amount refunded to debtor | $0.00 |
| **NET RECEIPTS:** | **$6,460.00** |

| **Expenses of Administration:** (11/27/2020 - 9/30/2021) | |
|---|---|
| Attorney's Fees Paid Through the Plan | $719.45 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $284.60 |
| Other | $0.00 |
| Secured Creditors | $5,455.95 |
| Priority Creditors | $0.00 |
| General Unsecured Creditors | $0.00 |
| **Total Disbursements & Expense of Administration:** | **$6,460.00** |

| **Balance as of 9/30/2021 Transferred to Successor Trustee** | **$0.00** |
|---|---|

Dated:  10/06/2021

/s/ Thomas H. Hooper

Chapter 13 Successor Trustee
55 East Monroe St., Suite 3850
Chicago, IL 60603

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:                                                       Case No. 19-04081-CAD

     KEVIN SCOTT

                                          Chapter 13

               Debtor(s)

---

**CERTIFICATE OF SERVICE**

I hereby certify that on 10/06/2021, a copy of the foregoing Chapter 13 Trustee FRBP 2012 Report was served on the following registered ECF participants, electronically through the Court's ECF system at the email address registered with the Court:

Patrick S. Layng, United States Trustee

                                                /s/ Thomas H. Hooper

                                                Thomas H. Hooper
                                                Chapter 13 Standing Trustee

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| Honorable | Carol A. Doyle | Hearing Date | October 19, 2021 |

| Bankruptcy Case No. | 19 B 04081 | Adversary No. | |

Title of Case   Kevin Scott

Brief
Statement of
Motion   Motion to Reinstate Stay [Dkt No. 63]

Names and
Addresses of
moving counsel

Representing

# ORDER

     IT IS ORDERED that Newline Holdings LLC's sur-reply is due by November 5, 2021.  Status/ruling

is continued to November 16, 2021 at 10:00 a.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No. 19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

<u>**NOTICE OF MOTION**</u>

TO: **Angelica Harb**, Hinds Law LLC, 211 W Wacker Dr Suite 321 Chicago, IL 60606 via ECF MAIL
**Thomas H. Hooper**, Office of the Chapter 13 Trustee, 55 E. Monroe St., Suite 3850, Suite 3850, Chicago, IL 60603 via ECF MAIL
**Patrick S. Layng**, Office of the U.S. Trustee, Region 11, 219 S. Dearborn St., Room 873, Chicago, IL 60604 via ECF Mail

PLEASE TAKE NOTICE that on November 16, 2021, at 10:00 a.m., I will appear before the Honorable Carol A. Doyle, or any judge sitting in that judge's place, and present the motion of NEWLINE HOLDINGS LLC'S MOTION TO EXTEND TIME TO FILE SUR-REPLY TO THE DEBTOR'S MOTION TO RESINSTATE STAY (DOCKET 63), a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 155 8289 and the password is Doyle742. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

<u>Certificate of Service</u>

I, Penelope N. Bach, hereby certify that I caused a copy of this notice to be served by the method stated above on the service list upon the above parties on November 4, 2021 from Northbrook, IL.

<div style="margin-left:50%">

BY:   S/ PAUL M. BACH
       BACH LAW OFFICES, INC.
       COUNSEL FOR DEBTOR(S)
       P.O. BOX 1285
       NORTHBROOK, IL 60062
       PHONE:  (847)564 0808
       ATTORNEY NO: 6284659

</div>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No. 19-04081 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

---

**NEWLINE HOLDINGS LLC'S MOTION TO EXTEND TIME TO FILE SUR-REPLY TO THE DEBTOR'S MOTION TO RESINSTATE STAY (DOCKET 63)**

NOW COMES Newline Holdings LLC, by and through his attorneys Paul M. Bach and Penelope N. Bach of Bach Law Offices, Inc. and pursuant to Federal Rule of Bankruptcy Procedure 9006 moves this Honorable Court for an order extending the time to file the Sur-Reply to the Motion to Reinstate Stay (Docket 63) through and including November 9, 2021 and in support thereof states as follows:

1. The Debtor filed a Motion to Reinstate Stay (Docket 63).

2. On July 15, 2021, this Court entered a scheduling order on the Motion to Reinstate Stay allowing Newline Holdings LLC until November 5, 2021 to file a Sur-Reply.

3. The undersigned had thought that three weeks had been given for the filing of the Sur-Reply and thought the Sur-Reply was due on November 9, 2021. The undersigned found that error in the drafting of the Sur-Reply. Due to other projects (including a new Chapter 11 filing) the Sur-Reply will not be completed likely until November 9, 2021. If it completed prior to November 9, 2021 it will be filed before November 9, 2021.

3

4.   No prejudice will result to the Debtor as a result of this extension.


WHEREFORE Newline Holdings LLC prays for an additional four days or until

November 9, 2021 to file a Sur-Reply to the Motion to Reinstate Stay (Docket 63) and

for any further relief that this court deems just

Respectively Submitted,

Newline Holdings LLC

DATED THIS THE 5TH DAY OF NOVEMBER, 2021.          BY:   /S/ PAUL M. BACH
                                                         BACH LAW OFFICES
                                                         P.O. BOX 1285
                                                         NORTHBROOK, IL 60065
                                                         PHONE:  (847) 564 0808

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| J Toor LLC | ) | |
| | ) | NO. 21-00686 |
| Debtor. | ) | |
| | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Judge Carol A. Doyle |

**MOTION OF KEVIN SCOTT FOR EXTENSION OF**
**TIME TO OBJECT TO DISCHARGE OR DISCHARGEABILITY**

NOW COMES the Creditor, Kevin Scott, ("Diana") by and through her attorneys, Paul M. Bach and Penelope N. Bach of Bach Law Offices, Inc. and moves the Court to enter an order extending the last date to file objections to discharge under 11 U.S.C. § 727 and the last date to file complaints under 11 U.S.C. § 523(a) to except debt from discharge. In support of this motion, Creditor states as follows:

1. This is a core proceeding under 28 U.S.C §157(b)(2)(A) which this Court may hear and determine under Local Rule 9013-9(A) and (B)(1).

2. Movant is an unsecured creditor of the J Toor LLC ("Debtor") as the Debtor lists movant on Schedule F with an unknown alleged balance. Diana has lent sums in excess of $200,000.00 to the Debtor and should have a proof of claim on file prior to presentment of this Motion.

3. Diana has been actively involved in the Debtor and related businesses since 2012. Her relationship was that as an employee, manager, investor and to an extent, consultant. During the time of her tenure with the Debtor, Diana was actively involved in all aspects of the business.

5

4. Diana has intimate personal knowledge of the financial affairs and assets of the Debtor and has reason to believe that the schedules are inaccurate. In order to complete her investigation into the facts it is imperative that the Diana complete the 2004 examination which was granted on March 25, 2021.

5. Some, but not all, of the items being investigated are:

   - Storage Units not listed on Schedule B;
   - Missing inventory;
   - Intellectual property rights of the Debtor;

6. Diana needs to complete her 2004 exam of the Debtor in order to determine whether a Complaint should be filed in regards to 11 USC 523 and 727.

7. This is Diana's first Motion to Extend the last date to file objections to discharge under 11 U.S.C. § 727 and the last date to file complaints under 11 U.S.C. § 523(a) to except debt from discharge.

8. The last date to object to the Debtor's discharge is through and including April 12, 2021.

9. Movant will be issuing written requests for documentation prior to hearing on this Motion and will need to review these documents prior to setting up the 2004 exam of the Debtor.

10. Diana, needs additional time to complete an examination of the Debtor after completion of the production of the financial documents and examination of the Debtor to investigate and evaluate his examination and to investigate and evaluate whether the Debtor has additional assets that were not disclosed in his petition and the value thereof and whether there is a basis to object to the discharge of the Debtor.

11. Movant is requesting an extension of time to file objections to discharge under 11

12. U.S.C §727 and for the filing of complaints under 11 U.S.C §523(a) for an additional

90 days to and including July 12, 2021.

13. Diana, believes that she will likely have grounds either to object to the discharge

under 11 U.S.C. § 727 or to file a complaint under 11 U.S.C. § 523 excepting its

claim from discharge.

WHEREFORE, Creditor, Kevin Scott, prays that this Honorable Court enter an order

extending the last date to file objections to discharge under 11 U.S.C. § 727 and the last date

to file complaints under 11 U.S.C. § 523(a) to except debt from discharge through and

including July 12, 2021 and for any additional relief this court deems just.

Respectfully submitted,
Kevin Scott

By: /s/ Penelope N. Bach
One of his attorneys

Penelope N. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60065
(847) 564 0808

7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   19-04081 |
| Kevin Scott | ) | |
| | ) | |
| | ) | Chapter:  7 |
| | ) | |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | SELECT IF OUTLYING AREA |
| Debtor(s) | ) | |

**ORDER EXTENDING DEADLINE FOR NEWLINE HOLDINGS LLC TO FILE SUR REPLY TO THE MOTION TO REINSTATE STAY (DOCKET 63)**

This matter having come before the Court on Newline Holdings LLC's Motion to Extend Deadlines to file a Reply to the Motion to Reinstate Stay (Docket 63), the court being advised,

IT IS ORDERED:

The Motion to Extend Time to File a Reply to the Motion to Reinstate Stay is granted and Newline Holdings LLC is granted to and including September 9, 2021 to file its Sur-Reply.

Enter:

Dated:                                                          United States Bankruptcy Judge

**Prepared by:**
Penelope N. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, Illinois 60062
Phone (847) 564 0808
Email: PNBach@BachOffices.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No.  19-04081 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**NEWLINE HOLDINGS LLC'S SUR REPLY IN OPPOSITION TO THE DEBTOR'S MOTION TO REINSTATE AUTOMATIC STAY**

NOW COMES, Newline Holdings LLC ("Newline"), by its attorney, Paul M. Bach of Bach Law Offices, Inc. and files this Sur Reply in opposition to the Debtor's Motion to Reinstate Automatic Stay and states as follows:

**Introduction**

In Court on this matter, this court has made numerous comments discussing the belief that real estate tax purchasers, in general, do not have the right to relief they seek against debtors in bankruptcy proceedings. When this Court granted leave to file this response, it was made abundantly clear, that the Court already drafted an order granting the relief Debtor sought but was open to hearing Newline's position prior to entering an Order granting the Debtor's Motion to Reinstate Stay. The undisputed facts are as follows:

1.  On June 4, 2019, this Court entered an agreed order which was agreed to by both the counsel for Newline Holdings LLC and the Debtor (Docket 37).

2.  The June 4, 2019 Agreed Order essentially stated in paragraph 3 that if the property taxes for PIN 29-10-402-014-0000 were unpaid that Newline Holdings LLC ("Newline") could send a Default Letter to the Debtor and his attorney stating that the property taxes were unpaid and unless the Debtor paid the property taxes at issue and

1

the attorney fees provided within fourteen days of the date of the Default Letter the automatic stay would be terminated upon the filing of a Notice of Stay Modification with the Clerk of the Bankruptcy Court.

3. On July 20, 2021, the undersigned on behalf of Newline sent to Debtor and his attorney by first class mail a Default Letter stating that the first installment of 2020 real estate taxes in the amount of $2,356.75 were unpaid and that unless that the real estate taxes and $100.00 in attorney fees were paid the automatic stay would be modified at the end of the fourteen period ("the Default Letter").

4. The 2020 first installment real estate taxes were not paid within the fourteen days required by the Agreed Order.

5. On August 10, 2021 (twenty-one days after the Default Letter was sent), the undersigned on behalf of Newline filed a Notice of Modification of the Automatic Stay ("the Notice").

Subsequent to the filing of the Bankruptcy Case, the Debtor and Newline Holdings LLC negotiated a compromise settlement that would allow the Debtor to treat the property through the Debtor's Chapter 13 Plan. In return for this compromise, the Debtor agreed to pay Newline $20,601.37 plus twelve percent interest and agreed to enter an Order Conditioning the Automatic Stay upon conditions such payment of future real estate taxes, payments to the Chapter Trustee, keeping the property insured, and maintaining the condition of the property. The Court accepted the negotiated compromise when the agreed order was entered.

The events of this Bankruptcy Case bring to the forefront the issue relating to the role of a Bankruptcy Judge when the parties have reached a negotiated compromise.

This Court should note that Newline is a very active real estate tax lien purchaser which purchases real estate taxes all over the United States. The negotiated compromise between the Newline Holdings LLC and the Debtor is in fact no different than compromises made in similar Bankruptcy Cases across the United States. Negotiated compromises are tools for expediting the administration of the case and reducing administrative costs and tend to be favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, 'compromises are favored in bankruptcy.'") (citing 9 *Colliers on Bankruptcy P.*, 9019.03[l] (15th Ed. 1993)). Although *Fogel* and *Martin* involve a Motion to Approve a Settlement under Federal Rule of Bankruptcy Procedure 9019, a Motion to Approve Settlement is not required in a Chapter 13 Case. *In re Revels*, 616 B.R. 675 (Bankr. E.D. N.C. 2020). This is because the definition of a "trustee" does not include a "debtor" in a chapter 13 case. *Id*. at 680.

When evaluating a Settlement in a Chapter 13 case, the Court must still use the same standards as under Federal Rule of Bankruptcy Procedure 9019. These standards are as follows as stated in *In re Meier*, 14 B 10105, October 29, 2015 (Bankr. N.D. Ill. 2015):

> The main question in approving a bankruptcy settlement is "whether the settlement is in the best interests of the estate." *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992); *Matter of Energy Co-op., Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989).

> To answer this question, the court must first compare the settlement terms with the probable costs and benefits of continued litigation. *In re Commercial Loan Corp.*, 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987).

> The court must then "determine whether the value of the proposed compromise distribution is reasonably equivalent to the value of the potential claim which has been surrendered or modified by the settlement which has been

3

achieved." *Matter of Energy Co-op*., *Inc*., 886 F.2d 921, 929 (7th Cir. 1989) (quotation marks omitted). "The test for reasonable equivalence is 'whether or not the terms of the proposed compromise fall within the reasonable range of litigation possibilities.'" *Id*.

A challenged settlement fails this test only if it "fall[s] below the lowest point in the range of reasonableness." *Id*.; *In re Telesphere Commc'ns*, *Inc*., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

Relevant factors a bankruptcy court should consider in evaluating a proposed settlement include: "(1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense and inconvenience in delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Patel*, 43 B.R. 500, 504 (N.D. Ill. 1984); *In re Am. Reserve Corp*., 841 F.2d 159, 161-62 (7th Cir. 1987).

In this case, the court answered the questions raised above about the Agreed order in the affirmative, signed the order and the order was docketed. The Agreed Order was docketed with the bankruptcy court and became a part of the law of the case for this bankruptcy case.

This settlement and agreed order is just one example of when parties agree to shorten or limit obligations or rights when a Debtor is in default. Default Orders are entered in many Bankruptcy cases to motivate Debtors to stick with an agreement as well as assure a party that if the Debtor defaults that there would be remedies and/or consequences without returning to court. Bankruptcy Judges frequently enter Default Orders at the requests of the parties. This is especially true in circumstances were the Debtor is a repeat filer and/or the Debtor has an unproven payment history or a history of default.

The Debtor's payment history in this case indicates a history of default including the fact that the Debtor did not make real estate tax payments for at least three years pre-petition and has been late making all post-petition tax payments. This concern of Newline Holdings LLC and the

need for a Default Order has been confirmed by the payment default to the Chapter 13 Trustee at the time of Confirmation. There are cases that deal with Default Orders such as *In Re Spears*, 223 B.R. 159 (Bankr.N.D.Ill.1998) which indicate that Bankruptcy Judges use Default Orders in order to keep the pressure on Debtors from defaulting or making bad decisions; so there are consequences for non-payment. As such, an agreement between the parties to that requirement cannot fall below the lowest point in the range of reasonableness and here did not do so.

<div align="center">Argument</div>

In *Longardner & Associates*, 855 F.2d 455 (7th Cir. 1988), the Seventh Circuit stated that proof of procedures followed in the regular course of operations raises presumption that document was properly addressed and mailed. This court previously mentioned this rule otherwise known as the mailbox rule and downplayed its application. This court also stated that it does not doubt the statements that the Default Letter by undersigned was mailed on July 21, 2021, as well as the fact that the Debtor states that the Default Letter was not received until the date stated by the Debtor. In fact, the court used its own experience regarding a wedding invitation that was delayed in its prior comments on this matter to show a reality that the mail is not always reliable. However, in *Langardner* the Seventh Circuit also stated that absent evidence to the contrary, an individual is presumed to have received mail properly sent. The Seventh Circuit finally noted that if the court does find evidence to the contrary a solution must be crafted that is appropriate to all parties. What is being suggested by Debtor is not fair to Newline Holdings LLC, so if the court accepts both attorney's representations that the letter was timely mailed, but not received until after the fourteen-day deadline, then a different solution that

<div align="center">5</div>

is appropriate to all parties should be considered. Not a one sided, the Debtor get another bite at the apple.

This Court in its comments also noted that Newline Holdings LLC is in the business of real estate tax purchasing. Purchasing real estate tax liens although not favored by many is a legal business that is provided for by the Illinois Property Tax Code. *35 ILCS 200/1-1*. The lack of favor does not mean that Newline Holdings LLC has no rights. Contrary to the lack of rights is the fact that Newline is entitled to the same treatment as any other creditor before this court. Newline Holdings LLC negotiated with the Debtor and came to an agreement. Now that the Debtor has violated this agreement (or agreed order) by not timely paying real estate taxes after having been given proper notice (whether or not it was received). The Debtor could have paid these taxes timely in the first place. The first installment of real estate taxes was due March 1, 2021. Newline Holdings LLC did not send the notice on this default until almost four months later, attempting to give the Debtor time to cure the default on his own. This means that prior to mailing a notice of Default, the Debtor was in default on real estate taxes for almost one hundred and ten days. The Debtor should have paid during this time period. Newline should not have to babysit a Debtor in Bankruptcy and remind them to pay their current taxes. However, the Debtor choose to wait and refused to pay until after Newline had filed a modification of the automatic stay.

This court has stated that the default order and stay relief was not equitable to the Debtor under these facts. However, the opposite is true. If Newline did not follow the taxes, the Debtor would not have paid them. Eventually, this will lead to a future tax sale, and Newline could lose its interest in the property to another. In addition, every time the Debtor defaults, there are costs

to Newline. Allowing the debtor to reinstate the automatic stay with no consequences when this is not the first default during the pendency of this case and the default went for one hundred and ten days and would have continued if Newline did not send and file its Notice is even less equitable. As a result, the court should not grant the Motion to Reinstate Stay.

WHEREFORE, Newline Holdings LLC asks this Honorable Court to enter an order denying the Motion to Reinstate Automatic Stay and further relief as is just and equitable.

Respectfully Submitted,
Newline Holdings LLC

BY:/s/Paul M. Bach

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 19-04081 |
| Kevin Scott | ) | |
| | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER EXTENDING DEADLINE FOR NEWLINE HOLDINGS LLC TO FILE SUR REPLY TO THE MOTION TO REINSTATE STAY (DOCKET 63)**

This matter having come before the Court on Newline Holdings LLC's Motion to Extend Deadlines to file a Reply to the Motion to Reinstate Stay (Docket 63), the court being advised,

IT IS ORDERED:

The Motion to Extend Time to File a Reply to the Motion to Reinstate Stay is granted and Newline Holdings LLC is granted to September 9, 2021 to file its Sur-Reply.

Enter:

*Carol Doyle*

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated: November 16, 2021

**Prepared by:**

Penelope N. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, Illinois 60062
Phone (847) 564 0808
Email: PNBach@BachOffices.com

### United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | **Carol A. Doyle** | **Case No.** | 19 B 04081 |
|---|---|---|---|
| **DATE** | November 22, 2021 | **ADVERSARY NO.** | |
| **CASE TITLE** | In re: Kevin Scott | | |

### DOCKET ENTRY TEXT

The debtor's motion to reinstate the automatic stay is granted.

**[For further details see text below.]**

---

### STATEMENT

Debtor Kevin Scott filed a motion in his chapter 13 case to reinstate the automatic stay against creditor Newline Holdings LLC, a tax purchaser. The parties entered into an Agreed Order early in the case that provides that Newline can obtain relief from the automatic stay if Scott fails to pay post-petition property taxes under certain conditions. Scott failed to pay his first installment of 2020 taxes that were due in March 2021 on time. He received a notice from Newline declaring the stay modified under the Agreed Order. He paid the taxes in full soon after he received that notice. Scott then filed the motion to vacate that notice so the stay is reinstated. Scott's motion is granted. Newline's notice of termination of the stay is invalid because Scott did not receive notice of the default and an opportunity to cure it.

**STATEMENT**

I.    Background

In June 2016, Newline Holdings LLC purchased the 2014 taxes on Scott's residence for $2,254. Over the next two years, Newline purchased the taxes on the property for a total of $20,601. Scott filed this chapter 13 bankruptcy case in February 2019. Newline objected to the confirmation of Scott's plan. It argued that the plan did not provide sufficiently for its claim or for the payment of post-petition taxes. The parties submitted a draft agreed order to the court to resolve their dispute. The Agreed Order required Scott to timely pay his real estate taxes to Cook County. If he does not, Newline may mail a notice of the default to Scott and his lawyer that gives Scott 14 days to pay the taxes to the County and $100 to Newline's counsel as reimbursement for an attorney's fee. If the taxes are not paid within 14 days, Newline may file with the court a notice stating that the stay is modified to allow Newline to exercise its rights against the property. The Agreed Order was entered in June 2019.

Scott failed to pay the first installment of his 2020 property taxes when they were due in March 2021. Newline mailed a notice of the default to Scott at his home and to his lawyer on July 20, 2021. On August 10, 2021, when the default was not cured, Newline filed a notice that the stay was modified under the terms of the Agreed Order. Scott paid the taxes on August 18, 2021. On August 23, 2021, Scott filed the motion to reinstate the stay that is before the court.

Scott's motion states that he paid the taxes due on August 18, 2021. He is current with his plan payments to the trustee, who is paying Newline's claim for the pre-petition sold taxes. He asks the court to reinstate the automatic stay but leave the Agreed Order in effect. Scott failed to cite any legal basis for granting the motion.

Newline filed a response to the motion stating that it complied with the terms of the Agreed Order. It mailed a notice of the failure to pay the taxes to Scott and his lawyer on July 20, 2021 ("July 20 Notice"). The notice stated that unless the past due real estate taxes and $100.00 in attorney's fees were paid within 14 days of the date of the notice, the automatic stay would be modified. Scott did not pay the taxes within the fourteen days. On August 10, 2021, Newline filed with the court a document entitled Notice of Modification of the Automatic Stay Due to Debtor's Failure to Comply with Court Order ("August 10 Notice"). It stated that the stay is modified without further court order in accordance with the terms of the Agreed Order. Newline therefore contends that it complied with the Agreed Order and was entitled to modify the stay through the August 10 Notice. Newline also pointed out in its response to the motion that Scott failed to state any legal basis for vacating the August 10 Notice and reimposing the stay. Newline argued that Scott does not meet the requirements of Rule 9023 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 59 of the Federal Rules of Civil

-2-

## STATEMENT

Procedure.  The court held a hearing on the motion on August 31, 2021 and gave Scott time to file a reply to provide a legal basis for granting the motion and to address the issues raised in Newline's response.

Scott filed a reply raising for the first time the legal bases for the motion:  Rule 9024 of the Federal Rules of Bankruptcy Procedure and § 105 of the Bankruptcy Code.  He also alleged new facts, including that neither Scott nor his lawyer received the July 20 Notice.  Scott states that the first notice that both he and his lawyer received from Newline was the August 10 Notice. He received that notice on August 13, 2021 and immediately contacted his lawyer.  He paid the taxes in full five days later on August 18.  Scott contends that he was deprived of his right under the Agreed Order to notice and an opportunity to cure the default before the stay can be lifted. He notes that he paid overdue taxes in the past within the 14 days after receiving a notice of default from Newline.  He also states that there is no mortgage on the property, which is worth approximately $101,000.  Scott is disabled.  One leg has been amputated and he cannot walk on the other leg so he is wheelchair-bound.  He relies on Social Security disability payments and his wife's wages of $40,000 from Steak 'n Shake for income.  He believes he will be unable to purchase another home because of his limited income and it will be difficult to rent a home in his price range that has wheelchair access.  The trustee has paid Newline approximately half of its claim for the sold taxes from Scott's plan payments so far.  The unpaid amount of Newline's claim is approximately $16,000.  Scott contends that allowing the stay to be modified so Newline can obtain a tax deed to the property provides a huge and unfair windfall to Newline.  It will receive property worth over six times the amount owed to Newline when it suffered no harm from his late payment of the taxes.  Scott therefore asks the court to vacate the August 10 Notice under Rule 9024 or to reimpose the automatic stay through an injunction issued under § 105 of the Bankruptcy Code.

The court held another hearing on the motion on October 19, 2021 and gave Newline time to file a sur-reply because Scott raised new factual and legal arguments in his reply. Newline raised a number of new arguments in its sur-reply, including:  (1) the settlement agreement embodied in the Agreed Order meets the criteria under Rule 9019 of the Federal Rules of Bankruptcy Procedure, (2)  the "mailbox rule" applies so the lack of actual notice does not matter, and (3) the equities favor Newline.  Newline did not challenge in any way the facts alleged by Scott in his reply, nor did Newline ask for time to take discovery on those facts or for an evidentiary hearing on those facts.  The facts alleged by Scott in his motion and reply are therefore uncontested.

II.    Standard

Scott has requested relief from the August 10 Notice of modification of the stay under Rule 9024 of the Federal Rules of Bankruptcy Procedure.  Newline apparently agrees that the August 10 Notice should be treated as an order because it contends that Rule 9023 of the Federal

**STATEMENT**

Rules of Bankruptcy Procedure applies to it and that Scott does not meet the standard of that rule.

Rule 9024 of the Federal Rules of Bankruptcy Procedure applies Rule 60 of the Federal Rules of Civil Procedure to bankruptcy cases except in circumstances that do not apply here. Rule 60(b)(6) provides that a court may relieve a party from an order for any reason that justifies relief. Rule 9023 of the Federal Rules of Bankruptcy Procedure applies Rule 59 of the Federal Rules of Civil Procedure to bankruptcy cases except that the time limit for filing a motion is shortened to 14 days.

    A.    <u>August 10 Notice Is Not a "Judgment"</u>

Both parties argue that the two rules under which judgments can be modified or vacated apply to Scott's motion. But neither party is asking the court to vacate the Agreed Order. Orders entered on motions in bankruptcy court are considered "judgments" for purposes of Rules 9023 and 9024. Fed. R. Bankr. P. 7054, Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 9001(7) ("'judgment' means any appealable order"). Here the only order entered by the court is the Agreed Order. The August 10 Notice is not technically an order. Also, the Agreed Order contains conditions for lifting the stay in the future but makes no determinations of law or fact to which the standard for "manifest error of law or fact" would directly apply. The issue presented to the court, therefore, does not appear to be governed by Rules 59 or 60. Instead, the court should simply interpret the Agreed Order to determine whether the requirements for filing an effective notice of stay modification have been met. The answer is no.

The Agreed Order states that if the Cook County website shows that an installment of real estate taxes has not been paid 15 days after it is due, and if the debtor "fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney," then the stay "shall be automatically terminated" as to Newline "upon the filing of notice of same with the clerk of court." Agreed Order, June 4, 2019, Docket No. 37. Though the wording is a bit convoluted, it provides that Newline may obtain a modification of the automatic stay by filing a notice with the court but only if (1) the debtor is more than 15 days late in paying his taxes, (2) Newline mails him and his lawyer a notice telling him of the default and the imminent stay lift, and (3) Scott fails to pay the taxes (plus $100 in attorneys' fees) within 14 days of the mailing of the notice.

    The obvious purpose of the requirement that Newline mail a notice of default to Scott and his lawyer is to warn Scott that a stay modification is imminent and to give him a chance to make the overdue payment to stop the modification. Newline does not contest that neither Scott nor his lawyer received the July 20 Notice. Scott does not contest Newline's counsel's assertion that she mailed the notices of default. Both Scott and his lawyer received the August 10 Notice that the stay was modified. Scott contacted his lawyer the day he received the August 10 Notice and he paid the taxes to the county five days later.

**STATEMENT**

In these circumstances, the uncontested lack of actual notice to Scott and his lawyer deprived him of an important right under the Agreed Order - an opportunity to cure the default before the stay was modified. When Scott received his first notice of the default through the August 10 Notice of stay modification, he cured the default within five days, well before the 14 day cure period provided by the Agreed Order. He should not be deprived of the protection of the automatic stay when he did not receive the required notice and opportunity to cure. This court will never enter an agreed order providing for a stay lift upon notice by a creditor unless the debtor is given notice of the imminent stay lift and at least 14 days to cure it before the stay is terminated.[1] To permit the stay lift notice to be effective in the circumstances of this case would cause a gross injustice. Newline would be able to get a tax deed to Scott's property that is worth over 6 times more than the debt Scott currently owes to Newline even though Scott promptly cured the default when he received notice from Newline. Scott's disability would make the injustice even more severe.

Newline's windfall is ever more unjustified because it suffered no harm as a result of Scott's failure to pay the taxes due in March 2021. If the Agreed Order had not been entered and Newline had filed a motion to lift stay based on Scott's failure to pay the tax installment due in March 2021, the court would not have granted the motion because Newline could not establish any prejudice from that failure. If such a motion had been filed, the court would either have denied it or granted Scott a significant opportunity to pay the taxes and would have lifted the stay only if at some time in the future Newline could demonstrate some actual prejudice it would suffer from the failure to pay.

Newline failed to explain how it was prejudiced by Scott's failure to pay the taxes on time so it concedes the point. This is not surprising in light of the policies announced by the Cook County Treasurer's Office. The Treasurer's website states that tax sales are typically held annually approximately 13 months after a tax payment is due. Because of the Covid-19 pandemic, however, the Treasurer sold no taxes for over two years. https://cookcountytreasurer.com/newsarticle.aspx?articleid=1495. It held its first tax sale in over two years on November 5, 2021, and the taxes sold at that sale were from 2018. *Id*. There have been no sales of 2019 or 2020 taxes and no sales of those taxes are even scheduled. Newline

---

[1]In past years, 14 days notice by U.S. mail was sufficient to give debtors plenty of time to cure a default before the stay was lifted. In the past two years, however, this has changed. The U.S. Post Office has become notorious for failing to deliver mail in a timely fashion or at all. As a result, this court will no longer enter agreed orders that permit termination of the stay by a creditor filing a notice with the court unless a notice of the default granting an opportunity to cure is filed with the court with a certificate of service upon the debtor and the debtor's lawyer. This ensures that at least the debtor's lawyer will receive notice of any default through the court's CM/ECF system if the U.S. mail fails to deliver in a timely manner.

**STATEMENT**

states that it is a frequent purchaser of taxes in Cook County and around the nation so it undoubtedly is fully aware that tax sales were halted over 2 years ago and it was in no danger that the taxes not paid by Scott would be sold. Newline also failed to explain how it would be prejudiced if a sale was in fact imminent. It merely states that if the taxes were sold to another party at some unidentified time in the future, it "could lose its interest in the property to another." It provides no explanation or support for this assertion. Unsupported arguments are waived. *Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783 (7th Cir. 2014); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991).

This court, in interpreting its own order, finds that the August 10 Notice was the first notice to Scott and his lawyer of the default. Scott was entitled to 14 days from the August 10 Notice to cure the default by paying the taxes to the county. He cured the default eight days after August 10. Newline therefore is not entitled to modification of the stay. The August 10 Notice is void and did not effect a modification of the stay.[2]

B.  Rule 60

Both parties assumed that Rule 9024 (or Rule 9023) applies to the court's determination of whether the August 10 Notice should be vacated. The automatic stay was not modified under the Agreed Order until Newline filed the August 10 Notice. If the court treats the August 10 Notice as having the effect of an order modifying the stay, the court would grant relief from that "order" under Rule 9024.

Rule 9024 of the Federal Rules of Bankruptcy Procedure applies Rule 60 of the Federal Rules of Civil Procedure to bankruptcy cases. Rule 60(b)(6) provides that a court may relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) provides courts with the authority to vacate judgments when it is appropriate to accomplish justice. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988). This provision in Rule 60(b) is properly invoked when there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship on the movant. *ISC Holding AG v. Nobel Biocare Finance AG*, 688

---

[2]Newline has not challenged this court's authority to declare that the August 10 Notice did not terminate the automatic stay. The court notes that it may make this declaration under § 105 of the Bankruptcy Code, 11 U.S.C. § 105, which permits the court to issue any order that is necessary or appropriate to carry out the provision of Title 11. The court may declare that the attempted modification of the stay through the August 10 Notice is invalid. Though Rule 7001(9) requires a party seeking a declaratory judgment to file an adversary proceeding if it relates to any of the issues identified in Rule 70001, this motion does not relate to any of those issues. Fed. R. Bankr. P. 7001. The court is merely interpreting its order and determining whether Newline's stay termination notification was valid under it.

**STATEMENT**

F.3d 98, 109 (2d Cir. 2012); *A.B.S. v. Board of Police Commissioners*, 12-cv-202, 2019 WL 3803447, at *3 (E.D. Mo. Aug 12, 2019); *In re Wise*, 18-bk-753, 2019 WL 1282786, at *2 (Bankr. D. Colo. Mar.15, 2019); *Phoenix Bond & Indem. Co. v. MCM Enterprises, Inc.*, 319 B.R. 157, 162 (S.D. Ind. 2005); *Schmitt v. American Family Mut. Ins. Co.*, 187 F.R.D. 568, 571 (S.D. Ind.1999).

    For the reasons explained above, leaving the August 10 Notice in effect would cause an extreme and undue hardship to Scott and relieving Scott of the impact of the August 10 Notice would accomplish justice. Scott was deprived of the chance to cure the default and he did in fact cure the default soon after he received the August 10 Notice.

    On the other hand, as explained above, the only harm to Newline from vacating the August 10 Notice is that it will not receive a windfall in circumstances that would not justify a modification of the stay. Newline has failed to establish any prejudice to it from Scott's mere late payment of taxes. The requirements of Rule 60(b) for vacating the August 10 Notice are therefore met if the notice is considered an order to which Rule 60(b) applies.[3]

    Tax purchasers like Newline are engaged in a business authorized by Illinois law. It permits tax purchasers like Newline to obtain windfalls - even massive ones - from the sale of unpaid real estate taxes.[4] But the Bankruptcy Code permits a homeowner to prevent a windfall

---

    [3]Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure, would also potentially apply if the August 10 Notice is treated as an order. Newline argued in its initial response that Rule 9023 applies to the August 10 Notice. The result would be the same under Rule 59.

    Rule 9023 provides that Rule 59 applies to a bankruptcy judgment if the motion is brought no later than 14 days after entry of the judgment. Scott filed this motion 13 days after the August 10 notice so within that time limit. "A motion for reconsideration under Rule 59(e) is appropriate where the moving party can "clearly establish" that "there has been a manifest error of law or fact." *PrimeSource Building Products, Inc. v. Felten*, 16-cv-11468, 2018 WL 10425921, at *2 (N.D. Ill. Mar. 8, 2018) (citing *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)). Here, there is a manifest error because the stay was modified even though Scott was deprived of a crucial right under the Agreed Order - notice and a chance to cure the default. Newline is not entitled to a stay modification unless Scott had that opportunity. The August 10 Notice is based on the erroneous assumption that Scott had that opportunity. He did not.

    [4]Newline states that it reached the Agreed Order with Scott that would "allow the Debtor to treat the property through the Debtor's Chapter 13 Plan," suggesting that the Scott could not do this without Newline's agreement. This is not correct. The Seventh Circuit has explained

**STATEMENT**

to a tax purchaser by paying the amount of the sold taxes (plus interest) over the course of the plan.[5] Here, Scott has been doing just that. He is also required to pay his post-petition taxes. But Newline is not entitled to take the property worth over six times as much as Scott owes to Newline merely because Scott did not pay his post-petition taxes on time when he was denied the 14-day opportunity to cure his default provided by the Agreed Order.

      C.     <u>Newline's Other Arguments</u>:

      Newline makes a number of other arguments against the court's conclusion, including that the "mailbox rule" applies to make it irrelevant whether Scott or his lawyer ever actually received the July 20 Notice and that Rule 9019 somehow applies. Its arguments are not persuasive.

      1.     <u>"Mailbox Rule"</u>

      Newline argues that the August 10 Notice is effective regardless of whether Scott or his lawyer received the July 20 Notice in time to permit Scott to cure the default. It invokes what

---

that debtors can treat tax purchasers' claims in chapter 13 plans. *In re LaMont*, 740 F.3d 397 (7th Cir. 2014). No permission or agreement from a tax purchaser is needed. In fact, as explained in *LaMont*, the debtor owes money to the county, not the tax purchaser directly. 740 F.3d at 406-07. Debtors sometimes choose to pay tax purchasers directly even though they could pay the tax claim to the county instead. The court would have confirmed Scott's plan if it paid the amount of sold taxes with appropriate interest either to the County or to Newline directly, whether Newline agreed or not. So Newline had no right to direct payment from Scott at all and no right to demand any specific terms other than the repayment to the County or it of the amount of taxes sold (plus interest). And the court would not have granted a stay modification to Newline during the chapter 13 case merely because Scott was late in paying his post-petition property taxes. So Newline had no real "leverage" over Scott that would justify entering into the Agreed Order to get his plan confirmed. Scott chose to enter into the Agreed Order, however, so this dispute is now before the court.

     [5]In fact, the transfer of property through a tax sale can be avoided as a fraudulent transfer under § 548 of the Bankruptcy Code, 11 U.S.C. § 548, because of the gross disparity between the amount the tax purchaser pays and the value of the property it receives. *Smith v. SIPI, LLC* (*In re Smith*), 811 F.3d 228, 238-40 (7th Cir. 2016) ("we apply to Illinois tax sales the same factors used to determine reasonably equivalent value in other § 548 cases").

**STATEMENT**

has been called  the "mailbox rule."  This "rule" does not apply to the Agreed Order and would not work in Newline's favor in any event.

"When a legal document is accompanied by a certificate of service, proof of service, certificate of mailing, or similar statement attesting under penalty of perjury, that the document has been deposited into the United States mail, that attestation creates an evidentiary presumption that the document was delivered to the addressee.  Known as the 'mailbox rule,' a proof of timely and proper mailing creates a rebuttable presumption that the mailed document was received by the addressee." *In re Rose*, 564 B.R. 728, 731 (Bankr. D. Nev. 2017); *see Longardner & Associates, Inc*., 855 F.2d 455 (7th Cir. 1988).

Courts have applied this rule to court filings and notices required for court proceedings. The only case cited by Newline in support of the mailbox rule is *Longardner & Associates, Inc*., 855 F.2d 455 (7th Cir. 1988).  In *Longardner*, the Seventh Circuit applied the rule to a notice of confirmation hearing mailed by the clerk's office to all parties in a bankruptcy case.  Newline has cited no authority for applying the rule to deprive a party to an agreed order of the right to notice to cure a default or any situation even remotely similar to this case.  Also, the rule only applies when a legal document is "accompanied" by a certificate of service, proof of service, certificate of mailing or similar statement of its mailing under penalty of perjury.  *In re Rose*, 564 B.R. at 731.  Here, no such certification "accompanied" the notice or has ever been produced.  The rule does not apply to the Agreed Order.

But even if the mailbox rule is applied in this case, it does not help Newline.  The rule creates only a rebuttable presumption that the intended recipient received the item mailed.  Here, it is uncontested that neither of the intended recipients - Scott and his lawyer - received the July 20 Notice.  Scott has therefore rebutted any presumption of delivery created by the rule in any event.

2.  <u>Rule 9019</u>

Newline also discusses Rule 9019 of the Federal Rules of Bankruptcy Procedure in its sur-reply.  It refers to the standard that courts apply when determining whether to approve a settlement between a trustee and another party.  Newline never explains why this rule is relevant. Rule 9019 merely provides that, upon a motion by a trustee and after notice and a hearing, the court may approve a settlement if proper notice is given.  The rule applies only to settlements entered into by a trustee, not a chapter 13 debtor, and it does not provide any particular standard to apply.  *In re Revels*, 616 B.R. 675, 682 (Bankr. E.D.N.C. 2020) ("[A] chapter 13 debtor is not required to file a motion to approve settlement or compromise under Rule 9019 . . . .").  Instead, Rule 9019 creates a procedural vehicle for trustees to obtain approval of settlements that are outside the ordinary course of business under 11 U.S.C. § 363(b).  Section 363(b) provides the

**STATEMENT**

standard for approval of settlements. Neither Rule 9019 nor § 363(b) apply to chapter 13 debtors. The process under Rule 9019 and the standard under § 363(b) have no relevance here.

Neither party presented a motion to approve the Agreed Order as a settlement under Rule 9019. Instead, in light of the large number of chapter 13 cases over which this court presides (often several thousand at any given time), the court gives minimal scrutiny to agreed orders. They are reviewed primarily to ensure that debtors must be given notice of a default and an opportunity to cure before a notice of stay modification can be effective. That is the only reason the Agreed Order was entered. If the court had more carefully considered its terms before entering it, it would have refused to enter the order because the circumstances that trigger a modification of the stay under it are not sufficient to establish cause to modify the stay.[6]

### 3. Other Arguments

Newline makes a few additional arguments that are not persuasive. First, it contends that "default orders are strictly construed" against the debtor in this district. This is not correct. Newline cites no authority for this contention, which is not surprising. There is no legal basis for "strictly construing" default orders against debtors. Instead, the more appropriate principle would be to construe the Agreed Order against the drafter. Newline obviously drafted the Agreed Order to favor it as much as possible and still get it entered by the court. It will not be strictly construed against Scott.

Newline also states that it should not have to "babysit" the debtor. This is a particularly inapt metaphor. Newline's counsel is monitoring Scott's tax payments in the hope that he will fail to pay them and Newline will get the windfall of his property free and clear of any liens. While that is a perfectly legitimate endeavor, it does not create an "equity" that weighs in favor of permitting the windfall.

### III. Reimposing the Automatic Stay

Scott could get to the same result if the court reimposed the automatic stay through an injunction issued under 11 U.S.C. § 105. He requested an injunction in his reply and stated why he meets the requirements for an injunction. Although Rule 7001 requires an adversary

---

[6]The court will no longer enter any "default" orders unless they require that a notice of a default be filed with the court with a certificate of service on the debtor and debtor's counsel AND the circumstances that trigger a modification of the stay under the order would justify a stay modification under the standards applied to motions to modify the stay presented to the court. The Agreed Order would now be rejected for failure to satisfy either requirement.

**STATEMENT**

proceeding to obtain an injunction, Newline did not object to Scott's requests for an injunction on that ground or make an attempt to refute his arguments that he meets the requirements for imposing an injunction. Newline's failure to object to the request for an injunction in a motion rather than an adversary proceeding could be construed as a waiver of the right to an adversary proceeding and Scott has alleged sufficient uncontested grounds to satisfy the requirements for an injunction.[7]  But there is no need to impose an injunction under § 105 when the stay can be

---

[7]Courts have held that the broad injunctive powers of § 105(a) authorize bankruptcy courts to reimpose the automatic stay. *Wedgewood Investment Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 700 (3rd Cir. 1989) (bankruptcy courts may use § 105 to reimpose the automatic stay after it lapses under section 362(e)); *Lattin v. Midland Mortg. Co. (In re Lattin)*, 461 B.R. 832, 833 (Bankr. D. Nev. 2011) (a bankruptcy court has the power under § 105 to stay creditor actions if the automatic stay has lapsed under § 362(c)(3)); *Nasco P.R., Inc. v. Chemical Bank (In re Nasco P.R., Inc.)*, 117 B.R. 35, 38 (Bankr. D.P.R. 1990) (bankruptcy court has power under section 105(a) to reimpose a stay that has lapsed under Section 362(e)); *see also In re Schroeder*, 356 B.R. 812, 813 (Bankr. M.D. Fla. 2006) (court used discretion to impose stay under 362(c)(4)(B) even though motion not filed within the requisite thirty day period).

"In order to obtain section 105(a) injunctive relief, the debtor, in accordance with Bankruptcy Rule 7065 and Fed. R. Civ. P. 65, has the burden of demonstrating to the court the following:  substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs harm to the nonmovant, and injunctive relief would not violate public interest." *Wedgewood Realty*, 878 F.2d at 700–01.  Scott has demonstrated that he satisfies each of these elements.

Scott shows a substantial likelihood of success on the merits to reimpose the stay.  He did not receive the notice of default required for relief from stay under the Agreed Order.  He cured the default soon after he received the August 10 Notice.  His case was filed in good faith.  He has no previous bankruptcy cases.  He is substantially current on plan payments that will pay Newline and general unsecured creditors 100% of their claims.

Scott also shows that he would suffer irreparable harm if the automatic stay were not reimposed.  The property is Scott's home where he has lived for the past seven years with his wife.  He is wheelchair-bound.  He does not have a mortgage on his home.  He relies upon social security disability income along with his wife's $40,000/year salary from Steak 'n Shake.  He lacks the disposable income to purchase another property outright or pay a mortgage.  It is unlikely that he could find a suitable home with wheelchair access within his budget.

The potential harm to Scott far outweighs any harm to Newline.  If the stay were

-11-

**STATEMENT**

reinstated by declaring that the August 10 Notice was ineffective to modify the stay. The request for a § 105 injunction is therefore denied as unnecessary.

IV.     Conclusion

For all the reasons stated above, Scott's motion to reinstate the automatic stay is granted. The August 10 Notice is void and did not cause a modification of the automatic stay under the Agreed Order. The stay therefore remains in effect as to Newline. The Agreed Order also remains in effect. Scott must continue to pay his post-petition property taxes in a timely manner.

Dated: November 22, 2021                              ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge

---

reimposed, the Trustee would resume regular payments to Newline on its proof of claim at 12% interest. If Newline is allowed to pursue the tax deed, Scott would lose his home worth approximately $101,000.00 because of a single late property tax payment. By remaining bound by the plan, Newline misses out on a windfall profit but it recoups its initial investment plus profit of 12% interest. Newline's argument that it incurs costs every time Scott pays the taxes late is contradicted by the fact that it charges Scott an attorney's fee for a notice of default.

Finally, reimposing the stay would not violate public interest. There is a strong public interest in homeowners remaining in their homes, particularly when a large amount of equity in the home (here, the full value of the home) will be lost. This is especially so in the case of an under-median income debtor who is disabled, owns his home unencumbered by a mortgage, and would have great difficulty finding alternative housing.

-12-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Kevin Scott, | ) | No.  19-04081 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

NOTICE OF APPEAL TO THE UNITED STATES DISTRICT COURT FROM A JUDGMENT
OR ORDER FROM THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS

NOTICE is hereby given that Newline Holdings LLC, in the above named case, hereby

appeals to the United States District Court from the Order Reinstating the Automatic Stay

entered on the docket on November 22, 2021 (Document Number 78) by the Honorable Carol A.

Doyle, Judge of the United States Bankruptcy Court for the Northern District of Illinois, Eastern

Division.

**Part 1: Identify the appellant(s):**

1. Name(s) of appellant(s): Newline Holdings LLC

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject
   of this appeal:

For appeals in an adversary proceeding.
      Plaintiff
      Defendant
      Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
      Debtor
      **X Creditor**
      Trustee

1

Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

   Docket Entry 78: Order Granting Motion to Reinstate Stay (Related Doc # <u>63</u>).
   Signed on 11/22/2021. (Miller, Marvin) (Entered: 11/22/2021); and

2. State the date on which the judgment, order, or decree was entered: <u>November 22, 2021</u>.

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

**Attorney for party, Newline Holdings LLC**
Paul M Bach
Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065
(847) 564 0808

**Attorney for party Debtor, Kevin Scott**
Angelica Harb
Hinds Law LLC
211 W Wacker Dr Suite 321
Chicago, IL 60606
800-695-7674

**Party, Chapter 13 Trustee, Thomas H. Hooper**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
312 294-5900

**Party, Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604
312-886-5785

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

X Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Respectfully Submitted

Newline Holdings LLC

By: /s/ Paul M. Bach

Paul M. Bach, one of his attorneys

Paul M. Bach
Bach Law Offices, Inc.
PO Box 1285
Northbrook, Illinois 60065
(847) 564-0808
Attorney No. 06209530

CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a copy of the NOTICE OF APPEAL, by ECF on November 24, 2021.

/s/Paul M. Bach

Paul M Bach
Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065

Thomas H. Hooper
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
312 294-5900

Angelica Harb
Hinds Law LLC
211 W Wacker Dr, Suite 321
Chicago, IL 60606

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | **Carol A. Doyle** | **Case No.** | 19 B 04081 |
|---|---|---|---|
| **DATE** | November 22, 2021 | **ADVERSARY NO.** | |
| **CASE TITLE** | In re: Kevin Scott | | |

### DOCKET ENTRY TEXT

The debtor's motion to reinstate the automatic stay is granted.

**[For further details see text below.]**

### STATEMENT

Debtor Kevin Scott filed a motion in his chapter 13 case to reinstate the automatic stay against creditor Newline Holdings LLC, a tax purchaser. The parties entered into an Agreed Order early in the case that provides that Newline can obtain relief from the automatic stay if Scott fails to pay post-petition property taxes under certain conditions. Scott failed to pay his first installment of 2020 taxes that were due in March 2021 on time. He received a notice from Newline declaring the stay modified under the Agreed Order. He paid the taxes in full soon after he received that notice. Scott then filed the motion to vacate that notice so the stay is reinstated. Scott's motion is granted. Newline's notice of termination of the stay is invalid because Scott did not receive notice of the default and an opportunity to cure it.

**STATEMENT**

I.    Background

In June 2016, Newline Holdings LLC purchased the 2014 taxes on Scott's residence for $2,254. Over the next two years, Newline purchased the taxes on the property for a total of $20,601. Scott filed this chapter 13 bankruptcy case in February 2019. Newline objected to the confirmation of Scott's plan. It argued that the plan did not provide sufficiently for its claim or for the payment of post-petition taxes. The parties submitted a draft agreed order to the court to resolve their dispute. The Agreed Order required Scott to timely pay his real estate taxes to Cook County. If he does not, Newline may mail a notice of the default to Scott and his lawyer that gives Scott 14 days to pay the taxes to the County and $100 to Newline's counsel as reimbursement for an attorney's fee. If the taxes are not paid within 14 days, Newline may file with the court a notice stating that the stay is modified to allow Newline to exercise its rights against the property. The Agreed Order was entered in June 2019.

Scott failed to pay the first installment of his 2020 property taxes when they were due in March 2021. Newline mailed a notice of the default to Scott at his home and to his lawyer on July 20, 2021. On August 10, 2021, when the default was not cured, Newline filed a notice that the stay was modified under the terms of the Agreed Order. Scott paid the taxes on August 18, 2021. On August 23, 2021, Scott filed the motion to reinstate the stay that is before the court.

Scott's motion states that he paid the taxes due on August 18, 2021. He is current with his plan payments to the trustee, who is paying Newline's claim for the pre-petition sold taxes. He asks the court to reinstate the automatic stay but leave the Agreed Order in effect. Scott failed to cite any legal basis for granting the motion.

Newline filed a response to the motion stating that it complied with the terms of the Agreed Order. It mailed a notice of the failure to pay the taxes to Scott and his lawyer on July 20, 2021 ("July 20 Notice"). The notice stated that unless the past due real estate taxes and $100.00 in attorney's fees were paid within 14 days of the date of the notice, the automatic stay would be modified. Scott did not pay the taxes within the fourteen days. On August 10, 2021, Newline filed with the court a document entitled Notice of Modification of the Automatic Stay Due to Debtor's Failure to Comply with Court Order ("August 10 Notice"). It stated that the stay is modified without further court order in accordance with the terms of the Agreed Order. Newline therefore contends that it complied with the Agreed Order and was entitled to modify the stay through the August 10 Notice. Newline also pointed out in its response to the motion that Scott failed to state any legal basis for vacating the August 10 Notice and reimposing the stay. Newline argued that Scott does not meet the requirements of Rule 9023 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 59 of the Federal Rules of Civil

## STATEMENT

Procedure.  The court held a hearing on the motion on August 31, 2021 and gave Scott time to file a reply to provide a legal basis for granting the motion and to address the issues raised in Newline's response.

Scott filed a reply raising for the first time the legal bases for the motion:  Rule 9024 of the Federal Rules of Bankruptcy Procedure and § 105 of the Bankruptcy Code.  He also alleged new facts, including that neither Scott nor his lawyer received the July 20 Notice.  Scott states that the first notice that both he and his lawyer received from Newline was the August 10 Notice.  He received that notice on August 13, 2021 and immediately contacted his lawyer.  He paid the taxes in full five days later on August 18.  Scott contends that he was deprived of his right under the Agreed Order to notice and an opportunity to cure the default before the stay can be lifted.  He notes that he paid overdue taxes in the past within the 14 days after receiving a notice of default from Newline.  He also states that there is no mortgage on the property, which is worth approximately $101,000.  Scott is disabled.  One leg has been amputated and he cannot walk on the other leg so he is wheelchair-bound.  He relies on Social Security disability payments and his wife's wages of $40,000 from Steak 'n Shake for income.  He believes he will be unable to purchase another home because of his limited income and it will be difficult to rent a home in his price range that has wheelchair access.  The trustee has paid Newline approximately half of its claim for the sold taxes from Scott's plan payments so far.  The unpaid amount of Newline's claim is approximately $16,000.  Scott contends that allowing the stay to be modified so Newline can obtain a tax deed to the property provides a huge and unfair windfall to Newline.  It will receive property worth over six times the amount owed to Newline when it suffered no harm from his late payment of the taxes.  Scott therefore asks the court to vacate the August 10 Notice under Rule 9024 or to reimpose the automatic stay through an injunction issued under § 105 of the Bankruptcy Code.

The court held another hearing on the motion on October 19, 2021 and gave Newline time to file a sur-reply because Scott raised new factual and legal arguments in his reply.  Newline raised a number of new arguments in its sur-reply, including:  (1) the settlement agreement embodied in the Agreed Order meets the criteria under Rule 9019 of the Federal Rules of Bankruptcy Procedure, (2)  the "mailbox rule" applies so the lack of actual notice does not matter, and (3) the equities favor Newline.  Newline did not challenge in any way the facts alleged by Scott in his reply, nor did Newline ask for time to take discovery on those facts or for an evidentiary hearing on those facts.  The facts alleged by Scott in his motion and reply are therefore uncontested.

II.    Standard

Scott has requested relief from the August 10 Notice of modification of the stay under Rule 9024 of the Federal Rules of Bankruptcy Procedure.  Newline apparently agrees that the August 10 Notice should be treated as an order because it contends that Rule 9023 of the Federal

---

## STATEMENT

Rules of Bankruptcy Procedure applies to it and that Scott does not meet the standard of that rule.

Rule 9024 of the Federal Rules of Bankruptcy Procedure applies Rule 60 of the Federal Rules of Civil Procedure to bankruptcy cases except in circumstances that do not apply here. Rule 60(b)(6) provides that a court may relieve a party from an order for any reason that justifies relief. Rule 9023 of the Federal Rules of Bankruptcy Procedure applies Rule 59 of the Federal Rules of Civil Procedure to bankruptcy cases except that the time limit for filing a motion is shortened to 14 days.

A.    August 10 Notice Is Not a "Judgment"

Both parties argue that the two rules under which judgments can be modified or vacated apply to Scott's motion. But neither party is asking the court to vacate the Agreed Order. Orders entered on motions in bankruptcy court are considered "judgments" for purposes of Rules 9023 and 9024. Fed. R. Bankr. P. 7054, Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 9001(7) ("'judgment' means any appealable order"). Here the only order entered by the court is the Agreed Order. The August 10 Notice is not technically an order. Also, the Agreed Order contains conditions for lifting the stay in the future but makes no determinations of law or fact to which the standard for "manifest error of law or fact" would directly apply. The issue presented to the court, therefore, does not appear to be governed by Rules 59 or 60. Instead, the court should simply interpret the Agreed Order to determine whether the requirements for filing an effective notice of stay modification have been met. The answer is no.

The Agreed Order states that if the Cook County website shows that an installment of real estate taxes has not been paid 15 days after it is due, and if the debtor "fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney," then the stay "shall be automatically terminated" as to Newline "upon the filing of notice of same with the clerk of court." Agreed Order, June 4, 2019, Docket No. 37. Though the wording is a bit convoluted, it provides that Newline may obtain a modification of the automatic stay by filing a notice with the court but only if (1) the debtor is more than 15 days late in paying his taxes, (2) Newline mails him and his lawyer a notice telling him of the default and the imminent stay lift, and (3) Scott fails to pay the taxes (plus $100 in attorneys' fees) within 14 days of the mailing of the notice.

The obvious purpose of the requirement that Newline mail a notice of default to Scott and his lawyer is to warn Scott that a stay modification is imminent and to give him a chance to make the overdue payment to stop the modification. Newline does not contest that neither Scott nor his lawyer received the July 20 Notice. Scott does not contest Newline's counsel's assertion that she mailed the notices of default. Both Scott and his lawyer received the August 10 Notice that the stay was modified. Scott contacted his lawyer the day he received the August 10 Notice and he paid the taxes to the county five days later.

-4-

## STATEMENT

In these circumstances, the uncontested lack of actual notice to Scott and his lawyer deprived him of an important right under the Agreed Order - an opportunity to cure the default before the stay was modified. When Scott received his first notice of the default through the August 10 Notice of stay modification, he cured the default within five days, well before the 14 day cure period provided by the Agreed Order. He should not be deprived of the protection of the automatic stay when he did not receive the required notice and opportunity to cure. This court will never enter an agreed order providing for a stay lift upon notice by a creditor unless the debtor is given notice of the imminent stay lift and at least 14 days to cure it before the stay is terminated.[1] To permit the stay lift notice to be effective in the circumstances of this case would cause a gross injustice. Newline would be able to get a tax deed to Scott's property that is worth over 6 times more than the debt Scott currently owes to Newline even though Scott promptly cured the default when he received notice from Newline. Scott's disability would make the injustice even more severe.

Newline's windfall is ever more unjustified because it suffered no harm as a result of Scott's failure to pay the taxes due in March 2021. If the Agreed Order had not been entered and Newline had filed a motion to lift stay based on Scott's failure to pay the tax installment due in March 2021, the court would not have granted the motion because Newline could not establish any prejudice from that failure. If such a motion had been filed, the court would either have denied it or granted Scott a significant opportunity to pay the taxes and would have lifted the stay only if at some time in the future Newline could demonstrate some actual prejudice it would suffer from the failure to pay.

Newline failed to explain how it was prejudiced by Scott's failure to pay the taxes on time so it concedes the point. This is not surprising in light of the policies announced by the Cook County Treasurer's Office. The Treasurer's website states that tax sales are typically held annually approximately 13 months after a tax payment is due. Because of the Covid-19 pandemic, however, the Treasurer sold no taxes for over two years. https://cookcountytreasurer.com/newsarticle.aspx?articleid=1495. It held its first tax sale in over two years on November 5, 2021, and the taxes sold at that sale were from 2018. *Id.* There have been no sales of 2019 or 2020 taxes and no sales of those taxes are even scheduled. Newline

---

[1]In past years, 14 days notice by U.S. mail was sufficient to give debtors plenty of time to cure a default before the stay was lifted. In the past two years, however, this has changed. The U.S. Post Office has become notorious for failing to deliver mail in a timely fashion or at all. As a result, this court will no longer enter agreed orders that permit termination of the stay by a creditor filing a notice with the court unless a notice of the default granting an opportunity to cure is filed with the court with a certificate of service upon the debtor and the debtor's lawyer. This ensures that at least the debtor's lawyer will receive notice of any default through the court's CM/ECF system if the U.S. mail fails to deliver in a timely manner.

---

**STATEMENT**

---

states that it is a frequent purchaser of taxes in Cook County and around the nation so it undoubtedly is fully aware that tax sales were halted over 2 years ago and it was in no danger that the taxes not paid by Scott would be sold. Newline also failed to explain how it would be prejudiced if a sale was in fact imminent. It merely states that if the taxes were sold to another party at some unidentified time in the future, it "could lose its interest in the property to another." It provides no explanation or support for this assertion. Unsupported arguments are waived. *Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783 (7th Cir. 2014); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991).

This court, in interpreting its own order, finds that the August 10 Notice was the first notice to Scott and his lawyer of the default. Scott was entitled to 14 days from the August 10 Notice to cure the default by paying the taxes to the county. He cured the default eight days after August 10. Newline therefore is not entitled to modification of the stay. The August 10 Notice is void and did not effect a modification of the stay.[2]

B.    Rule 60

Both parties assumed that Rule 9024 (or Rule 9023) applies to the court's determination of whether the August 10 Notice should be vacated. The automatic stay was not modified under the Agreed Order until Newline filed the August 10 Notice. If the court treats the August 10 Notice as having the effect of an order modifying the stay, the court would grant relief from that "order" under Rule 9024.

Rule 9024 of the Federal Rules of Bankruptcy Procedure applies Rule 60 of the Federal Rules of Civil Procedure to bankruptcy cases. Rule 60(b)(6) provides that a court may relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) provides courts with the authority to vacate judgments when it is appropriate to accomplish justice. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988). This provision in Rule 60(b) is properly invoked when there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship on the movant. *ISC Holding AG v. Nobel Biocare Finance AG*, 688

---

[2]Newline has not challenged this court's authority to declare that the August 10 Notice did not terminate the automatic stay. The court notes that it may make this declaration under § 105 of the Bankruptcy Code, 11 U.S.C. § 105, which permits the court to issue any order that is necessary or appropriate to carry out the provision of Title 11. The court may declare that the attempted modification of the stay through the August 10 Notice is invalid. Though Rule 7001(9) requires a party seeking a declaratory judgment to file an adversary proceeding if it relates to any of the issues identified in Rule 70001, this motion does not relate to any of those issues. Fed. R. Bankr. P. 7001. The court is merely interpreting its order and determining whether Newline's stay termination notification was valid under it.

## STATEMENT

F.3d 98, 109 (2d Cir. 2012); *A.B.S. v. Board of Police Commissioners*, 12-cv-202, 2019 WL
3803447, at *3 (E.D. Mo. Aug 12, 2019); *In re Wise*, 18-bk-753, 2019 WL 1282786, at *2
(Bankr. D. Colo. Mar.15, 2019); *Phoenix Bond & Indem. Co. v. MCM Enterprises, Inc.*, 319 B.R.
157, 162 (S.D. Ind. 2005); *Schmitt v. American Family Mut. Ins. Co.*, 187 F.R.D. 568, 571 (S.D.
Ind.1999).

     For the reasons explained above, leaving the August 10 Notice in effect would cause an
extreme and undue hardship to Scott and relieving Scott of the impact of the August 10 Notice
would accomplish justice. Scott was deprived of the chance to cure the default and he did in fact
cure the default soon after he received the August 10 Notice.

     On the other hand, as explained above, the only harm to Newline from vacating the
August 10 Notice is that it will not receive a windfall in circumstances that would not justify a
modification of the stay. Newline has failed to establish any prejudice to it from Scott's mere
late payment of taxes. The requirements of Rule 60(b) for vacating the August 10 Notice are
therefore met if the notice is considered an order to which Rule 60(b) applies.[3]

     Tax purchasers like Newline are engaged in a business authorized by Illinois law. It
permits tax purchasers like Newline to obtain windfalls - even massive ones - from the sale of
unpaid real estate taxes.[4] But the Bankruptcy Code permits a homeowner to prevent a windfall

---

    [3]Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure, would
also potentially apply if the August 10 Notice is treated as an order. Newline argued in its initial
response that Rule 9023 applies to the August 10 Notice. The result would be the same under
Rule 59.

    Rule 9023 provides that Rule 59 applies to a bankruptcy judgment if the motion is
brought no later than 14 days after entry of the judgment. Scott filed this motion 13 days after
the August 10 notice so within that time limit. "A motion for reconsideration under Rule 59(e) is
appropriate where the moving party can "clearly establish" that "there has been a manifest error
of law or fact." *PrimeSource Building Products, Inc. v. Felten*, 16-cv-11468, 2018 WL
10425921, at *2 (N.D. Ill. Mar. 8, 2018) (citing *Harrington v. City of Chi.*, 433 F.3d 542, 546
(7th Cir. 2006)). Here, there is a manifest error because the stay was modified even though Scott
was deprived of a crucial right under the Agreed Order - notice and a chance to cure the default.
Newline is not entitled to a stay modification unless Scott had that opportunity. The August 10
Notice is based on the erroneous assumption that Scott had that opportunity. He did not.

    [4]Newline states that it reached the Agreed Order with Scott that would "allow the Debtor
to treat the property through the Debtor's Chapter 13 Plan," suggesting that the Scott could not
do this without Newline's agreement. This is not correct. The Seventh Circuit has explained

## STATEMENT

to a tax purchaser by paying the amount of the sold taxes (plus interest) over the course of the plan.[5] Here, Scott has been doing just that. He is also required to pay his post-petition taxes. But Newline is not entitled to take the property worth over six times as much as Scott owes to Newline merely because Scott did not pay his post-petition taxes on time when he was denied the 14-day opportunity to cure his default provided by the Agreed Order.

  C. <u>Newline's Other Arguments</u>:

  Newline makes a number of other arguments against the court's conclusion, including that the "mailbox rule" applies to make it irrelevant whether Scott or his lawyer ever actually received the July 20 Notice and that Rule 9019 somehow applies. Its arguments are not persuasive.

  1. <u>"Mailbox Rule"</u>

  Newline argues that the August 10 Notice is effective regardless of whether Scott or his lawyer received the July 20 Notice in time to permit Scott to cure the default. It invokes what

---

that debtors can treat tax purchasers' claims in chapter 13 plans. *In re LaMont*, 740 F.3d 397 (7th Cir. 2014). No permission or agreement from a tax purchaser is needed. In fact, as explained in *LaMont*, the debtor owes money to the county, not the tax purchaser directly. 740 F.3d at 406-07. Debtors sometimes choose to pay tax purchasers directly even though they could pay the tax claim to the county instead. The court would have confirmed Scott's plan if it paid the amount of sold taxes with appropriate interest either to the County or to Newline directly, whether Newline agreed or not. So Newline had no right to direct payment from Scott at all and no right to demand any specific terms other than the repayment to the County or it of the amount of taxes sold (plus interest). And the court would not have granted a stay modification to Newline during the chapter 13 case merely because Scott was late in paying his post-petition property taxes. So Newline had no real "leverage" over Scott that would justify entering into the Agreed Order to get his plan confirmed. Scott chose to enter into the Agreed Order, however, so this dispute is now before the court.

  [5]In fact, the transfer of property through a tax sale can be avoided as a fraudulent transfer under § 548 of the Bankruptcy Code, 11 U.S.C. § 548, because of the gross disparity between the amount the tax purchaser pays and the value of the property it receives. *Smith v. SIPI, LLC* (*In re Smith*), 811 F.3d 228, 238-40 (7th Cir. 2016) ("we apply to Illinois tax sales the same factors used to determine reasonably equivalent value in other § 548 cases").

## STATEMENT

has been called the "mailbox rule." This "rule" does not apply to the Agreed Order and would not work in Newline's favor in any event.

"When a legal document is accompanied by a certificate of service, proof of service, certificate of mailing, or similar statement attesting under penalty of perjury, that the document has been deposited into the United States mail, that attestation creates an evidentiary presumption that the document was delivered to the addressee. Known as the 'mailbox rule,' a proof of timely and proper mailing creates a rebuttable presumption that the mailed document was received by the addressee." *In re Rose*, 564 B.R. 728, 731 (Bankr. D. Nev. 2017); *see Longardner & Associates, Inc.*, 855 F.2d 455 (7th Cir. 1988).

Courts have applied this rule to court filings and notices required for court proceedings. The only case cited by Newline in support of the mailbox rule is *Longardner & Associates, Inc.*, 855 F.2d 455 (7th Cir. 1988). In *Longardner*, the Seventh Circuit applied the rule to a notice of confirmation hearing mailed by the clerk's office to all parties in a bankruptcy case. Newline has cited no authority for applying the rule to deprive a party to an agreed order of the right to notice to cure a default or any situation even remotely similar to this case. Also, the rule only applies when a legal document is "accompanied" by a certificate of service, proof of service, certificate of mailing or similar statement of its mailing under penalty of perjury. *In re Rose*, 564 B.R. at 731. Here, no such certification "accompanied" the notice or has ever been produced. The rule does not apply to the Agreed Order.

But even if the mailbox rule is applied in this case, it does not help Newline. The rule creates only a rebuttable presumption that the intended recipient received the item mailed. Here, it is uncontested that neither of the intended recipients - Scott and his lawyer - received the July 20 Notice. Scott has therefore rebutted any presumption of delivery created by the rule in any event.

2. <u>Rule 9019</u>

Newline also discusses Rule 9019 of the Federal Rules of Bankruptcy Procedure in its sur-reply. It refers to the standard that courts apply when determining whether to approve a settlement between a trustee and another party. Newline never explains why this rule is relevant. Rule 9019 merely provides that, upon a motion by a trustee and after notice and a hearing, the court may approve a settlement if proper notice is given. The rule applies only to settlements entered into by a trustee, not a chapter 13 debtor, and it does not provide any particular standard to apply. *In re Revels*, 616 B.R. 675, 682 (Bankr. E.D.N.C. 2020) ("[A] chapter 13 debtor is not required to file a motion to approve settlement or compromise under Rule 9019 . . . ."). Instead, Rule 9019 creates a procedural vehicle for trustees to obtain approval of settlements that are outside the ordinary course of business under 11 U.S.C. § 363(b). Section 363(b) provides the

---

## STATEMENT

standard for approval of settlements.  Neither Rule 9019 nor § 363(b) apply to chapter 13 debtors.  The process under Rule 9019 and the standard under § 363(b) have no relevance here.

Neither party presented a motion to approve the Agreed Order as a settlement under Rule 9019.  Instead, in light of the large number of chapter 13 cases over which this court presides (often several thousand at any given time), the court gives minimal scrutiny to agreed orders.  They are reviewed primarily to ensure that debtors must be given notice of a default and an opportunity to cure before a notice of stay modification can be effective.  That is the only reason the Agreed Order was entered.  If the court had more carefully considered its terms before entering it, it would have refused to enter the order because the circumstances that trigger a modification of the stay under it are not sufficient to establish cause to modify the stay.[6]

### 3.    Other Arguments

Newline makes a few additional arguments that are not persuasive.  First, it contends that "default orders are strictly construed" against the debtor in this district.  This is not correct.  Newline cites no authority for this contention, which is not surprising.  There is no legal basis for "strictly construing" default orders against debtors.  Instead, the more appropriate principle would be to construe the Agreed Order against the drafter.  Newline obviously drafted the Agreed Order to favor it as much as possible and still get it entered by the court.  It will not be strictly construed against Scott.

Newline also states that it should not have to "babysit" the debtor.  This is a particularly inapt metaphor.  Newline's counsel is monitoring Scott's tax payments in the hope that he will fail to pay them and Newline will get the windfall of his property free and clear of any liens.  While that is a perfectly legitimate endeavor, it does not create an "equity" that weighs in favor of permitting the windfall.

### III.    Reimposing the Automatic Stay

Scott could get to the same result if the court reimposed the automatic stay through an injunction issued under 11 U.S.C. § 105.  He requested an injunction in his reply and stated why he meets the requirements for an injunction.  Although Rule 7001 requires an adversary

---

[6]The court will no longer enter any "default" orders unless they require that a notice of a default be filed with the court with a certificate of service on the debtor and debtor's counsel AND the circumstances that trigger a modification of the stay under the order would justify a stay modification under the standards applied to motions to modify the stay presented to the court.  The Agreed Order would now be rejected for failure to satisfy either requirement.

-10-

---

## STATEMENT

---

proceeding to obtain an injunction, Newline did not object to Scott's requests for an injunction
on that ground or make an attempt to refute his arguments that he meets the requirements for
imposing an injunction.  Newline's failure to object to the request for an injunction in a motion
rather than an adversary proceeding could be construed as a waiver of the right to an adversary
proceeding and Scott has alleged sufficient uncontested grounds to satisfy the requirements for
an injunction.[7]  But there is no need to impose an injunction under § 105 when the stay can be

---

[7]Courts have held that the broad injunctive powers of § 105(a) authorize bankruptcy
courts to reimpose the automatic stay.  *Wedgewood Investment Fund, Ltd. v. Wedgewood Realty
Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 700 (3rd Cir. 1989)
(bankruptcy courts may use § 105 to reimpose the automatic stay after it lapses under section
362(e)); *Lattin v. Midland Mortg. Co. (In re Lattin)*, 461 B.R. 832, 833 (Bankr. D. Nev. 2011) (a
bankruptcy court has the power under § 105 to stay creditor actions if the automatic stay has
lapsed under § 362(c)(3)); *Nasco P.R., Inc. v. Chemical Bank (In re Nasco P.R., Inc.)*, 117 B.R.
35, 38 (Bankr. D.P.R. 1990) (bankruptcy court has power under section 105(a) to reimpose a stay
that has lapsed under Section 362(e)); *see also In re Schroeder*, 356 B.R. 812, 813 (Bankr. M.D.
Fla. 2006) (court used discretion to impose stay under 362(c)(4)(B) even though motion not filed
within the requisite thirty day period).

"In order to obtain section 105(a) injunctive relief, the debtor, in accordance with
Bankruptcy Rule 7065 and Fed. R. Civ. P. 65, has the burden of demonstrating to the court the
following:  substantial likelihood of success on the merits, irreparable harm to the movant, harm
to the movant outweighs harm to the nonmovant, and injunctive relief would not violate public
interest." *Wedgewood Realty*, 878 F.2d at 700–01.  Scott has demonstrated that he satisfies each
of these elements.

Scott shows a substantial likelihood of success on the merits to reimpose the
stay.  He did not receive the notice of default required for relief from stay under the
Agreed Order.  He cured the default soon after he received the August 10 Notice.  His case was
filed in good faith.  He has no previous bankruptcy cases.  He is substantially current on plan
payments that will pay Newline and general unsecured creditors 100% of their claims.

Scott also shows that he would suffer irreparable harm if the automatic stay were not
reimposed.  The property is Scott's home where he has lived for the past seven years with
his wife.  He is wheelchair-bound.  He does not have a mortgage on his home.  He relies upon
social security disability income along with his wife's $40,000/year salary from Steak 'n Shake.
He lacks the disposable income to purchase another property outright or pay a mortgage.  It is
unlikely that he could find a suitable home with wheelchair access within his budget.

The potential harm to Scott far outweighs any harm to Newline.  If the stay were

**STATEMENT**

reinstated by declaring that the August 10 Notice was ineffective to modify the stay. The request for a § 105 injunction is therefore denied as unnecessary.

IV.    <u>Conclusion</u>

      For all the reasons stated above, Scott's motion to reinstate the automatic stay is granted. The August 10 Notice is void and did not cause a modification of the automatic stay under the Agreed Order. The stay therefore remains in effect as to Newline. The Agreed Order also remains in effect. Scott must continue to pay his post-petition property taxes in a timely manner.

Dated: November 22, 2021

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge

---

reimposed, the Trustee would resume regular payments to Newline on its proof of claim at 12% interest. If Newline is allowed to pursue the tax deed, Scott would lose his home worth approximately $101,000.00 because of a single late property tax payment. By remaining bound by the plan, Newline misses out on a windfall profit but it recoups its initial investment plus profit of 12% interest. Newline's argument that it incurs costs every time Scott pays the taxes late is contradicted by the fact that it charges Scott an attorney's fee for a notice of default.

      Finally, reimposing the stay would not violate public interest. There is a strong public interest in homeowners remaining in their homes, particularly when a large amount of equity in the home (here, the full value of the home) will be lost. This is especially so in the case of an under-median income debtor who is disabled, owns his home unencumbered by a mortgage, and would have great difficulty finding alternative housing.

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

Newline Holdings LLC

**DEFENDANTS**

Kevin Scott

**(b)** County of Residence of First Listed Plaintiff  Cook
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant  Cook
(In U.S. plaintiff cases only)
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Paul M. Bach, Bach Law Offices, Inc., P.O. Box 1285, Northbrook, Illinois 60065 847 564 0808

Attorneys *(If Known)*

Angelica HarbHinds Law LLC, 211 W Wacker Dr Suite 321, Chicago, IL 60606 800-695-7674

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government not a party.)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 530 General | | | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | ☐ 530 General | ☐ 720 Labor/Management Relations | |
| | ☐ 320 Assault, Libel & Slander | Personal Injury | ☐ 535 Death Penalty | | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 330 Federal Employers' | Product Liability | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 368 Asbestos Personal | ☐ 540 Mandamus & Other | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | Injury Product Liability | ☐ 550 Civil Rights | ☐ 751 Family and Medical Leave Act | ☐ 450 Commerce |
| | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | | ☐ 560 Civil Detainee - | ☐ 790 Other Labor Litigation | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans) | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | Conditions of Confinement | ☐ 791 Employee Retirement Income Security Act | |
| | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 362 Personal Injury - Medical Malpractice | ☐ 371 Truth in Lending | | **PROPERTY RIGHTS** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | | ☐ 380 Other Personal | | ☐ 820 Copyright | |
| ☐ 190 Other Contract | | Property Damage | | ☐ 830 Patent | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 840 Trademark | ☐ 890 Other Statutory Actions |
| | | | | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☒ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | | | ☐ 864 SSID Title XVI | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities- Employment | **IMMIGRATION** | | ☐ 865 RSI (405(g)) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 462 Naturalization Application | | **FEDERAL TAXES** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition) | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Check one box, only.)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

28 USC 158

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

☐ Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $

**CHECK Yes only if demanded in complaint:**
Jury Demand: ☐ Yes  ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions)*:

Judge                    Case Number

## X. Is this a previously dismissed or remanded case? ☐ Yes ☐ No  If yes, Case #               Name of Judge

Date: 11/24/2021

Signature of Attorney of Record /s/Paul M. Bach

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority for Civil Cover Sheet

The ILND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.